**Exhibit B**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DICKEY'S BARBECUE RESTAURANTS, INC., ROLAND DICKEY, JR., JEFFREY GRUBER, and DEBORAH LONGWORTH, | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | Case No.: |
| AMERICAN ARBITRATION ASSOCIATION, INC., GARY LEYDIG, and G SIX CONSULTING, LLC, | ) | |
| *Defendants.* | ) | |

## INDEX OF COURT DOCUMENTS

| **Date Filed** | **Document Name** |
|---|---|
| March 27, 2025 | Plaintiff's Original Petition |
| April 1, 2025 | G Six Consulting, LLC Letter Re Emergency Hearing |

## Case Information

DC-25-04677 | DICKEY'S BARBECUE RESTAURANTS, INC., et al vs. AMERICAN ARBITRATION ASSOCIATION, INC.,, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-25-04677 | 162nd District Court | PHIPPS, KIM |
| File Date | Case Type | Case Status |
| 03/27/2025 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
DICKEY'S BARBECUE RESTAURANTS, INC.

Active Attorneys
Lead Attorney
NIX, MARY GOODRICH
Retained

PLAINTIFF
DICKEY, ROLAND, Jr

Active Attorneys
Lead Attorney
NIX, MARY GOODRICH
Retained

PLAINTIFF
GRUBER, JEFFREY

Active Attorneys
Lead Attorney
NIX, MARY GOODRICH
Retained

PLAINTIFF
LONGWORTH, DEBORAH

Active Attorneys
Lead Attorney

NIX, MARY GOODRICH
Retained

DEFENDANT
AMERICAN ARBITRATION ASSOCIATION, INC.,

DEFENDANT
G SIX CONSULTING, LLC

DEFENDANT
LEYDIG, GARY

Active Attorneys
Lead Attorney
NIX, MARY GOODRICH
Retained

## Events and Hearings

03/27/2025 NEW CASE FILED (OCA) - CIVIL

03/27/2025 ORIGINAL PETITION

PLAINTIFFS ORIGINAL PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER

Comment
PLAINTIFFS ORIGINAL PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER

03/27/2025 ISSUE CITATION

03/27/2025 JURY DEMAND

## Financial

DICKEY'S BARBECUE RESTAURANTS, INC.

| | |
|---|---|
| Total Financial Assessment | $384.00 |
| Total Payments and Credits | $384.00 |

| | | | | |
|---|---|---|---|---|
| 3/28/2025 | Transaction Assessment | | | $384.00 |
| 3/28/2025 | CREDIT CARD - TEXFILE (DC) | Receipt # 21430-2025-DCLK | DICKEY'S BARBECUE RESTAURANTS, INC. | ($247.00) |
| 3/28/2025 | STATE CREDIT | | | ($137.00) |

## Documents

PLAINTIFFS ORIGINAL PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER

FILED
3/27/2025 4:40 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

3 CIT ESERVE
JURY DEMAND

DC-25-04677
**CAUSE NO __________**

| | | |
|---|---|---|
| **DICKEY'S BARBECUE RESTAURANTS, INC., ROLAND DICKEY, JR., JEFFREY GRUBER, and DEBORAH LONGWORTH,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | 162nd |
| **v.** | § | **__ JUDICIAL DISTRICT COURT** |
| **AMERICAN ARBITRATION ASSOCIATION, INC., GARY LEYDIG, and G SIX CONSULTING LLC,** | § | |
| *Defendants.* | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE COURT:

Plaintiffs Dickey's Barbecue Restaurants, Inc. ("DBRI"), Roland Dickey Jr. ("Dickey"), Jeffrey Gruber ("Gruber"), and Deborah Longworth ("Longworth") (Dickey, Gruber, and Longworth are referred to herein as the "Individual Plaintiffs" or "Non-Parties") (DBRI and the Individual Plaintiffs are referred to herein collectively as the "Plaintiffs") bring this lawsuit against the American Arbitration Association, Inc. ("AAA"), Gary Leydig ("Leydig"), and G Six Consulting LLC ("G Six") (collectively, "Defendants") and, in support, respectfully show the Court as follows:

## I. INTRODUCTION

DBRI and G Six are engaged in an Arbitration Proceeding administered by the AAA, and presided over by Gary Leydig, the arbitrator. The Arbitration Proceeding is scheduled for a final hearing in Dallas, Texas starting on April 28, 2025. Dickey, Gruber, and Longworth are not parties to the arbitration or parties to the arbitration agreement.

In flagrant and stated disregard for the FAA, AAA Rules, federal and Texas law, and all notions of equity and due process, Leydig has issued death-penalty sanctions against DBRI because the Individual Plaintiffs refused to waive their rights and submit to the jurisdiction of the AAA.

DBRI has offered, on multiple occasions, to provide a deposition of a corporate representative of DBRI. But the arbitrator and G Six refused the offer and instead insisted that the Individual Plaintiffs submit to pre-hearing depositions and even ordered them to fly to Florida for depositions. Mr. Leydig said that if DBRI would not force the Individual Plaintiffs to submit to the AAA's jurisdiction, then DBRI would be punished. And he acted on that threat last night.

Mr. Leydig issued overbroad and punitive sanctions which include but are not limited to excluding DBRI from presenting ***any*** witness testimony, excluding DBRI from presenting ***any*** documentary evidence, excluding DBRI from cross-examining ***any*** of G Six's witnesses, excluding DBRI from presenting ***any*** expert witness, and excluding DBRI from presenting ***any*** defense against G Six's claims. This order also explicitly

dismisses all of DBRI's counterclaims against G Six. The sanctions preclude DBRI from making **any arguments against or based on the facts G Six may present**. The arbitrator has no power to order any such sanctions since that power was not provided to him in the arbitration agreement. Moreover, his order is effectively a default judgment on all claims and counterclaims which is a violation of law and AAA rules.

There is no dispute between the parties regarding document discovery or any other issue. The only dispute is whether the Individual Plaintiffs are subject to the arbitrator's deposition subpoenas and orders issued in the arbitration; and whether the arbitrator and the AAA can severely punish DBRI for non-parties' decisions not to waive their due process rights.

Mr. Leydig has explicitly stated that he refused to consider case law presented by DBRI, has ruled that he "***do[es] not consider himself bound by the procedural rules—including those controlling discovery procedure—of the federal courts, Texas or any other judicial jurisdiction.***" He also refuses to consider the AAA's discovery rules and the arbitration agreement between DBRI and G Six in conducting the arbitration. And he has made advance rulings on many legal and factual issues before considering DBRI's position.

The Arbitration Proceeding must be immediately enjoined due to the AAA and Mr. Leydig's flagrant abuse of power and process. Further, the statements and actions by Mr. Leydig and G Six's counsel toward DBRI and its counsel are the type of incivility

which has long been forbidden in federal and state courts in Texas. The AAA has and is allowing this outrageous conduct to proceed unchecked.

DBRI has made multiple attempts to resolve these issues with Mr. Leydig and with the AAA but the only result has been retaliatory actions taken by Mr. Leydig against DBRI and its counsel – the most recent being the death penalty sanctions order issued late yesterday (March 26, 2025) – conduct which has been condoned by the AAA.

To put it succinctly, the arbitrator is out of control and the AAA is condoning his behavior. As such, Plaintiffs have no recourse but to seek the intervention of this Court.

The Plaintiffs ask the Court to grant a TRO and temporary and permanent injunction enjoining the prehearing deposition subpoenas served upon the Individual Defendants, enjoining the arbitrator from enforcing the sanctions order, and enjoining the AAA from moving forward on the final hearing at this time. DBRI also seeks to have the Court oversee the arbitration proceedings going forward.

## II. DISCOVERY CONTROL PLAN

Discovery in this case shall be conducted under Level 3 of the Texas Rule of Civil Procedure 190.

## III. CLAIM FOR RELIEF

Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs currently seek monetary relief of $250,000.00 or less and non-monetary relief. Plaintiffs reserve the right to amend and/or supplement its pleading.

## IV. PARTIES

1. Dickey's Barbecue Restaurants, Inc. ("DBRI") is a corporation organized under the laws of Texas, with its principal place of business in Dallas, Texas.

2. Roland Dickey Jr. ("Dickey") is an individual residing in Dallas, Texas.

3. Jeffrey Gruber ("Gruber") is an individual residing in Dallas, Texas.

4. Deborah Longworth ("Longworth") is an individual residing in Dallas, Texas.

5. Defendant American Arbitration Association, Inc. ("AAA") is a corporation with its headquarters in New York, and which does business in Texas. The AAA may be served through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Defendant Gary Leydig is an individual residing in Illinois. He may be served at 100 East Cossitt Avenue, Suite 300, La Grange, Illinois, 60525.

7. Defendant G Six Consulting, LLC ("G Six") is an Illinois limited liability company with its principal place of business in Chicago, Illinois. G Six is owned by Demetrius Gibson ("Mr. Gibson") and Maria Gibson ("Mrs. Gibson" and collective with

Mr. Gibson, the "Gibsons"), who are individuals residing in Illinois. G Six may be served through its registered agent, United States Corporation Agents, Inc. 500 N. Michigan Avenue, Suite 536, Chicago Illinois, 60611-3755.

## V. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under Texas Government Code § 24.007 and Article V, Section 8, of the Texas Constitution.

9. The Court has personal jurisdiction over the AAA under Texas Civil Practice and Remedies Code § 17.042. *Moki Mac*, 221 S.W.3d at 575 ("[A] nonresident does business in Texas if it: (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; [or] (2) commits a tort in whole or in part in this state.").

10. The Court has personal jurisdiction over Leydig under Texas Civil Practice and Remedies Code § 17.042. *Id.*

11. This Court has personal jurisdiction over G Six because it purported to issue the deposition subpoenas in the State of Texas in the Arbitration Proceeding and because G Six entered into the Franchise Agreement supporting the Arbitration Proceeding in the State of Texas. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007) ("[A] nonresident does business in Texas if it (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state[.]") (quoting TEX. CIV. PRAC. & REM. CODE § 17.042(1)).

12. The Court further has personal jurisdiction over G Six because G Six seeks to enforce a subpoena under Section 7 of the FAA. *See Moki Mac*, 221 S.W.3d at 575 ("[T]he requirements of the Texas long-arm statute are satisfied if an assertion of jurisdiction accords with federal due-process limitations."); *Certified Lab'ys v. Momar, Inc.*, No. 3:22-MC-60-K-BN, 2022 WL 4370456, at *6 (N.D. Tex. Aug. 16, 2022), *report and recommendation adopted*, No. 3:22-MC-0060-K, 2022 WL 4371507 (N.D. Tex. Sept. 21, 2022) ("[I]n a proceeding to enforce an arbitral subpoena pursuant to Section 7 of the FAA, the relevant contacts for determining personal jurisdiction are contacts with anywhere in the United States[.]") (quoting *Broumand v. Joseph*, 522 F. Supp. 3d 8, 20 (S.D.N.Y. 2021)); *accord Busch v. Buchman, Buchman & O'Brien, L. Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) ("And, when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.")

13. Venue is proper in this Court pursuant to Texas Civil Practice and Remedies Code §§ 15.012 and 65.023(b). Venue is further proper in this Court under Texas Civil Practice and Remedies Code § 15.001 because a substantial part of the events giving rise to the claim, including G Six's issuance and delivery of the subpoenas and the hearing itself is to occur in Dallas County.

## VI. STATEMENT OF FACTS

**The Arbitration Proceeding**

14. Pursuant to an arbitration agreement between them, DBRI and G Six are engaged in an arbitration proceeding administered by the AAA, captioned as *G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc.*, AAA Case No. 01-23-0004-5053 (the "Arbitration Proceeding"). The Arbitration Proceeding is currently scheduled for a final hearing in Dallas, Texas on April 28, 2025. The Individual Plaintiffs(Dickey, Gruber, and Longworth) are employees of DBRI. They are not parties to the arbitration agreement and have not submitted to the jurisdiction of the AAA.

15. The Arbitration Proceeding underlying this dispute relates to claims by a single franchisee—G Six—against Dickey's, related to a single franchised restaurant. G Six operated its restaurant for three months after opening, and then unilaterally closed the restaurant. Dickey's did not terminate the agreement, which is still in place. Rather, the closing was done voluntarily by G Six and in violation of its obligations under the franchise agreement with Dickey's. G Six has blamed Dickey's for its inability to turn a profit in the three months it was open. And G Six and its counsel have improperly weaponized the Arbitration Proceeding and the AAA and Mr. Leydig are complicit.

16. G Six initiated the Arbitration Proceeding by filing a demand with the American Arbitration Association ("AAA") October 13, 2023 against DBRI and a number

of individual employees and former employees of DBRI including but not limited to the Individual Defendants. At issue here are the depositions of three of these individuals:

- **Roland Dickey, Jr.:** the Chief Executive Officer ("CEO") of Dickey's Capital Group, which is the holding company of DBRI;
- **Jeffrey Gruber:** the Senior Vice President of Franchise Relations of DBRI; and
- **Deborah Longworth:** the Senior Director of Store Development of DBRI.

17. The FAA and the arbitration agreement governs the Arbitration Proceeding pursuant to the arbitration provision in the Franchise Agreement between DBRI and G Six, which states, among other things, that "***[a]ll matters relating to the arbitration will be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.***" **Ex. A,** Franchise Agreement (Excerpt).

18. G Six knew at the time the dispute was filed that the Individual Respondents were not parties to the Arbitration Agreement, and therefore not subject to the AAA's jurisdiction.

**<u>Scheduling Order</u>**

19. From the outset of the Arbitration Proceeding, DBRI has advised that the FAA does not permit non-party depositions, and opposed the same.

20. On May 9, 2024, in advance of the initial scheduling conference, the parties submitted a proposed scheduling order to the arbitrator, noting disputed issues. **Ex. B,** May 9, 2024 Email.

21. The following day, the parties attended an initial scheduling conference with Arbitrator Leydig, during which counsel for DBRI argued that the number of depositions should not exceed the number of parties[1] because non-party depositions are not permitted under the FAA. The Arbitrator instructed that the scheduling order would include G Six's requested ten (10) depositions, over DBRI's objection.

**Initial Issuance of the Subpoenas**

22. On August 27, 2024—at the outset of discovery in the Arbitration Proceeding—counsel for DBRI requested briefing on the issue of jurisdiction over the Individual Respondents, given the distinction drawn in this Circuit (and others) between party and non-party depositions:

> Arbitrator Leydig –
>
> As you may recall from the preliminary hearing in this matter, there are a number of individuals named as respondents in this dispute (Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, and Stephen Mullet, as well as Virtual Brands, Inc.). Dickey's position is that the AAA does not have jurisdiction over these respondents, as none of them are parties to the arbitration agreement between Dickey's and Mr. Gibson (later assumed by G Six Consulting, LLC), which provides for the AAA's jurisdiction over this dispute.
>
> As we are moving into discovery in this matter, Dickey's would like to resolve this issue, as it will have significant impact on depositions and the scope of discovery. I propose the following briefing schedule:
>
> - **Sept. 6, 2024:** Dickey's brief
> - **Sept. 13, 2024:** Claimants' response
> - **Sept. 20, 2024:** Dickey's reply
>
> We will of course defer to you, if you see a more efficient way to accomplish this.

[1] At that time, there were seven named respondents, including the Individual Respondents.

**Ex. C**, August 27, 2024 Email.

23. The following day, Arbitrator Leydig denied DBRI's request to resolve the pending jurisdictional issue, stating: "The parties—including the non-appearing parties—need to present the issue of my jurisdiction and the validity of the arbitration agreement in accordance with the rules." **Ex. D**, August 28, 2024 Email.

24. Of course, the Individual Respondents could not submit the merits of that issue to the Arbitrator without waiving rights as they were not represented by counsel nor subject to the AAA's jurisdiction.[2]

25. Shortly thereafter, G Six requested subpoenas for the depositions of Dickey and Gruber, individually. Arbitrator Leydig issued the subpoenas on September 23, 2024.

**Dismissal of the Non-Parties and Re-Issuance of the Subpoenas**

26. Upon issuance of the subpoenas, counsel for DBRI communicated to the arbitrator and counsel for G Six that the Fifth Circuit (and other circuits) do not provide authority for the AAA to secure pre-hearing depositions of non-parties. DBRI offered (as it has done on numerous occasions since) to provide a corporate representative deposition, which G Six has repeatedly declined and Arbitrator Leydig has ignored.

[2] *E.g. Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Loc. No. 1*, 611 F.2d 580, 584 (5th Cir. 1980) ("[T]he grievance submitted to the arbiter defines his authority without regard to whether the parties had a prior legal obligation to submit the dispute."); *Baer v. Terminix Int'l Co. P'ship*, 975 F. Supp. 1272, 1279 (D. Kan. 1997) ("[A] party that agrees to submit the question of arbitrability to the arbitrator waives any right to object later to that arbitrator's authority.").

> Arbitrator Leydig,
>
> We have received notices for the depositions of Roland Dickey and Jeff Gruber, which were noticed to take place on November 5 and 6, 2024 at 4145 Cole Avenue, Ste. 600, Dallas, TX 75205. While counsel from our firm will attend any properly noticed depositions on behalf of Dickey's, our firm has not been retained to represent Jeff Gruber or Roland Dickey individually.
>
> Note that we do not believe the AAA has authority to secure pre-hearing depositions of any third party. We have thoroughly researched the case law in the 5th Circuit on this point and can find no authority for this proposition. Our firm has been involved in deposition discovery in multiple arbitrations and have been on both sides of this issue and it is our understanding that the AAA does not have authority to require third parties to participate in any pre-hearing discovery. If there is a statute or case that suggests otherwise, we would like to review it. In those circuits where pre-hearing discovery of third parties is permitted, it is generally held that there must be some special reason why a third party would need to be compelled to participate. Here, there is no reason provided and we can think of no reason to support the request. Dickey's has agreed to provide a corporate representative for deposition. To date, we have not received any proposed topics from the claimant. If claimant provides proposed topics, we will be glad to determine the appropriate corporate representative(s) to testify on topics and will work with claimant's counsel to schedule the deposition(s).

**Ex. E**, September 24, 2024 Email.

27. The Arbitrator responded by *sua sponte* quashing the subpoenas, finding (correctly) that Section 7 of the FAA "in fact makes no reference to depositions or, more generally, discovery of any sort," and ordering G Six to provide authority supporting the issuance of the subpoenas. **Ex. F**, September 26, 2024 Email.

28. In the same correspondence, the Arbitrator also ***specifically instructed DBRI that he was "not interested" in objections raised by DBRI***, but instead would only consider arguments or objections raised by the Individual Respondents themselves. *Id.*

> A couple other comments going forward. If the respondents have objections or arguments to make on *their* own behalf, make them. I am not interested, however, in hearing objections or arguments made on behalf of the parties who have elected to not appear in this arbitration. If the arbitrator takes action that affects these non-appearing parties, ***they*** need to take whatever action they deem necessary to protect their interests. Counsel for the respondents who have thus far appeared have repeatedly emphasized to the arbitrator that they are not appearing on behalf of these absent parties. That being so, I am not interested in the "back door" arguments that are purportedly being made on the absent parties' behalf. Also, I do not read the parties' arbitration agreement or the controlling Preliminary Hearing and Scheduling Order as requiring the application of the law emanating from the Fifth Circuit on issues like those presented by the subpoenas. As with all matters, I am open to persuasion to the contrary but that is my current understanding.

**Ex. F**, September 26, 2024 Email.

29. On October 8, 2024, G Six provided briefing purporting to support the re-issuance of the subpoenas, arguing that subpoenas were appropriate because (1) Dickey and Gruber were parties to the arbitration; (2) the subpoenas were authorized under the Texas General Arbitration Act; and (3) that the FAA does not apply to the Arbitration Proceeding (notwithstanding that both the Franchise Agreement conferring jurisdiction in arbitration ***and*** the order controlling the disposition of Arbitration Proceeding states that the FAA ***shall*** apply).

30. On October 15, 2024, Arbitrator Leydig issued an order stating that the subpoenas would be re-issued. **Ex. G**, October 15, 2024 Order. The subpoenas were re-issued the same day, purporting to compel Dickey and Gruber's depositions on November 5 and 6, 2024. **Exs. H-1**, Dickey Subpoena and **H-2**, Gruber Subpoena.

31. In the same order, Arbitrator Leydig also opined that "it is time to resolve this issue of the status of Messrs. Dickey's and Guber's status," and ordered the parties

to submit briefing on the jurisdictional dispute over the Individual Respondents. **Ex. G**, October 15, 2024 Order.

32. Neither Dickey nor Gruber have submitted to the AAA's jurisdiction over them in this dispute (or any dispute); therefore, neither appeared for the scheduled depositions or have appeared in the arbitration.

33. On November 12, 2024, Arbitrator Leydig finally and rightfully dismissed all of the individuals from the Arbitration Proceeding, finding that "[t]hey are not contractual parties thereto and have not consented to arbitration." **Ex. I**, November 12, 2024 Order.

34. On November 26, 2024, G Six filed a motion to compel the depositions of Dickey and Gruber with the Arbitrator, as well as a request to impose sanctions on DBRI for Dickey and Gruber's non-appearance. **Ex. J**, November 26, 2024 Motion to Compel and to Impose Sanctions.

35. In its Motion, G Six argued ***for the first time*** that DBRI was required to produce the Individual Plaintiffs for deposition as its employees (rather than as individual parties to the Arbitration Proceeding). *Id.* DBRI responded, objecting to G Six's retroactive revision of its deposition notices, and further argued that Dickey's deposition

was ***additionally*** barred not only because he is not a party to the Arbitration Proceedings but also due to the apex doctrine.[3]

**Unenforceable Orders to Compel Non-Party Depositions**

36. On December 20, 2024, Arbitrator Leydig issued an order granting G Six's motion to compel these depositions, and stated that monetary sanctions would be addressed against DBRI at the time of the final hearing. **Ex. K**, December 20, 2024 Order. In this Order, Arbitrator Leydig explicitly stated, "***I do not consider myself bound by the procedural rules—including those controlling discovery procedure—of the federal courts, Texas or any other judicial jurisdiction.***" *Id.* at 1. This rejection of federal law exceeds the AAA's jurisdiction in this case, which is explicitly limited by parties' agreement that "***all matters relating to the arbitration will be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.).***"[4] **Ex. A**, Franchise Agreement § 27.5 (Excerpt).

37. Around the same time, G Six also requested the deposition of Longworth.

38. What followed, throughout January and February 2025, was a series of correspondence and conferences among counsel for G Six, counsel for DBRI, and

[3] *See In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000) (discussing guidelines to be applied "[w]hen a party seeks to depose a corporate president or other high level corporate official").

[4] *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 406 (5th Cir. 2003) ("[W]here an arbitrator exceeds his contractual authority, vacation or modification of the award is an appropriate remedy.") (quoting *Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n*, AFL–CIO, 889 F.2d 599, 602 (5th Cir.1989)); *E.I. DuPont de Nemours & Co. v. Loc. 900 of Int'l Chem. Workers Union, AFL-CIO*, 968 F.2d 456, 458 (5th Cir. 1992) (requiring that an arbitrator's order "draws its essence from the [arbitration agreement], and is not based on the arbitrator's own brand of industrial justice") (internal quotations omitted).

Arbitrator Leydig regarding the depositions of the non-party individuals, during which time Arbitrator Leydig issued a second order compelling the depositions of the non-party individuals (**Ex. L**, January 10, 2025 Order), and a third order compelling the same (**Ex. M**, January 23, 2025 Order).

39. In the interim, DBRI filed a Rule 17 Notice with the AAA.[5] Such objections were ***required*** to be raised at that time, or risk waiving them.[6] In response, the case manager in this matter confirmed that "the arbitration proceeding is paused pending the AAA's decision on Respondent's objection." *Id.* Notably, however, after an *ex parte* discussion with G Six's counsel—for which counsel for DBRI was neither notified nor included—the case manager stated, "So all pending deadlines in the Arbitrator's Order

[5] One of the reasons for DBRI's challenge to Arbitrator Leydig's appointment was his failure to disclose facts and circumstances giving rise to bias. For example, Mr. Leydig's AAA resume, which was provided to the parties, states that a "substantial portion of (his) practice focuses on issues affecting the relationship between franchisees/dealers and their franchisors/manufacturers/suppliers." However, this was a material change to his law firm bio, where he stated that he is "a nationally recognized leader in the representation and protection of . . . franchisees in their disputes with their suppliers and franchisors…" Another example of Mr. Leydig's bias were his published articles referring to franchisors as "unscrupulous" and encouraging franchisees to engage in litigation against their franchisors. He has also written about his deeply held belief that franchisors enter into transactions "to make money off the franchisee," and spoken generally derisively about franchisors ("Further, in those states having franchise relationship laws, the top-down authority that nonprofit franchisors previously wielded over their independent affiliates may be more readily, and effectively, called into question now that the emperor's clothes have been revealed for what they are.").

After the Rule 17 challenge, Mr. Leydig referred to Ms. Nix as Ms. Dix. Ms. Nix pointed this out, which is an obviously offensive misspelling, but Mr. Leydig never acknowledged or apologized for it. Instead, his uncivil behavior towards Ms. Nix continued to escalate.

[6] Generally, a party seeking to vacate an arbitration award on the grounds of evident partiality must object during the arbitration or else waive such objection. *Bernstein Seawell Kove v. Bosarge*, 813 F.2d 726, 732 (5th Cir. 1987). *See also Tex. Health Mgmt., LLC v. Healthspring Life & Health Ins. Co.*, No. 05-18-01036-CV, 2020 WL 3071729, at *4 (Tex. App.—Dallas June 10, 2020, no pet.) (mem. op.) ("A party who knows or who has reason to know of an arbitrator's alleged bias but remains silent pending the outcome of the arbitration waives the right to complain.").

remain in place. However, any issues and/or discovery disputes will be tabled pending the AAA's determination regarding Mr. Leydig's appointment." *Id.*

40. She also specifically instructed the parties on January 31, 2024, "The arbitrator shall not be copied on any comments related to the disclosure." *Id.*

**G Six's Motion for Sanctions**

41. On February 20, 2024, G Six filed its Motion for Sanctions, requesting that the arbitrator strike DBRI's pleadings and draw adverse inferences against DBRI for refusing to "force" the non-party witnesses to sit for a deposition. (**Ex. N**, February 20, 2025 Motion for Sanctions). Ignoring the AAA's explicit direction not to reference the Rule 17 Notice, G Six specifically included DBRI's objection to the arbitrator as an argument supporting its Motion for Sanctions.

42. In response, Arbitrator Leydig issued a *fourth* order, now compelling the depositions of the non-party individuals to take place *in Miami, Florida*, and threatening to impose "*some or all of the full array of sanctions available under the AAA Rules*" (presumably including the "death penalty" sanctions requested by G Six) if the non-party individuals failed or refused to appear for pre-hearing depositions in Florida. **Ex. O**, February 24, 2025 Order).

43. Notably, Arbitrator Leydig issued this fourth order ***before DBRI even had an opportunity to file its response to G Six's Motion for Sanctions.*** *See* AAA Comm. Rules R-60(b) ("The arbitrator ***must provide a party that is subject to a sanction request***

***with the opportunity to respond prior to making any determination*** regarding the sanctions application.") (emphasis added).

44. DBRI submitted its response to Claimant's Motion for Sanctions on March 13, 2025.

45. On March 27, 2025, before the hearing on such briefing, Arbitrator Leydig issued an order granting outrageous (and wholly improper) death penalty sanctions against Dickey's, as follows:

a. Claimant's motion for sanctions is granted.

b. Respondent's Answer and Affirmative Defenses are stricken. Respondent's Counterclaim is dismissed.

c. Respondent is excluded from all further fact-finding aspects of this arbitration, including but not limited to, (i) it will not be allowed to present any witness testimony or documentary evidence at the hearing on Claimant's claims, (ii) it will not be allowed to cross-examine any of Claimant's witnesses, and (iii) its expert witness report and testimony will not be allowed.

d. If requested by Claimant, the arbitrator will draw reasonable adverse inferences.

e. Claimant shall be awarded its attorneys' fees and costs associated with (i) its original motion to compel the depositions of Dickey, Jr. and Gruber, (ii) its subsequent activity to obtain compliance with Orders No. 1, No. 2, No. 3, and No. 4, and (iii) the prosecution of its motion for sanctions.

f. Respondent shall, on terms that shall be developed by the arbitrator, be allowed only to participate in the presentation of strictly legal arguments that address the nature of the claims brought by Claimant.

**Ex. P**, March 26, 2025 Order.

46. The Order all but acknowledges that these sanctions are case-determinative, instructing the parties that the it may "impact such things as (i) whether witness testimony needs to proceed with live testimony or if it can now be handled with witness statements or some combination, (ii) whether certain pre-hearing activities should now be eliminated or modified, and (iii) likely many other items that have not yet come clearly into view." *Id.*

## VII. ARGUMENT AND AUTHORITIES

### A. The Non-Parties seek protection to quash pre-hearing depositions.

47. The Non-Parties to the Arbitration Proceeding (Dickey, Gruber, and Longworth) respectfully seek protection from this Court to quash the subpoenas directing their pre-hearing depositions, as none of them have submitted to the AAA's jurisdiction and such depositions are categorically barred by the FAA.

#### 1. Non-party depositions are specifically prohibited under the FAA, and the Franchise Agreement.

48. "An arbitrator's authority over parties that are not contractually bound by the arbitration agreement is strictly limited by the Federal Arbitration Act (FAA)." Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406 (3rd Cir. 2004) (emphasis added). Here, the bounds of the FAA are explicitly incorporated into the parties

agreement, under Section 27.5 of the Franchise Agreement.[7] Ex. A, Franchise Agreement (Excerpt) ("[A]ll matters relating to the arbitration will be governed by the Federal Arbitration Act.").

49. The FAA permits arbitrators to summon:

> any person ***to attend before them*** or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case […] 9 U.S.C. § 7 (emphasis added).

50. Under the plain language of the statute, an arbitrator does not have the authority to order the depositions of non-parties to the arbitration proceedings. *See Certified Lab'ys*, 2022 WL 4370456, at *6 ("Section 7 does not authorize district courts to compel witnesses to appear in locations outside the physical presence of the arbitrator[.]").

51. Courts in the wide majority of Circuits (including the Fifth Circuit) impose this limitation on discovery in arbitration proceedings:

- **Second Circuit**: "***Arbitrators have no such power to compel discovery from third parties***—even those (like Peachtree) that signed the underlying arbitration agreements." *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 217 (2d Cir. 2008) (emphasis added).

- **Third Circuit**: "***Nowhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions***, or the authority to demand that non-parties provide the litigating parties with documents

[7] *E.I. DuPont de Nemours*, 968 F.2d at 458 (requiring that an arbitrator's order "draws its essence from the [arbitration agreement], and is not based on the arbitrator's own brand of industrial justice") (internal quotations omitted).

during pre-hearing discovery." *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 410 (3d Cir. 2004) (emphasis added) (agreeing with the Fourth Circuit approach, and further holding that Section 7 does not allow any "special need" exception).

- **Fourth Circuit**: "***Nowhere does the FAA grant an arbitrator the authority to order non-parties to appear at depositions***, or the authority to demand that non-parties provide the litigating parties with documents during prehearing discovery." *COMSAT Corp. v. Nat'l Science Foundation*, 190 F.3d 269, 274–76 (4th Cir.1999) (emphasis added).

- **Fifth Circuit**: "***Section 7 does not authorize district courts to compel witnesses to appear in locations outside the physical presence of the arbitrator[.]***" *Certified Lab'ys*, 2022 WL 4370456, at *6 (emphasis added). *See also Chicago Bridge & Iron Co. N.V. v. TRC Acquisition, LLC*, No. CIV.A. 14-1191, 2014 WL 3796395, at *3 (E.D. La. July 29, 2014) (holding that an action to enforce deposition subpoena was "not authorized under Section 7," and agreeing with the Second, Third, and Fourth circuits on the discovery limitations imposed by Section 7); *Empire Fin. Grp., Inc. v. Penson Fin. Servs., Inc.*, No. 3:09-cv-2155-D, 2010 WL 742579, at *3 (N.D. Tex. Mar. 3, 2010) ("The court adopts the reasoning of the Third and Second Circuits and holds that § 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing.").

- **Sixth Circuit**: "***As an initial matter, the undersigned observes that Section 7 does not allow arbitrators to subpoena third-parties for discovery purposes***." *Am. Income Life Ins. Co. v. FFL Onyx, L.L.C.*, 720 F. Supp. 3d 518, 520 (E.D. Mich. 2024) (emphasis added) (quoting *Dodson Int'l Parts, Inc. v. Williams Int'l Co.*, No. 19-MC-50489, 2019 WL 5680811 (E.D. Mich. June 26, 2019)).

- **Seventh Circuit**: "By its own terms, the FAA's subpoena authority is defined as the power to compel non-parties to appear before them; that is, to compel testimony by non-parties at the arbitration hearing. ***A deposition simply does not fall within those terms.***" *Matria Healthcare, LLC v. Duthie*, 584 F. Supp. 2d 1078, 1080 (N.D. Ill. 2008).

- **Ninth Circuit**: ***"Nothing in the language of § 7 grant[s] an arbitrator the authority to order non-parties to appear at depositions***, or the authority to demand that non-parties provide the litigating parties with documents during prehearing discovery. The Court also finds persuasive the Second and Third Circuits' reasoning that an arbitrator's authority over non-parties, particularly non-parties to the arbitration proceeding who are also non-parties to the arbitration agreement, is limited because the arbitrator's power ultimately stems from a contractual agreement to arbitrate. ***Non-parties, by definition, have not agreed to abide by the arbitrator's decisions.*** *McTammany v. Found. Cap. Partners L.P.*, No. 8:15-mc-0006-DOC (VBKx), 2015 WL 12781404, at *2 (C.D. Cal. May 1, 2015). *See also CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017) ("The text of section 7 grants an arbitrator no freestanding power to order third parties to produce documents other than in the context of a hearing.").

- **Eleventh Circuit**: "***[W]e conclude that 9 U.S.C. § 7 does not permit pre-hearing depositions and discovery from non-parties***." *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1160 (11th Cir. 2019) (emphasis added).

52. This limited discovery process is "a hallmark of arbitration" and "a necessary precursor to its efficient operation." *COMSAT Corp.*, 190 F.3d at 276 ("Parties to a private arbitration agreement forego certain procedural rights attendant to formal litigation in return for a more efficient and cost-effective resolution of their disputes.").

53. The case law is consistent with the AAA commercial rules, which contemplate only the exchange of ***documents*** in pre-hearing discovery and do not contemplate ***any*** depositions as a matter of right. R-22.

54. Further, consistent with the case law, Rule 35 requires that "***[a]ll evidence shall be taken <u>in the presence of all of the arbitrators and all of the parties</u>***." R-35

(emphasis added). In fact, under the AAA rules, depositions are only contemplated ***at all*** in "exceptional cases" or in "large, complex cases," which this case is not.

**2. <u>The Arbitrator lacks authority to order the purported sanctions.</u>**

**a. The arbitrator's order that depositions proceed in Miami, Florida violates Rule 45's Geographic Restrictions.**

55. Even if the Arbitrator could compel depositions of the Non-Parties (he cannot, as discussed above), the order purporting to compel the depositions to take place in Florida violates the geographic limitations imposed by Federal Rule of Civil Procedure 45(c), the FAA, and the geographic location of the arbitration. The subpoenas are entirely unenforceable.

56. Section 7 states that arbitral subpoenas "shall be directed to the said person and ***shall be served in the same manner as subpoenas to appear and testify before the court***." 9 U.S.C. § 7 (emphasis added). Thus, "Rule 45(c)'s geographic limits apply to arbitral subpoenas, as incorporated by Section 7." *Certified Lab'ys*, 2022 WL 4370456, at *7 (quoting *Broumand*, 522 F. Supp. 3d at 14 n.1, 22) ("[E]ven if Rule 45(c)'s geographical limitations did not invalidate these arbitral subpoenas, Section 7's presence requirement would."); *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94–95 (2d Cir. 2006) ("Service of subpoenas to appear before the federal courts and enforcement of those subpoenas are in turn governed by Federal Rule of Civil Procedure 45.").

57. Rule 45 provides that a subpoena may command a person to attend a trial hearing or deposition ***only*** "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c). Each of the Non-Parties resides in Dallas, Texas, which is also the location of the Arbitration Proceeding.

58. No authority supports the Arbitrator's attempt to compel depositions to occur in Florida—over 1300 miles from "where [the Non-Parties] reside[]." *Id.* To the contrary, the great weight of authority across the nation specifically prohibits it. *See also In re Managed Care Litig.*, 2020 WL 3643042, at *8 ("Pursuant to Rule 45, an arbitral summons can only command a non-party to attend a final hearing within 100 miles of where the non-party resides, is employed or regularly transacts business."); *Maine Community Health Options v. Walgreen Co.*, No. 18-mc-0009, 2018 WL 6696042, at *2–3 (W.D. Wisc. Dec. 20, 2018) (applying Rule 45 territorial limits to an arbitral subpoena and stating that it can only require attendance within 100 miles of where the witness resides....); *Ping-Kuo Lin v. Horan Capital Mgmt. LLC*, No. 14-CIV-5202, 2014 WL 3974585 at *1 (S.D.N.Y. August 13, 2014) (holding that an arbitrator may not summons a witness outside of the 100 mile limit allowed by the Federal Rules); *see also Legion Ins. Co. v. John Hancock Mutual Life Ins. Co.*, 33 Fed. App'x 26 (3d Cir. 2002) ("In light of the territorial limits imposed by Rule 45 upon the service of subpoenas, we conclude that the District Court did not commit error in denying John Hancock's motion to enforce the arbitration

subpoena against SCIS, which, as a non-party located in Florida, lies beyond the scope of the court's subpoena enforcement powers.").

**3. <u>Section 7 provides the mechanism for enforcement of the subpoenas.</u>**

59. Finally, G Six's attempts to obtain non-party depositions through repeated orders from the Arbitrator are improper and unenforceable, and a clear attempt to bypass the FAA, the AAA and the parties' agreement.

60. "The FAA imposes ***no requirement that a subpoenaed party file a petition to quash or otherwise challenge the subpoena***." *COMSAT*, 190 F.3d at 276.

**b. The arbitrator's order imposing death-penalty sanctions is punitive, retaliatory, and violates any sense of equity.**

61. Now, Arbitrator Leydig's death-penalty order exceeds the scope of explicitly prevents DBRI from even challenging the merits of G Six's claims against Dickey's.

62. The Order not only strikes DBRI's pleadings, but it prevents DBRI from presenting ***any*** witnesses on direct examination to refute the factual bases of G Six's meritless claims and ***precludes DBRI from even cross-examining G Six's witnesses***.

63. Specifically, the Order imposes the following sanctions:

- Respondent's Answer and Affirmative Defenses are stricken. Respondent's Counterclaim is dismissed.
- Respondent is excluded from all further fact-finding aspects of this arbitration, including but not limited to, (i) it will not be allowed to present any witness testimony or documentary evidence at the hearing

on Claimant's claims, (ii) it will not be allowed to cross-examine any of Claimant's witnesses, and (iii) its expert witness report and testimony will not be allowed.

- If requested by Claimant, the arbitrator will draw reasonable adverse inferences.
- Claimant shall be awarded its attorneys' fees and costs associated with (i) its original motion to compel the depositions of Dickey, Jr. and Gruber, (ii) its subsequent activity to obtain compliance with Orders No. 1, No. 2, No. 3, and No. 4, and (iii) the prosecution of its motion for sanctions.
- Respondent shall, on terms that shall be developed by the arbitrator, be allowed only to participate in the presentation of strictly legal arguments that address the nature of the claims brought by Claimant.

**Ex. P**.

64. This one-side order entirely upends the adversarial nature of the judicial system in this country (which includes arbitration). *See Beaudine v. U.S.*, 368 F.2d 417, 424 (5th Cir. 1966) ("Mulvey was not exposed to the truth-revealing pressures of the sort of cross examination which is really ***the heart of our adversary system***").

65. Cross examination in this country "***is a matter of right***." *Montgomery v. U.S.*, 203 F.2d 887, 890 (5th Cir. 1953) ("Indeed, cross-examination, as has been often observed, is the surest test yet devised of the truthfulness of a witness' testimony[.]"). The Supreme Court has explicitly stated that exclusion of cross examination "passes the proper limits of discretion and is prejudicial error." *D.C. v. Clawans*, 300 U.S. 617, 632 (1937).

66. Arbitrator Leydig's Order bypasses notions of fairness and due process, stripping DBRI of its right to defend itself in retaliation for DBRI's efforts to protect its

rights. *See E.E.O.C. v. General Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993) (instructing that "death penalty" sanctions "should be used as a lethal weapon only under extreme circumstances").

### B. DBRI seeks a stay of the Arbitration Proceeding pending resolution of the dispute regarding depositions.

67. DBRI also seeks this Court's intervention—specifically, DBRI requests that this Court stay the Arbitration Proceeding pending resolution of the dispute regarding Non-Party depositions. DBRI has been threatened with *death penalty sanctions* based on position taken by the Non-Parties, who have not submitted to the jurisdiction of the AAA.

#### 1. DBRI is not responsible for producing non-parties for deposition.

68. G Six rests its position on the assumption that DBRI is responsible for producing the non-parties for deposition because they are employees. But that is counter to established authority. DBRI—the *only* respondent party to this dispute—has repeatedly offered to produce a corporate representative for deposition, which G Six has repeatedly declined.[8] *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) ("Only a party to the litigation may be compelled to give deposition testimony pursuant to a notice of deposition. If the party is a corporation,

---

[8] Notably, DBRI has also requested a corporate representative deposition of G Six, and sent topics for the same. G Six has repeatedly refused to provide dates for such deposition.

it may be noticed pursuant to Federal Rule of Procedure 30(b)(6), in which case the corporation must designate an individual to testify as the corporate representative.").

69. Now, DBRI has been sanctioned with ***death penalty sanctions*** for the position taken by the ***Non-Parties***, who have not submitted to the AAA's jurisdiction. *Cf. Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004) ("First, a ***direct relationship*** must exist between the offensive conduct and the sanction imposed. . . . Second, the sanctions ***must not be excessive***.") (emphasis added).

70. Such sanctions against DBRI are explicitly prohibited by relevant law:

> Except where the employee has been designated by the corporation under Rule 30(b)(6), ***an employee is treated in the same way as any other witness***. His or her presence must be obtained by subpoena rather than by notice, ***sanctions cannot be imposed against the corporation if he or she fails to appear***, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness."

*Allen v. Experian Info. Sols. Inc.*, No. SA-24-CV-00157-XR, 2024 WL 2988960, at *1 (W.D. Tex. June 13, 2024) (emphasis added) (quoting *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 1392332, at *8 (N.D. Tex. Apr. 8, 2016)).

71. These sanctions effectively amount to a default judgment, which is prohibited under the AAA Commercial Rules. *See* AAA Comm. Rules R-60 ("The arbitrator may not enter a default award as a sanction.").

**2. <u>DBRI has no adequate remedy by appeal in the face of death penalty sanctions.</u>**

72. DBRI will suffer irreparable harm for which it has no adequate appellate remedy if the arbitration proceeding is not stayed, because G Six has pursued—and Arbitrator Leydig has granted—death penalty sanctions against DBRI that are effectively case determinative. *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding there is no adequate appellate remedy from a sanctions order if the sanctions are case determinative); *In re Ford Motor Co.*, 988 S.W.2d 714, 723 (Tex. 1998) ("We therefore hold that appeal is not an adequate remedy when a court imposes a monetary penalty on a party's prospective exercise of its legal rights.").

73. There is no legal basis for these sanctions; nor is there any recourse for DBRI within the Arbitration Proceeding. Instead, the sanctions appear to be purely retaliatory, based in part on DBRI's objection to Arbitrator Leydig's continued service as arbitrator. They are wholly punitive and wipe out DBRI's opportunity to raise any defense to G Six's allegations against it.

## VIII. <u>CONDITIONS PRECEDENT</u>

74. Plaintiffs have performed or otherwise satisfied all conditions precedent to filing this lawsuit and to bringing the Causes of Action contained herein.

## IX. <u>CAUSES OF ACTION</u>

**<u>Count 1:</u> Breach of Contract (DBRI v. AAA and Leydig)**

75. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

76. DBRI, Leydig and AAA are parties to an agreement for the administration of the Arbitration Proceeding, which is an enforceable contract governing the scope of the Arbitration Proceeding.

77. DBRI tendered performance under its agreement with Leydig and the AAA, and has satisfied all conditions precedent applicable to this matter.

78. Leydig has breached his agreement with DBRI in his mishandling of the Arbitration Proceeding, by (1) failing to abide by the terms of the Franchise Agreement, which defines the scope of the AAA's authority, (2) failing to abide by the FAA, which governs the scope of the AAA's authority, pursuant to the Franchise Agreement, and (3) failing to abide by the AAA's own rules, including Rule 22 and Rule 35.

79. Leydig has further allowed the Arbitrator to issue sanctions on Dickey's for the positions taken by the Non-Parties, in violation of state and federal law, as well as the AAA's own rules, including the Arbitrator's order that depositions occur in Miami, Florida, and the Arbitrator's stated consideration of death-penalty sanctions against DBRI.

80. The AAA has breached its agreement with DBRI in its misadministration of the Arbitration Proceeding, by condoning, allowing, or endorsing Leydig's abuses of the

legal process and his continued failure to abide by the terms of the Franchise Agreement, the FAA, and the AAA's own rules.

81. As a result of Leydig's and the AAA's breaches, DBRI has suffered actual and consequential damages in an amount to be determined at trial, including amounts paid to the AAA and/or to Arbitrator Leydig in connection with this sham arbitration.

**<u>Count 2:</u>** **Abuse of Process (DBRI and Non-Parties v. AAA, Leydig, and G Six)**

82. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

83. Both DBRI and the Non-Parties have been purportedly served with process related to the Non-Party depositions, including subpoenas, deposition notices, and improper orders purporting to compel such depositions.

84. Defendants AAA, Leydig, and G Six have made illegal, improper, or perverted use of such process by attempting to (1) coerce the Non-Parties into submitting to the jurisdiction of the AAA; (2) coerce DBRI into producing witnesses for depositions which it has no obligation to produce; and (3) improperly handicap DBRI's defense in the Arbitration Proceeding by pursuing and imposing or otherwise allowing death-penalty sanctions based on the unlawful deposition subpoenas. *See Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.) (process is abused when "used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he could not be compelled to do."); *RRR Farms, Ltd.*

*v. Am. Horse Prot. Ass'n, Inc.*, 957 S.W.2d 121, 133 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (same).

85. As a result of Defendants' abuse of process, Plaintiffs have suffered actual and consequential damages, including in an amount to be determined at trial.

**<u>Count 3:</u> Breach of Contract (DBRI v. G Six)**

86. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

87. DBRI and G Six are parties to a Franchise Agreement, which is an enforceable contract governing the scope of the Arbitration Proceeding.

88. DBRI tendered performance under the Franchise Agreement and has satisfied all conditions precedent applicable to this matter.

89. G Six has breached the Franchise Agreement by seeking depositions that are categorically disallowed under the FAA, and by harassing DBRI and its employees (the Non-Parties) in its improper pursuit of these depositions.

90. As a result of G Six's breaches, DBRI has suffered actual and consequential damages in an amount to be determined at trial, including the costs of defending against G Six's continued harassment and efforts to obtain depositions that are disallowed under the plain terms of the FAA.

## EMERGENCY APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

91. Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

92. DBRI asks the Court to enter a temporary restraining order ("TRO") after notice and hearing (and subsequently, a preliminary injunction) as follows:

> Pending final resolution of this dispute, Defendants G Six and AAA, as well as their agents, servants, and employees, shall be immediately and preliminarily enjoined from (1) seeking, imposing, or otherwise purporting to enforce pre-hearing depositions of the Non-Parties to this dispute, whether directly or through their employer, DBRI; and (2) seeking, imposing, or otherwise purporting to enforce sanctions on DBRI related to such pre-hearing depositions.

The Arbitration Proceeding shall be stayed pending final resolution of this Dispute.

**A. Applicable Legal Standard.**

93. Courts grant temporary injunctions to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Tex. Aeronautics Comm'n v. Betts*, 469 S.W.2d 394, 398 (Tex. 1971). The status quo to be preserved is "the last, actual, peaceable, noncontested status which preceded the pending controversy." *Id.*

94. To obtain a temporary injunction, the applicant must demonstrate: "(1) a viable cause of action, (2) a probable right to recovery, and (3) a probable, imminent, and

irreparable injury in the interim." *Fuentes v. Fuentes*, 656 S.W.3d 703, 711 (Tex. App.—El Paso 2022, no pet.) (citations omitted). The applicant need not show it will ultimately prevail on the merits—its burden is much lower. To obtain temporary injunctive relief, the applicant must merely "present enough evidence to raise a bona fide issue as to its right to ultimate relief." *Smith v. Nerium Int'l, 23 LLC*, No. 05-18-00617-CV, 2019 WL 3543583, at * 3 (Tex. App.—Dallas Aug. 5, 2019, no pet.). As detailed below, Plaintiffs have satisfied this threshold.

**B. <u>Plaintiffs have pleaded viable causes of actions against Defendants.</u>**

95. In order to meet the first requirement for obtaining a TRO, Plaintiffs need only establish that they have a cognizable cause of action. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) ("[T]he issue in determining whether an applicant has met the first qualification for a temporary writ of injunction is …. whether the applicant has a cause of action at all."); *Shoreline Gas, Inc. v. McGaughey*, 13-07-364-CV, 2008 WL 1747624, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 17, 2008, no pet.) (when claims are cognizable under Texas law, the first requirement for a temporary injunction is met).

96. Plaintiffs have satisfied this requirement with each of its three causes of action against Defendants.

97. DBRI has brought to the court's attention the terms of the valid Franchise Agreement between DBRI and G Six, as well as the arbitration agreement between DBRI and the AAA, and Defendants' breaches of such agreements by the Franchisee

Defendants, through the improper deposition requests, subpoenas, and orders; the repeated harassment of DBRI's employees; and the threats of death penalty sanctions against DBRI based on the meritorious position taken by the Non-Parties. The resulting harm to DBRI is apparent on its face.

98. Similarly, DBRI and the Non-Parties have pleaded a valid claim abuse of process based on the same conduct.

### C. <u>Plaintiffs have established a probable right to relief.</u>

99. The second requirement for the issuance of a temporary injunction is a showing of a probable right to relief upon a final trial on the merits. *See Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968); *Anderson v. CMGP, Inc.*, 14-01-01259-CV, 2002 WL 1407174, at *3 (Tex. App.—Houston [14th Dist.] June 27, 2002, no pet.) ("The trial court does not abuse its discretion in issuing a temporary injunction when, as in this case, the original petition alleges a cause of action and the party seeking the injunction presents evidence tending to sustain the cause of action."); *RP & R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (same).

#### 1. <u>DBRI's Breach of Contract Claims</u>

100. DBRI has a reasonable probability of succeeding on the merits of both of its breach of contract claims. To do so, DBRI need only show (1) the existence of a valid contract; (2) performance or tendered performance; (3) the Franchisee Defendants'

breach; and (4) damages. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). These elements cannot genuinely be disputed.

101. DBRI has valid contracts with the AAA and Leydig, as well as G Six, and has performed under both agreements.

102. Under the scope of the Franchise Agreement between DBRI and G Six, the Arbitration Dispute is governed by the FAA, as well as by the AAA's Commercial Rules. The AAA, Leydig, and G Six have breached their respective agreements by seeking and/or allowing the depositions of Non-Party individuals when such depositions are prohibited by the FAA, the Franchise Agreement, the AAA rules, and state and federal law. *See supra*, Section VII(A)(I).

103. The AAA, Leydig, and G Six have furthered breached their respective agreements by seeking and/or allowing the imposition of sanctions against DBRI for the positions taken by Non-Parties to the arbitration agreement, who have not submitted to the authority of the AAA.

**2. <u>Plaintiffs' Abuse of Process Claims</u>**

104. Similarly, Plaintiffs have a valid claim for abuse of process because (1) Defendants made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) Defendants had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and

(3) Plaintiffs have been damaged as a result of such illegal act. Cooper v. Trent, 551 S.W.3d 325, 334 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

105. Specifically, Defendants have sought, imposed, or allowed subpoenas for pre-hearing depositions to be issued to the Non-Parties (either directly or through their employer, DBRI) when such depositions are prohibited by the FAA (and are therefore themselves a violation of the Franchise Agreement governing the scope of the Arbitration Proceeding).

106. Defendants have further weaponized the improper subpoenas to compel or coerce the Non-Parties into waiving their rights by submitting to depositions and to coerce or compel DBRI to force its Non-Party employees to submit to such depositions under threat of death-penalty sanctions on DBRI. *See Preston Gate*, 248 S.W.3d at 897 (process is abused when "used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he could not be compelled to do."); *RRR Farms*, 957 S.W.2d at 133 (same).

**D. <u>Plaintiffs will suffer probable, imminent, and irreparable injury if the Court does not grant their requested temporary injunction.</u>**

107. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard, i.e., if there is no adequate remedy at law. *Fischer v. Clifford Fischer & Co.*, 05-20-

00196-CV, 2022 WL 3367559, at * 5 (Tex. App.—Dallas Aug. 16, 2022, no pet.) (citing *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016)).

108. The threat of irreparable harm here is tangible. The Non-Parties risk waiving their rights to object to the AAA's jurisdiction over them for the purpose of such depositions. *E.g.*, *Piggly Wiggly*, 611 F.2d at 584 (5th Cir. 1980) ("[T]he grievance submitted to the arbiter defines his authority without regard to whether the parties had a prior legal obligation to submit the dispute.").

109. Further, DBRI has been burdened with death penalty sanctions that are case determinative—this injury cannot be adequately addressed by any pecuniary standard, and cannot be remedied on appeal. *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (holding there is no adequate appellate remedy from a sanctions order if the sanctions are case determinative); *In re Ford Motor Co.*, 988 S.W.2d 714, 723 (Tex. 1998) ("We therefore hold that appeal is not an adequate remedy when a court imposes a monetary penalty on a party's prospective exercise of its legal rights.").

**E. <u>Plaintiffs are willing to post bond.</u>**

110. Plaintiffs are willing to post bond in an amount that the Court deems, but any such bond should be minimal given Defendants' actions and DBRI's right to relief.

## X. PRAYER

Plaintiffs pray that Defendants be cited to appear and answer in this lawsuit, and that, after resolution on the merits, Plaintiffs recover judgment against Defendants in which the Court grant the following relief:

a. Actual and consequential damages;

b. Exemplary damages;

c. Prejudgment and post-judgment interest accrued on the amount owed;

d. Costs of suit, including costs of court and reasonable attorneys' fees; and

e. Temporary and permanent injunctive relief as follows:

(1) Defendants are enjoined from seeking, imposing, or purporting to compel pre-hearing depositions of the Non-Parties to this dispute;

(2) Defendants are enjoined from seeking, imposing, or otherwise enforcing sanctions on DBRI related to such pre-hearing depositions; and;

(3) The Arbitration Proceeding is stayed pending resolution of this dispute regarding depositions and sanctions.

f. All other such relief to which Plaintiffs may be entitled.

Dated: March 27, 2025

Respectfully submitted,

*/s/ Jamie R. Drillette*
Michael K. Hurst
Texas Bar No. 10316310
mhurst@lynnllp.com
Mary Goodrich Nix
Texas Bar No. 24002694
mnix@lynnllp.com
Jamie R. Drillette
Texas Bar No. 24105820
jdrillette@lynnllp.com
Amanda C. Alexander
Texas Bar No. 24125647
aalexander@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR PLAINTIFFS DICKEY'S BARBECUE RESTAURANTS INC., ROLAND DICKEY JR., JEFFREY GRUBER, AND DEBORAH LONGWORTH**

# EXHIBIT A

**DICKEY'S BARBECUE RESTAURANTS, INC.**

**FRANCHISE AGREEMENT – 2021/2022**

# DICKEY'S BARBECUE RESTAURANTS, INC.
# FRANCHISE AGREEMENT

## TABLE OF CONTENTS

ARTICLE 1. FRANCHISE ....................2

1.1 GRANT ....................2
1.2 ACCEPTED LOCATION ....................2
1.3 ASSIGNED AREA & PRIMARY AREA ....................3

ARTICLE 2. TERM AND RENEWAL ....................4

2.1 INITIAL TERM ....................4
2.2 RENEWAL ....................4

ARTICLE 3. DICKEY'S DUTIES ....................5

3.1 SITE SELECTION ....................5
3.2 DESIGN PLANS AND CONSTRUCTION ....................6
3.3 TRAINING ....................6
3.4 INITIAL PURCHASE ....................6
3.5 PRE-OPENING, OPENING AND OPERATING ASSISTANCE ....................6
3.6 MARKETING FUND ....................6
3.7 ADVERTISING AND PROMOTIONAL MATERIALS ....................6
3.8 OPERATING MANUALS AND SOFTWARE ....................6
3.9 TRAINING MATERIALS ....................7
3.10 ONGOING SEMINARS, ETC ....................7
3.11 ONGOING INSTRUCTIONAL MATERIALS ....................7
3.12 ONGOING OPERATING ASSISTANCE ....................7
3.13 LIST OF REQUIRED AND APPROVED SUPPLIERS AND VENDORS ....................7
3.14 PROPRIETARY PRODUCT SALES ....................7
3.15 MAINTENANCE OF STANDARDS ....................7
3.16 DELEGATION OF PERFORMANCE ....................7

ARTICLE 4. FRANCHISE AND ROYALTY FEES ....................8

4.1 FRANCHISE FEE ....................8
4.2 ROYALTY FEES ....................8
4.3 SALES REPORT ....................8
4.4 ACH TRANSFERS ....................8
4.5 LATE PAYMENTS ....................8
4.6 NET SALES ....................9
4.7 TRAINING FEE ....................9
4.8 DAY ONE DEPOSIT ....................9
4.9 TECHNOLOGY SUPPORT FEE ....................9
4.10 BUO TRAINING ENROLLMENT FEE ....................10
4.11 SPARK POS SAAS FEE ....................10
4.12 SPARK ONLINE ORDERING FEE ....................10

ARTICLE 5. ADVERTISING AND RELATED FEES....10

5.1 PARTICIPATION.... 10
5.2 RESTAURANT OPENING.... 10
5.3 LOCAL MARKETING.... 11
5.4 GIFT CARDS.... 11
5.5 INTERNET PROMOTIONS.... 11
5.6 PRICING; PARTICIPATION IN PROMOTIONS.... 11
5.7 GENERAL STANDARDS.... 11
5.8 MARKETING FUND.... 12
5.9 ADVERTISING CO-OPS.... 13

ARTICLE 6. YOUR ORGANIZATION....13

6.1 CORPORATION, PARTNERSHIP OR LIMITED LIABILITY COMPANY.... 13
6.2 FRANCHISEE'S NAME.... 14
6.3 YOU AND YOUR INVESTORS.... 14

ARTICLE 7. SITE SELECTION. PLANS AND CONSTRUCTION....14

7.1 SITE SELECTION.... 14
7.2 SITE LOCATION.... 14
7.3 FAILURE TO ACQUIRE SITE.... 15
7.4 ACCEPTANCE OF LOCATION.... 15
7.5 LEASE OF RESTAURANT SITE.... 15
7.6 ZONING AND REGULATORY APPROVALS.... 15
7.7 DESIGN SERVICES.... 15
7.8 ASSIGNMENT OF LEASE AND NOTICES UNDER LEASE.... 16
7.9 FINISH-OUT OR REMODELING.... 16
7.10 COMMENCE BUSINESS.... 17

ARTICLE 8. RESTAURANT OPERATIONS....17

8.1 OWNER/OPERATOR.... 17
8.2 SUPERVISION AND MANAGEMENT.... 18
8.3 POSITION QUALIFICATIONS.... 18
8.4 TRAINING REQUIREMENTS.... 18
8.5 ADDITIONAL MANAGEMENT POSITIONS.... 18
8.6 HIRING.... 18
8.7 USE OF RESTAURANT PREMISES.... 18
8.8 PERSONNEL.... 19
8.9 HEALTH AND SAFETY STANDARDS.... 19
8.10 PRODUCTS AND SERVICES.... 19
8.11 REQUIRED AND APPROVED SUPPLIERS AND VENDORS.... 20
8.12 SYSTEM SECRET RECIPES.... 21
8.13 SOFTWARE AND HARDWARE.... 21
8.14 PRE-PACKAGED FOOD ITEMS AND PROMOTIONAL MERCHANDISE.... 21
8.15 ADVERTISING AND PROMOTIONAL MATERIALS.... 22
8.16 MAINTENANCE.... 22
8.17 REMODELING AND REDECORATION OF RESTAURANT.... 22
8.18 SIGNAGE.... 22

8.19 VENDING AND GAMING MACHINES ........ 23
8.20 ALCOHOLIC BEVERAGES ........ 23
8.21 STANDARD ATTIRE OR UNIFORMS ........ 23
8.22 INSPECTIONS ........ 23
8.23 REFERRAL FEES ........ 23
8.24 REGIONAL OPERATIONS LEADER ........ 24
8.25 CATERING ........ 24
8.26 DELIVERY ........ 24
8.27 DRIVE-THROUGH SERVICES ........ 24
8.28 COMPLIANCE ........ 25
8.29 COMMUNITY AND CHARITABLE PARTICIPATION ........ 25
8.30 COMMUNICATIONS ........ 25

ARTICLE 9. TRAINING ........ 25

9.1 INITIAL TRAINING PROGRAM ........ 25
9.2 ADDITIONAL TRAINING ........ 26
9.3 MANAGERS; CHANGES IN PERSONNEL ........ 26
9.4 ON-SITE TRAINING ........ 27
9.5 RELEASE ........ 27

ARTICLE 10. USE OF PROPRIETARY MARKS ........ 27

10.1 USE OF PROPRIETARY MARKS ........ 27

ARTICLE 11. CONFIDENTIAL FRANCHISE OPERATIONS MANUALS ........ 29

11.1 PROVISIONS OF MANUAL ........ 29
11.2 USE ........ 29
11.3 CONFIDENTIALITY ........ 29
11.4 OWNERSHIP ........ 29
11.5 SUPPLEMENTATION OF AGREEMENT ........ 30
11.6 REVISIONS ........ 30
11.7 MAINTENANCE ........ 30

ARTICLE 12. CONFIDENTIALITY COVENANTS ........ 30

12.1 DISCLOSURE OF CONFIDENTIAL INFORMATION ........ 30
12.2 CONFIDENTIALITY AGREEMENTS FROM OTHER PARTIES ........ 30
12.3 NEW CONCEPTS, PROCESSES OR IMPROVEMENTS ........ 30
12.4 INJUNCTIVE RELIEF ........ 31

ARTICLE 13. ACCOUNTING AND RECORDS ........ 31

13.1 ACCOUNTING SERVICES ........ 31
13.2 MAINTENANCE OF RECORDS ........ 31
13.3 REPORTING REQUIREMENTS ........ 31
13.4 BALANCE SHEETS, INCOME AND STATEMENTS OF CHANGE ........ 32
13.5 EXAMINATION OF AUDIT RECORDS ........ 32
13.6 DISCLOSURE OF DATA ........ 32

ARTICLE 14. INSURANCE ........ 32

14.1 MAINTENANCE OF INSURANCE & APPROVED INSURANCE AGENT ............... 32
14.2 COVERAGES ..... 33
14.3 DEDUCTIBLES ..... 36
14.4 BUILDER'S RISK ..... 36
14.5 NO RELIANCE UPON DICKEY'S INSURANCE ..... 36
14.6 RELEASE REGARDING INSURANCE ..... 37
14.7 EVIDENCE OF INSURANCE ..... 37
14.8 REMEDIES ..... 37

ARTICLE 15. TRANSFER OF INTEREST ..... 37

15.1 TRANSFER BY DICKEY'S ..... 37
15.2 TRANSFER BY YOU ..... 37
15.3 TRANSFER FOR CONVENIENCE OF OWNERSHIP ..... 40
15.4 RIGHT OF FIRST REFUSAL ..... 40
15.5 TRANSFER UPON DEATH OR PERMANENT DISABILITY ..... 41
15.6 NON-WAIVER OF CLAIMS ..... 42
15.7 OFFERINGS BY YOU ..... 42

ARTICLE 16. DEFAULT AND TERMINATION ..... 42

16.1 EVENTS OF DEFAULT NOT SUBJECT TO NOTICE AND CURE ..... 42
16.2 EVENTS OF DEFAULT SUBJECT TO NOTICE BUT WITHOUT CURE ..... 42
16.3 EVENTS OF DEFAULT SUBJECT TO 7-DAY NOTICE AND CURE ..... 43
16.4 EVENTS OF DEFAULT SUBJECT TO 30-DAY NOTICE AND CURE ..... 44
16.5 NON-COMPLIANCE FEE ..... 44
16.6 DICKEY'S ALTERNATE REMEDIES UPON DEFAULT ..... 45

ARTICLE 17. OBLIGATIONS UPON TERMINATION OR EXPIRATION ..... 45

ARTICLE 18. COVENANTS ..... 48

ARTICLE 19. TAXES, PERMITS AND INDEBTEDNESS ..... 50

ARTICLE 20. INDEPENDENT CONTRACTOR AND INDEMNIFICATION ..... 51

20.1 NO FIDUCIARY RELATIONSHIP ..... 51
20.2 FRANCHISEE IS AN INDEPENDENT CONTRACTOR ..... 51
20.3 NO AUTHORITY TO BIND DICKEY'S ..... 51
20.4 DELIVERY VEHICLES ..... 51
20.5 NO ASSUMPTION OF LIABILITY ..... 52
20.6 INDEMNIFICATION & RELEASE ..... 52

ARTICLE 21. GUARANTY OF YOUR OWNER/OPERATOR AND INVESTORS ..... 54

ARTICLE 22. APPROVALS, WAIVERS AND REMEDIES ..... 55

22.1 PRIOR APPROVAL OR CONSENT OF DICKEY'S ..... 55
22.2 NO WARRANTIES OR GUARANTIES ..... 56
22.3 EFFECT OF DELAY, WAIVER, OMISSION OR FORBEARANCE ..... 56
22.4 RIGHTS AND REMEDIES CUMULATIVE ..... 56

ARTICLE 23. FORCE MAJEURE ....56

ARTICLE 24. NOTICES ....56

ARTICLE 25. ENTIRE AGREEMENT, NO RELIANCE, AND WAIVER OF CERTAIN CLAIMS ....57

ARTICLE 26. SEVERABILITY AND CONSTRUCTION ....57

26.1 SEVERABILITY .... 57
26.2 NO ADDITIONAL RIGHTS OR REMEDIES .... 57
26.3 CONSTRUCTION .... 58
26.4 COUNTERPARTS .... 58
26.5 EFFECTIVE DATE .... 58
26.6 ELECTRONIC SIGNATURES .... 58

ARTICLE 27. APPLICABLE LAW, MEDIATION, ARBITRATION, COURT ACTIONS ....58

27.1 MEDIATION .... 58
27.2 ARBITRATION .... 59
27.3 CERTAIN CLAIMS BY EITHER PARTY .... 59
27.4 ACCEPTANCE OF AGREEMENT IN TEXAS .... 59
27.5 GOVERNING LAW AND VENUE .... 60
27.6 JURY TRIAL WAIVER .... 60
27.7 WAIVER OF PUNITIVE AND EXEMPLARY DAMAGES .... 60
27.8 INDIVIDUAL CAPACITY .... 61
27.9 STATUTE OF LIMITATIONS .... 61

ARTICLE 28. ACKNOWLEDGMENTS & WARRANTIES ....61

28.1 COMPLETION OF INDEPENDENT INVESTIGATION .... 61
28.2 WARRANTY OF RESPONSES TO FRANCHISEE QUESTIONNAIRE .... 61
28.3 RECEIPT OF AGREEMENT AND DISCLOSURE DOCUMENT .... 61
28.4 REVIEW OF AGREEMENT .... 61
28.5 AUTHORIZATION TO CONDUCT INVESTIGATION .... 61
28.6 NO FINANCIAL REPRESENTATIONS .... 62

ATTACHMENT A - ACH AUTHORIZATION
ATTACHMENT B - FRANCHISEE QUESTIONNAIRE
ATTACHMENT C - CONSENT AND RELEASE FOR TRAINING
ATTACHMENT D - STATE ADDENDA (ILLINOIS)
ATTACHMENT E - LEASE RIDER
ATTACHMENT F – PRIMARY AREA MAP

DS
DG

# DICKEY'S BARBECUE RESTAURANTS, INC.
# FRANCHISE AGREEMENT

**THIS FRANCHISE AGREEMENT** (the "**Agreement**") is made and entered into and effective on the Effective Date (herein so called) stated below, by and between DICKEY'S BARBECUE RESTAURANTS, INC., a Texas corporation, hereinafter referred to as "**Franchisor**" or "**Dickey's**," and the party identified below in the Franchisee Summary as the Franchisee, hereinafter referred to as the "**Franchisee**" or "**you**." The purpose of this Agreement is to set forth the terms and conditions of the business relationship between Franchisor and the Franchisee.

## FRANCHISEE SUMMARY

EFFECTIVE DATE (Date Executed by Dickey's): October 6, 2021

TERM: Twenty (20) Years from Effective Date

REQUIRED OPENING DATE: Twelve (12) Months after Effective Date

FRANCHISEE: Demetrius Gibson

BUSINESS ENTITY: ☐ corporation ☐ partnership ☒individual ☐limited liability company formed under the laws of: ____________________

FRANCHISEE'S ADDRESS: 644 Wainsford Drive
____________________

FRANCHISEE'S TELEPHONE: (847) 849-9064

FRANCHISEE'S FACSIMILE: Hoffman Estates, IL 60169

FRANCHISEE'S E-MAIL: Demetriuswr12@gmail.com

RESTAURANT ADDRESS: ____________________

ATTORNEY OR ADVISOR: ____________________

ATTORNEY'S OR ADVISOR'S ADDRESS: ____________________

| FRANCHISE FEE: | ROYALTY: | MARKETING FUND: |
|---|---|---|
| $20,000.00 (See Delivery-Carryout Addendum) | 6% | 3% |

**action between Dickey's and its affiliates and its and their respective shareholders, officers, directors, agents, and/or employees, and you, your Owner/Operator, and each of your Investors and/or employees, shareholders, officers, and directors relating to alleged breaches or failures to perform arising out of or relating to this Agreement (and any attachments or addenda to this Agreement or any provision herein), or the relationship created by this Agreement (collectively, "Disputes") to non-binding mediation prior to filing any action in court or any in arbitration with respect to the Dispute. The mediation shall be conducted in Collin County, Texas. The parties shall attempt to select a mediator by agreement of the parties so long as the mediator selected is experienced in the mediation of disputes in the franchise and food service businesses. If the parties are unable to agree upon such a mediator within a reasonable period of time (not to exceed fifteen (15) days), then the mediation of any Dispute shall be submitted by either party to the American Arbitration Association ("AAA") for resolution in accordance with its rules governing mediation, at the office of the AAA located nearest to Dickey's corporate headquarters in Dallas, Collin County, Texas. The costs and expenses of mediation, including compensation and expenses of the mediator, shall be borne by the parties equally. If the parties are unable to resolve the Dispute within ninety (90) days after the mediator has been appointed, then either party may submit such Dispute to binding arbitration in accordance with Article 27.2 below.**

**27.2 ARBITRATION. Subject only to Article 27.1 and 27.3, all Disputes that are not resolved through mediation in accordance with Article 27.1, including all disputes relating to the scope, validity, or enforceability of this Arbitration Agreement and any provision in this Article 27.2, shall be submitted for binding arbitration to the office of the AAA located nearest to Dickey's corporate headquarters in Dallas, Collin County, Texas, on demand of either party. Such arbitration proceedings shall be conducted by an arbitrator who is experienced in the arbitration of disputes in the franchise and food service businesses, if such an arbitrator is available, and in accordance with the then-current commercial arbitration rules of the AAA. The arbitrator(s) shall have the right to award or include in their award any relief that they deem proper in the circumstances, including, without limitation, money damages (with interest on unpaid amounts from the due date), specific performance and injunctive relief. Provided, that, to the fullest extent permitted by law, the parties stipulate and agree that the arbitrators shall not provide for, and no arbitration award shall include, any punitive or exemplary damages, all of which are hereby waived by the parties. The award and decision of the arbitrator(s) shall be conclusive and binding upon all parties and adjustment may be taken on the award notwithstanding the termination or expiration of this Agreement. Dickey's and you agree that arbitration shall be conducted on an individual, not a class-wide basis. Dickey's and you agree that any arbitration between Dickey's or its affiliates and you shall not be consolidated with any other arbitration that may be taking place between Dickey's or its affiliate and other party.**

**27.3 CERTAIN CLAIMS BY EITHER PARTY. Notwithstanding anything herein to the contrary and to the extent permitted under applicable state law, either party may bring an action in any court having jurisdiction and without first submitting such action to mediation or arbitration for injunctive relief or other extraordinary relief involving the possession or disposition of, or other relief relating to real property the unauthorized disclosure or use of Proprietary Marks, or intellectual property, any violation of Article 12 or in aid of enforcing the parties' obligations to arbitrate under Article 27.2 above.**

**27.4 ACCEPTANCE OF AGREEMENT IN TEXAS. You have signed this Agreement and submitted it to Dickey's for acceptance and execution by Dickey's at Dickey's corporate headquarters in Dallas, Collin County, Texas. You shall make all payments and perform other obligations arising hereunder at Collin County, Texas, and this Agreement is made and entered into at Collin County, Texas. The provisions of this Article 27.4 shall apply to the fullest extent permitted under applicable state law.**

**27.5 <u>GOVERNING LAW AND VENUE</u>. THIS AGREEMENT IS EXECUTED AND DELIVERED IN CONNECTION WITH A TRANSACTION NEGOTIATED AND CONSUMMATED IN COLLIN COUNTY, TEXAS. ALL MATTERS RELATING TO ARBITRATION WILL BE GOVERNED BY THE FEDERAL ARBITRATION ACT (9 U.S.C. §§ 1 ET SEQ.). EXCEPT TO THE EXTENT GOVERNED BY THE FEDERAL ARBITRATION ACT, THE UNITED STATES TRADEMARK ACT OF 1946 (LANHAM ACT, 15 U.S.C. SECTIONS 1051 ET SEQ.), OR OTHER FEDERAL LAW, THIS AGREEMENT AND ANY AND ALL CONTROVERSIES, DISPUTES, OR CLAIMS ARISING OUT OF THIS AGREEMENT OR THE RELATIONSHIP BETWEEN THE PARTIES (REGARDLESS OF THE FORM OF THE CAUSE OF ACTION ASSERTED OR WHETHER THE DISPUTE IS BETWEEN YOU AND AN AFFILIATE OF DICKEY'S) SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. THE PARTIES AGREE THAT, WITH RESPECT TO ANY SUCH CONTROVERSIES, DISPUTES, OR CLAIMS ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE PARTIES' RELATIONSHIP CREATED BY THIS AGREEMENT, ANY SUCH CONTROVERSIES, DISPUTES, OR ACTIONS SHALL BE BROUGHT, MAINTAINED, AND CONCLUDED EXCLUSIVELY IN THE DISTRICT COURTS OF COLLIN COUNTY, TEXAS, OR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION. YOU, FOR YOURSELF, AND YOUR SUCCESSORS AND ASSIGNS, HEREBY IRREVOCABLY (A) SUBMIT TO THE JURISDICTION OF THE DISTRICT COURTS OF COLLIN COUNTY, TEXAS, AND THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION, (B) WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION THAT YOU MAY NOW OR IN THE FUTURE HAVE TO THE LAYING OF VENUE OF ANY LITIGATION ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT SET FORTH ABOVE; AND, (C) WAIVE ANY OBJECTION YOU MAY NOW OR HEREAFTER HAVE AS TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING BROUGHT IN SUCH COURT OR THAT SUCH COURT IS AN INCONVENIENT FORUM. YOU HEREBY IRREVOCABLY AGREE THAT SERVICE OF PROCESS MAY BE MADE UPON YOU IN ANY LEGAL PROCEEDING RELATING TO ANY DISPUTE BY ANY MEANS ALLOWED BY TEXAS LAW. You and Dickey's acknowledge that the parties' agreement regarding applicable state law and forum set forth herein provide each of the parties with the mutual benefit of uniform interpretation of this Agreement and any Dispute covered herein. You and Dickey's further acknowledge the receipt and sufficiency of mutual consideration for such benefit. Notwithstanding the foregoing, the parties acknowledge and agree that either party may institute legal action for injunctive relief in any court of competent jurisdiction as set forth in Article 27.3 above, and (2) certain terms and conditions of this paragraph may be subject to certain state laws as more particularly set forth in those state addenda that are attached to this Agreement as Attachment D.**

**27.6 <u>JURY TRIAL WAIVER</u>. YOU AND DICKEY'S IRREVOCABLY WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY EITHER OF THEM AGAINST THE OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH ACTION OR PROCEEDING.**

**27.7 <u>WAIVER OF PUNITIVE AND EXEMPLARY DAMAGES</u>. EXCEPT FOR YOUR INDEMNIFICATION OBLIGATIONS UNDER ARTICLE 20.6 AND YOUR OBLIGATION TO PAY LIQUIDATED DAMAGES UNDER ARTICLE 17.1, YOUR FAILURE TO COMPLY WITH YOUR CONFIDENTIALITY AND NON-COMPETITION OBLIGATIONS UNDER ARTICLES 11, 12, AND 18, AND EXCEPT FOR PUNITIVE DAMAGES AVAILABLE TO EITHER PARTY UNDER FEDERAL LAW, THE PARTIES HEREBY WAIVE TO THE FULLEST EXTENT PERMITTED BY LAW ANY RIGHT TO OR CLAIM OF ANY PUNITIVE OR EXEMPLARY**

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement on the day and year first above written.

**DICKEY'S:**

DICKEY'S BARBECUE RESTAURANTS, INC.,
a Texas corporation

DocuSigned by:
By: Jeff Gruber ______________________________
C684B39DFE9B4DE...
Jeff Gruber, Senior Vice President of Franchise Relations

**FRANCHISEE:**

DEMETRIUS GIBSON,
a/an Individual

DocuSigned by:
By: Demetrius Gibson ____________________
6A5D3A7A7619485...

Name: Demetrius Gibson

Title: Individually

**INVESTORS:**

DEMETRIUS GIBSON

DocuSigned by:
By: Demetrius Gibson ____________________
6A5D3A7A7619485...
Demetrius Gibson, an Individual

**OWNER/OPERATOR:**

DEMETRIUS GIBSON

DocuSigned by:
By: Demetrius Gibson ________________
6A5D3A7A7619485...
Demetrius Gibson, an individual

# EXHIBIT B

**From:** Himanshu Patel
**To:** AAA Carissa Langston
**Cc:** RDickeyjr@dickeys.com; Jgruber@dickeys.com; Lquinn@dickeys.com; dlongworth@dickeys.com; SMullett@dickeys.com; Cameron Kinvig; gleydig@leydiglaw.com; Beverly Congdon; Tonia Ashworth; Gina Flores; Mary Nix; Jamie Drillette; Terra Slusher; Michael K. Hurst; Bryan Lara-Soto; Victoria Diaz; Robert Einhorn
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey"s Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053
**Date:** Thursday, May 9, 2024 6:19:32 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.jpg
image009.gif
image010.png
image011.png
image012.png
image013.png
2024.05.09 AAA Preliminary Hearing Scheduling Order form (Joint).rtf

---

Dear Ms. Langston:

Attached is a proposed Scheduling Order for discussion tomorrow with Arbitrator Leydig. There are a set of dates in a yellow box while there is another set of some dates in a blue box. The yellow box corresponds to Dickey's position while the blue box corresponds to Claimants' position. Instead of further complicating this by adding more competing dates, Claimants propose that the parties address the timing of the hearing during tomorrow's call and then submit a final proposed Order for Arbitrator's signature by the close of business on Tuesday, May 14, 2024. Specifically, Claimants propose that the final hearing take place during the initial 2 weeks in March 2025 while Dickey's proposes that the final hearing take place in August 2025. Once Arbitrator Leydig decides when the final hearing should take place, the parties can then submit a clean proposed Scheduling Order with 1 set of dates that will be based on the date(s) for the final hearing. We hope this approach is acceptable.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Himanshu Patel
**Sent:** Thursday, May 9, 2024 3:49 PM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** RDickeyjr@dickeys.com; Jgruber@dickeys.com; Lquinn@dickeys.com; Dlongworth@dickeys.com; SMullett@dickeys.com; Cameron Kinvig <CKinvig@dickeys.com>; Himanshu Patel <HPatel@zarcolaw.com>; gleydig@leydiglaw.com; bcongdon@lynnllp.com; tashworth@lynnllp.com; gflores@lynnllp.com; mnix@lynnllp.com; jdrillette@lynnllp.com; tslusher@lynnllp.com; MHurst@lynnllp.com; Bryan Lara-Soto <Bryan@zarcolaw.com>; Victoria Diaz <Lawclerk2@zarcolaw.com>; Robert Einhorn <REinhorn@zarcolaw.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Hello Ms. Langston:

Please add Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett and Cameron Kinvig, Esq. to the service list. I have included all of them in the CC line on this e-mail so that they are aware of the conference call for tomorrow with Arbitrator Leydig and have all dial-in instructions.

We were advised yesterday by Dickey's counsel, Jamie Drillette, Esq., that her law firm does **not** represent the individual Respondents or Virtual Brands. The only individual on this e-mail list that I just added and who is not a party to this arbitration is Mr. Kinvig.
Mr. Kinvig is the General Counsel for Dickey's and Virtual Brands, an entity that is owned by Mr. Roland Dickey. At this time, and as far as Claimants know, the individual Respondents are representing themselves on a pro se basis. As to Virtual Brands, it is our understanding that the entity has not retained outside counsel. We are uncertain as to whether Virtual Brands intends to retain counsel or whether Mr. Kinvig intends to represent the entity.

We look forward to tomorrow's call.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** AAA Carissa Langston <CarissaLangston@adr.org>
**Sent:** Wednesday, May 8, 2024 10:21 AM
**To:** Robert Einhorn <REinhorn@zarcolaw.com>; Victoria Diaz <Lawclerk2@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Seth M. Shapiro <sshapiro@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; MHurst@lynnllp.com; tslusher@lynnllp.com; jdrillette@lynnllp.com; mnix@lynnllp.com; gflores@lynnllp.com; tashworth@lynnllp.com; bcongdon@lynnllp.com; gleydig@leydiglaw.com
**Cc:** AAA Carissa Langston <CarissaLangston@adr.org>
**Subject:** FW: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Good morning!

This will serve as a reminder that a conference call in this matter is scheduled for **May 10, 2024, at 1:00 pm, CT.** Please use the call connection details provided in the email below.

If you need anything else prior to the call, please do not hesitate to contact us.

Thank you,
*Nicole for Carissa Langston*

**AAA Carissa Langston**
**Manager of ADR Services**

American Arbitration Association

T: 972 774 6913 E: CarissaLangston@adr.org
13727 Noel Road, Suite 1025, Dallas, TX 75240
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** AAA Carissa Langston <CarissaLangston@adr.org>
**Sent:** Friday, May 3, 2024 10:37 AM
**To:** reinhorn@zarcolaw.com; Lawclerk2@zarcolaw.com; hpatel@zarcolaw.com; sshapiro@zarcolaw.com; bryan@zarcolaw.com; MHurst@lynnllp.com; tslusher@lynnllp.com; jdrillette@lynnllp.com; mnix@lynnllp.com; gflores@lynnllp.com; tashworth@lynnllp.com; bcongdon@lynnllp.com
**Cc:** Gary Leydig <gleydig@leydiglaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Counsel:

This will confirm Claimant's request for an extension to file a response to Dickey's Counterclaim has been granted.

Attached is the Arbitrator's Scheduling Order 2.

Also, this will confirm the next call has been scheduled for **May 10, 2024 at 1:00 pm, CT**.

To join the audio conference call from your computer, please follow the below instructions:

**1.** From your computer, click the following link: https://meet.loopup.com/BhG3vcZ
**2.** Enter your name and phone #.
**3.** Click "Call Me Now" *(LoopUp will immediately dial out to you at the number you entered)*.

If you are offline or not at a computer, you can manually dial in using the following information:

Telephone Dial-in Number: **(855) 633-2040**
Guest Dial-in Code: **2423160#**

If you have any questions, please let me know.

Thanks,
Carissa

**AAA Carissa Langston**
**Manager of ADR Services**

T: 972 774 6913 E: CarissaLangston@adr.org
13727 Noel Road, Suite 1025, Dallas, TX 75240

---

**From:** Mary Nix <mnix@lynnllp.com>
**Sent:** Friday, May 3, 2024 10:11 AM
**To:** Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** AAA Carissa Langston <CarissaLangston@adr.org>; Robert Einhorn <REinhorn@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Jamie Drillette <jdrillette@lynnllp.com>
**Subject:** Re: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

***** External E-Mail – Use Caution *****

No objection

On May 3, 2024, at 9:47 AM, Himanshu Patel <HPatel@zarcolaw.com> wrote:

Good morning Ms. Langston:

Claimants' response to Dickey's Counterclaim is due today. By this e-mail, Claimants request an extension until the close of business on Tuesday, May 8, 2024 to file their response to same. The undersigned sent a meet and confer e-mail to Respondent's counsel, Jamie Drillette, Esq., yesterday evening but has yet to hear back.

Given that there is no scheduling order in place as of today, there will be no prejudice to Respondent if the requested extension is granted. Please confirm our request for a 2-business day extension as soon as possible. Thank you.

HIMANSHU M. PATEL, ESQ,
Partner
*<image001.png>*

ZARCO EINHORN SALKOWSKI, P.A.

One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

*<image002.jpg>*

*<image003.jpg>*

*<image004.jpg>*

*<image005.jpg>*

*<image006.jpg>*

<IMAGE007.PNG>
<image008.jpg>

*<image009.gif>*

*<image010.png>*

<image011.png>

---

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**American Arbitration Association**

**Preliminary Hearing and Scheduling Order#__1___**

Case Number: 01-23-0004-5053

G Six Consulting LLC, Demetrius Gibson, and Maria Gibson
-vs-
Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, Virtual Brands, Inc.

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 1, 2022, a preliminary hearing was held on ______**May 1, 2024**______ before Arbitrator(s) ________**Gary W. Leydig, Esq.**_________.

**Preliminary Hearing Attendees**:

For Claimant: __**Robert M. Einhorn, Esq. and Himanshu M. Patel, Esq.**__

For Respondent: __**Jamie R. Drillette and Mary Goodrich Nix**

For the Association: __**Sammi Powers**__________________________

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect**:

**1. Applicable Law**: The __**Federal**__ arbitration statute/act will apply in the Arbitration and _**Texas contract law and Texas, Illinois, and Federal statutory law**_ will be applied substantively to the arbitration. As to the substantive law that will apply to tort claims, Claimants submit that Illinois law governs while Respondent submits that Texas law governs. The parties dispute whether Texas or Illinois tort law shall apply. The parties shall submit briefing on this issue no later than [_______/ **March 24, 2025**], not to exceed **8 pages**, if the parties

are unable to reach an agreement prior to such time. Responses shall be due no later than [_______/**March 31, 2025].** The arbitrator will rule on the applicable law by [_______/**April 7, 2025**].

**2. Parties:** All necessary parties are included in the arbitration, and the parties reserve the right to add parties.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator(s), Claimants shall amend and clarify their pleadings by **May 31, 2024.** Responses, if any, are due by **June 14, 2024.** All other amended claims and/or counterclaims shall be filed parties shall be filed by __**June 21, 2024**__. Reponses, if any, are due by **July 5, 2024**__.

**4. Additional Preliminary Matters:** Any other preliminary matters not otherwise provided for herein shall be raised by the parties by August 5, 2024.

**5. Dispositive Motions:** One of the Parties has indicated its desire to file a dispositive motion. In the event that either Party desires to file a dispositive motion, it may file and serve an opening letter on or before [_______/**April 14, 2025**], not to exceed 5 pages in length stating the reasons it believes that a dispositive motion should be allowed by the Arbitrator(s). The opposing Party may file and serve its letter in opposition, not to exceed 5 pages in length, on or before [_______/**April 21, 2025**]. The Arbitrator will rule on the Parties' letter submissions on or before [_______/**April 28, 2025**]. If allowed, dispositive motions will be due **no later than** [_______/**May 26, 2025**], with responses due **14** days after the filing of the dispositive motion.

**6. Motions: (Optional Paragraph)** All other applications or requests for advice or direction from the Arbitrator(s) may be made informally by email or joint telephone conference. Formal motion procedure is not required, although it is allowed if the parties wish.

**7. Hearing:** A Final Hearing in this matter will commence before the Arbitrator(s) at __**Dallas, Texas**__ on _[**March 3 – 14, 2025**/ **August 11–22, 2025]**__ at __**9:00 a.m. CT**__. The parties estimate that this case will require __**10**__ day(s) of hearing time, inclusive of arguments. Approximate number of attendees at the hearing: **TBD**. This is a firm setting and will not be changed or continued absent exceptional circumstances, upon a showing of good cause, or agreement by parties.

**8. Additional Pre-hearing/Status Conference**: An additional pre-hearing or status conference call is scheduled for __[**December 13, 2024/July 28, 2025**]__ at __**10:00 a.m. CT**__ before the Arbitrator(s). The parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than__**[December 6,**

**2024/July 21, 2025]**__. If no agenda is provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the parties.

**9. Exchange of Information/Discovery**:

a. Written Discovery:

i. Requests shall be exchanged by **July 12, 2024**__. Each party may serve no more than _**30**__ requests for production of documents and no more than __**10**__ interrogatories.

ii. Answers to discovery requests are due within __**30**__ days of receipt of the requests.

b. Depositions to be completed by__**[November 22, 2024/April 28, 2025]**__.

i. ____ hours of total deposition time or _[10 / 7]__ number of depositions.

ii. No deposition shall exceed __7__ hours in length.

iii. With respect to all depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

c. Discovery cutoff is_**[November 22, 2024/April 28, 2025]**__.

i. Please be advised that late-filed motions to compel discovery or discovery disputes are insufficient to cause a postponement of the Final Hearing.

d. Electronic Discovery:

i. Clawback agreements shall be in place for all parties to allow for the retrieval of inadvertently disclosed attorney-client privileged documents.

ii. If the cost of collection of any of the electronically stored data presents an unreasonable cost for the producing party because the data is not readily accessible and the parties cannot reach an agreement on the handling of the cost, the arbitrator will decide if cost sharing or cost shifting is appropriate.

iii. If any party has documents that are confidential, the arbitrator will issue a protective order upon the receipt of a stipulation from the parties for such an order. If the parties cannot agree on the terms, the attached sample Stipulation for Protective Order form can be provided.

iv. The parties' agreement regarding electronic discovery will then be memorialized in an ESI

case management order to be submitted in draft to the Arbitrator(s) on or before _[**May 31, 2024**/**June 28, 2024]**__. If the parties cannot come to agreement regarding all salient issues concerning electronic discovery not covered by this order, they may raise the remaining issues to the Arbitrator(s) by motion, to be filed within __**10**_ days of the meet and confer in accordance with the deadlines below.

**10. Confidentiality:** A party may make a request to the Arbitrator(s) for any measures required to protect confidential information.

**11. Cybersecurity/Privacy:** Having reviewed the AAA-ICDR Best Practices Guide for Maintaining Cybersecurity and Privacy and discussing what specific precautions might be required with regard to cybersecurity, privacy, and data protection in order to ensure an appropriate level of security for this case, the following measures shall be implemented: **Not applicable**

**12. Subpoenas:**

a. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator(s). The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. If any Party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator(s) no more than __**5**__ business days after issuance is requested, unless a shorter time is ordered by the Arbitrator(s). Subpoenas related to discovery shall be submitted to the Arbitrator(s) on or before ___[ /**February 28, 2025**__. Subpoenas for the attendance of witnesses at the hearing shall be submitted no later than __[ **December 13, 2024**/**June 30, 2025]**__.

b. Pursuant to agreement of the parties, for cases involving an arbitration panel, the chair of the panel, and in his/her absence, any other panel member may issue subpoena(s) and rule on discovery.

**13. Witness Disclosures:**

a. Claimant shall file a disclosure of all witnesses reasonably expected to be called by Claimant(s) by_[ **November 22, 2024**/**April 28, 2025]**__.

b. Respondent shall file a disclosure of all witnesses reasonable expected to be called by Respondent(s)

by __[ **November 22, 2024/April 28, 2025**]__.

c. On or before [**December 13, 2024/February 3, 2025**], the Parties shall file and serve their initial expert witness reports. On or before [**January 3, 2024 /March 3, 2025**, the Parties shall file and serve any rebuttal expert witness reports. Expert reports shall set forth each expert's opinions and the reasons for them. The substance of each expert's direct testimony must fairly and reasonably be addressed in the expert's report. Experts witnesses may be deposed, not to exceed **4 hours**. Such depositions shall not be included in the limitations described in Paragraph 9(b) above.

**14. Exhibits:** The parties shall exchange copies of all exhibits to be offered at hearing not later than _[ **January 17, 2025/June 30, 2025**]__. The parties shall exchange copies of all demonstrative exhibits, including schedules, summaries, diagrams, and charts to be used at hearing not later than [ __________/**July 7, 2025**].

a. The Association does not require a copy of the exhibits for our file.

b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the witness.

c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| **Party** | **Exhibit #** | **To Exhibit #** |
|---|---|---|
| Claimant | C1 | C___ |
| Respondent | R1 | R___ |

d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.

i. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

**15. Arbitration Hold:** Counsel for the Parties are directed to inform their clients that the Arbitrator(s) has ordered an arbitration hold according to applicable law and that the clients should take steps to prevent the destruction of all documents, both paper and electronic. If any party has an automatic document deletion/destruction program in place that system should be overridden until the case is completed.

**16. Stipulation of Uncontested Facts:** The parties shall file a stipulation of uncontested facts by _[ **December 20, 2024/July 14, 2025**]__.

**17. Pre-Hearing Briefs:** On or before __[ **January 24, 2025/July 14, 2025**]__, each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

a. Briefs may be in summary form, including the use of bullet points rather than extensive text.

b. The Arbitrator(s) requests that briefs not exceed __**15**__double-spaced pages, excluding copies of any authorities that the parties may submit at the same time. The parties are invited to highlight any authorities as they deem appropriate.

**18. Stenographic Record**: If both parties desire a stenographic record of the hearing, the parties will arrange between themselves of the presence of a court reporter. The cost of the court report will be divided evenly between the Parties. Pursuant to Rules, if the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record.

**19. Award:**

a. Form of Award:

i. Standard/**Reasoned** or as required by the parties' arbitration clause

ii. Pursuant to the Rules, the award shall be made by the Arbitrator(s) no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statement and proofs to the Arbitrator(s).

iii. Confirm if the arbitration agreement provides for the awarding of attorney's fees.

**20. Mediation/Judicial Settlement Conference Services**:

a. Mediation and Judicial Settlement Conference Services are available from the AAA. There is no additional filing fee to initiate either service.

b. The parties shall mediate their dispute by ____**N/A**__________________ pursuant to AAA's Commercial Arbitration Rules, or as otherwise agreed upon by the parties, in accordance with the Rules.

**21. Communication**:

Direct Exchange

The parties agree to participate in Direct Exchange. Provided there is no *ex parte* communication with the Arbitrator(s), the parties may communicate directly with the Arbitrator(s) by submitting documents to the

Arbitrator(s) and also sending copies to the other party(s) and originals to the AAA (except for hearing exhibits and discovery documents). Email submission of documents and email requests for action by the Arbitrator(s) are allowed, provided that the AAA and all parties also receive copies of all of these. For convenience of the parties, the following are the email addresses to be used:

**For Claimants**: reinhorn@zarcolaw.com; hpatel@zarcolaw.com; bryan@zarcolaw.com

**For Respondents**: jdrillette@lynnllp.com; mnix@lynnllp.com; mhurst@lynnllp.com

**For AAA**: SammiPowers@adr.org; gleydig@leydiglaw.com

There shall be no direct oral or written communication between the parties and the Arbitrator(s) except as contemplated by this Order. Any communication to the Arbitrator(s) shall be copied to the AAA.

**22. Orders:** Upon agreement of the Arbitrator(s), orders of the Panel of Arbitrator(s) may be signed by the Panel Chair, __**N/A**____________, alone on behalf of the entire panel and shall be effective as if signed by all three panel members.

**23. Disclosures of the Arbitrator(s):** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator(s) the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator(s) shall be raised promptly with the AAA.

**24. File Destruction:** The Arbitrator(s) will destroy their files related to this matter __**60**__ days after the filing of the Award unless otherwise notified by the parties.

**25. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator(s).

Dated: ______________________________

Arbitrator Signature: ___________________________________________

**Table of Deadlines**

| # | Action | Deadline |
|---|---|---|
| 1 | Parties' disclosures | July 5, 2024 |
| 2 | Claimants' initial request for documents (if needed) | July 12, 2024 |
| 3 | Respondents' initial request for documents (if needed) | July 12, 2024 |
| 4 | Claimants' initial disclosure of potential witnesses | July 12, 2024 |
| 5 | Respondents' initial disclosure of potential witnesses | July 12, 2024 |
| 6 | For Panel disclosure purposes, identification of any related parties, or witnesses | July 12, 2024 |
| 8 | Parties' expert(s) designations and reports | Feb. 3, 2025 |
| 9 | Parties' rebuttal expert(s) designations and reports | Mar. 3, 2025 |
| 10 | Motions regarding any unresolved discovery disputes | May 5, 2024 |
| 11 | Claimants' list of witnesses reasonably intended to be called | April 28, 2025 |
| 12 | Respondents' list of witnesses reasonably intended to be called | April 28, 2025 |
| 13 | Completion of all discovery | April 28, 2025 |
| 14 | If permitted by the Panel, deadline for the filing of dispositive motions | May 26, 2025 |
| 15 | Parties' exchange of proposed exhibits | June 30, 2025 |
| 16 | Requests for the issuance of third-party subpoenas for discovery | Feb. 28, 2025 |
| 17 | Requests for witness subpoenas for hearing | June 30, 2024 |
| 18 | Parties' completion of combined single set of exhibit books | July 7, 2025 |
| 19 | Parties' exchange of demonstrative exhibits | July 7, 2025 |
| 20 | Filing of pre-hearing statements, any stipulations and core exhibits for prehearing Panel review | July 14, 2025 |
| 21 | Dates for pre-hearing status conference(s) (telephonic) | July 28, 2025 |
| 22 | Hearing dates / delivery of exhibits | Aug. 11–22, 2025 |
| 23 | Filing of post-hearing briefs (if any) | 14 days after closing date of hearing |
| 24 | Estimated deadline for issuance of final award | 30 days after closing date of hearing |

# EXHIBIT C

**From:** Jamie Drillette
**To:** Gary Leydig; Himanshu Patel; AAA Carissa Langston
**Cc:** Robert Einhorn; Ingrid Morfi; "RDickeyjr@dickeys.com"; "Jgruber@dickeys.com"; "Lquinn@dickeys.com"; "dlongworth@dickeys.com"; "stephencbanker@gmail.com"; Bryan Lara-Soto; Mary Nix; Michael K. Hurst; "Noel.quinn@gmail.com"; Tonia Ashworth; Roman Kupchynsky III
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey"s Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053
**Date:** Tuesday, August 27, 2024 5:14:00 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.jpg
image009.gif
image010.png
image011.png

---

Arbitrator Leydig –

As you may recall from the preliminary hearing in this matter, there are a number of individuals named as respondents in this dispute (Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, and Stephen Mullet, as well as Virtual Brands, Inc.). Dickey's position is that the AAA does not have jurisdiction over these respondents, as none of them are parties to the arbitration agreement between Dickey's and Mr. Gibson (later assumed by G Six Consulting, LLC), which provides for the AAA's jurisdiction over this dispute.

As we are moving into discovery in this matter, Dickey's would like to resolve this issue, as it will have significant impact on depositions and the scope of discovery. I propose the following briefing schedule:

- **Sept. 6, 2024:** Dickey's brief
- **Sept. 13, 2024:** Claimants' response
- **Sept. 20, 2024:** Dickey's reply

We will of course defer to you, if you see a more efficient way to accomplish this.

Best,

**Jamie Drillette | Associate**
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
jdrillette@lynnllp.com

---

**From:** Gary Leydig <gleydig@leydiglaw.com>
**Sent:** Wednesday, June 5, 2024 11:58 AM
**To:** Himanshu Patel <HPatel@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com'

<dlongworth@dickeys.com>; 'Cameron Kinvig' <CKinvig@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Jamie Drillette <jdrillette@lynnllp.com>
**Subject:** Re: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

The extension of the two dates requested is allowed, and the prehearing scheduling order is modified accordingly.

Gary Leydig
LeydigLaw
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525
(708) 927-9303
gleydig@leydiglaw.com

---

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Wednesday, June 5, 2024 10:09:27 AM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'Cameron Kinvig' <CKinvig@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Mary Nix <mnix@lynnllp.com>; 'Michael K. Hurst' <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; 'Jamie Drillette' <jdrillette@lynnllp.com>; Gary Leydig <gleydig@leydiglaw.com>
**Subject:** G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Good morning Carissa:

Claimants' deadline to submit an Amended Demand for Arbitration is Friday, June 7, 2024. Respondents' deadline to respond to same is June 14.

Claimants seek an extension until Wednesday, June 19 to submit their Amended Demand for Arbitration, with Respondents' deadline pushed back from June 14 to June 26.

The undersigned conferred with Respondent Dickey's counsel, Jamie Drillette, Esq., regarding the relief requested herein. Ms. Drillette had no objection as long as the response deadline was pushed

back to June 26.

Claimants seek the requested extension in good faith and not for purposes of delay. Please confirm the extension at your earliest convenience. Thank you.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

# EXHIBIT D

**From:** Gary Leydig
**To:** Jamie Drillette; Himanshu Patel; AAA Carissa Langston
**Cc:** Robert Einhorn; Ingrid Morfi; "RDickeyjr@dickeys.com"; "Jgruber@dickeys.com"; "Lquinn@dickeys.com"; "dlongworth@dickeys.com"; "stephencbanker@gmail.com"; Bryan Lara-Soto; Mary Nix; Michael K. Hurst; "Noel.quinn@gmail.com"; Tonia Ashworth; Roman Kupchynsky III
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey"s Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053
**Date:** Wednesday, August 28, 2024 3:39:01 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.jpg
image009.gif
image010.png
image011.png

---

Counsel:

The issues of jurisdiction should be dealt with promptly in any arbitration. The AAA rules address jurisdiction and when objections to jurisdiction must be brought. The pertinent rule states:

> R-7. Jurisdiction
> (a) The arbitrator shall have the power to rule on his or her own jurisdiction, including
> any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court.
> (b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.
> (c) A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

I further note that my order of May 10, 2024 states:

> 2. The following Respondents have not yet appeared in this matter: Roland Dickey, Jr.; Jeff Gruber; Lee Quinn; Deborah Longworth; Steven Mullett; and Virtual Brands, Inc. Any of these Respondents who have notice of this proceeding shall respond or file any objections on or before May 24, 2024.

I have not researched Rule 7 and I express no opinion here on its application to the facts that are now presented. Without ruling on anything at this time, however, the above-referenced items raise some obvious, preliminary questions. Does Dickey's have standing, or is it authorized, to pursue a jurisdiction motion (or any other motion) on behalf of the non-appearing parties? Will the non-

appearing parties be bound by any order I enter on a motion from Dickey's? Assuming I will eventually have to address my jurisdiction over the non-appearing parties before I enter any potential award against them, why would I take a submission on the issue from anyone other than the claimant? Again, does Dickey's have standing or authority to speak for the non-appearing parties? Have the non-appearing parties already defaulted on the deadline I established in my order of May 10? Even if the non-appearing parties now appeared and offered a motion to dismiss this matter on jurisdictional grounds, why should I hear it? Is it not untimely?

The AAA rules and my order establish a procedure for when the non-appearing parties were to have made "any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim." The non-appearing parties (to the extent they have notice of this proceeding) have, it appears, chosen to "roll the dice" and ignore these procedures. I have no idea how I will ultimately rule on the issue of jurisdiction over these parties, but it seems fairly certain that I will be making such a ruling so long as claimant has named them as respondents and has proffered claims against them. The parties—including the non-appearing parties—need to present the issue of my jurisdiction and the validity of the arbitration agreement in accordance with the rules. While I am open to hear more from the claimant and Dickey's on an appropriate way forward, the presently proposed procedure does not seem to fit that bill. Without prejudice, the proposed briefing schedule is denied.

Regards,

*Gary W. Leydig*

Gary W. Leydig, Arbitrator

**LeydigLaw**

The Law Firm of Gary W. Leydig LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

---

**From:** Jamie Drillette <jdrillette@lynnllp.com>
**Sent:** Tuesday, August 27, 2024 5:15 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Bryan

Lara-Soto <Bryan@zarcolaw.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Arbitrator Leydig –

As you may recall from the preliminary hearing in this matter, there are a number of individuals named as respondents in this dispute (Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, and Stephen Mullet, as well as Virtual Brands, Inc.). Dickey's position is that the AAA does not have jurisdiction over these respondents, as none of them are parties to the arbitration agreement between Dickey's and Mr. Gibson (later assumed by G Six Consulting, LLC), which provides for the AAA's jurisdiction over this dispute.

As we are moving into discovery in this matter, Dickey's would like to resolve this issue, as it will have significant impact on depositions and the scope of discovery. I propose the following briefing schedule:

- **Sept. 6, 2024:** Dickey's brief
- **Sept. 13, 2024:** Claimants' response
- **Sept. 20, 2024:** Dickey's reply

We will of course defer to you, if you see a more efficient way to accomplish this.

Best,

**Jamie Drillette | Associate**
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
jdrillette@lynnllp.com

---

**From:** Gary Leydig <gleydig@leydiglaw.com>
**Sent:** Wednesday, June 5, 2024 11:58 AM
**To:** Himanshu Patel <HPatel@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'Cameron Kinvig' <CKinvig@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Jamie Drillette <jdrillette@lynnllp.com>
**Subject:** Re: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

The extension of the two dates requested is allowed, and the prehearing scheduling order is modified accordingly.

Gary Leydig
LeydigLaw
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525
(708) 927-9303
gleydig@leydiglaw.com

---

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Wednesday, June 5, 2024 10:09:27 AM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'Cameron Kinvig' <CKinvig@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Mary Nix <mnix@lynnllp.com>; 'Michael K. Hurst' <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; 'Jamie Drillette' <jdrillette@lynnllp.com>; Gary Leydig <gleydig@leydiglaw.com>
**Subject:** G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Good morning Carissa:

Claimants' deadline to submit an Amended Demand for Arbitration is Friday, June 7, 2024. Respondents' deadline to respond to same is June 14.

Claimants seek an extension until Wednesday, June 19 to submit their Amended Demand for Arbitration, with Respondents' deadline pushed back from June 14 to June 26.

The undersigned conferred with Respondent Dickey's counsel, Jamie Drillette, Esq., regarding the relief requested herein. Ms. Drillette had no objection as long as the response deadline was pushed back to June 26.

Claimants seek the requested extension in good faith and not for purposes of delay. Please confirm the extension at your earliest convenience. Thank you.

HIMANSHU M. PATEL, ESQ,
Partner

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

# EXHIBIT E

**From:** Jamie Drillette
**To:** Gary Leydig; Bryan Lara-Soto; AAA Carissa Langston
**Cc:** Robert Einhorn; Ingrid Morfi; "RDickeyjr@dickeys.com"; "Jgruber@dickeys.com"; "Lquinn@dickeys.com"; "dlongworth@dickeys.com"; "stephencbanker@gmail.com"; Mary Nix; Michael K. Hurst; "Noel.quinn@gmail.com"; Tonia Ashworth; Roman Kupchynsky III; Himanshu Patel; Dorian Vergos; F. Alaina Rodriguez
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey"s Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053
**Date:** Tuesday, September 24, 2024 1:52:00 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.png

---

Arbitrator Leydig,

We have received notices for the depositions of Roland Dickey and Jeff Gruber, which were noticed to take place on November 5 and 6, 2024 at 4145 Cole Avenue, Ste. 600, Dallas, TX 75205. While counsel from our firm will attend any properly noticed depositions on behalf of Dickey’s, our firm has not been retained to represent Jeff Gruber or Roland Dickey individually.

Note that we do not believe the AAA has authority to secure pre-hearing depositions of any third party.  We have thoroughly researched the case law in the 5th Circuit on this point and can find no authority for this proposition.  Our firm has been involved in deposition discovery in multiple arbitrations and have been on both sides of this issue and it is our understanding that the AAA does not have authority to require third parties to participate in any pre-hearing discovery.  If there is a statute or case that suggests otherwise, we would like to review it.  In those circuits where pre-hearing discovery of third parties is permitted, it is generally held that there must be some special reason why a third party would need to be compelled to participate.  Here, there is no reason provided and we can think of no reason to support the request.  Dickey’s has agreed to provide a corporate representative for deposition.  To date, we have not received any proposed topics from the claimant.  If claimant provides proposed topics, we will be glad to determine the appropriate corporate representative(s) to testify on topics and will work with claimant’s counsel to schedule the deposition(s).

Best,

**Jamie Drillette** | Associate
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
jdrillette@lynnllp.com

---

**From:** Gary Leydig <gleydig@leydiglaw.com>
**Sent:** Monday, September 23, 2024 5:02 PM
**To:** Bryan Lara-Soto <Bryan@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>;

'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Attached are the executed summonses for Messrs. Dickey and Gruber.

Regards,

*Gary W. Leydig*
GARY W. LEYDIG

LEYDIGLAW
THE LAW FIRM OF GARY W. LEYDIG LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Friday, September 20, 2024 5:38 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Arbitrator Leydig:

Please find attached Claimant's Arbitration Summons directed to Roland Dickey Jr. and Jeffrey Gruber for your review and approval.

Thank you,

**BRYAN LARA-SOTO**
Paralegal

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: Bryan@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

# EXHIBIT F

**From:** Gary Leydig
**To:** AAA Carissa Langston
**Cc:** Robert Einhorn; Ingrid Morfi; "RDickeyjr@dickeys.com"; "Jgruber@dickeys.com"; "Lquinn@dickeys.com"; "dlongworth@dickeys.com"; "stephencbanker@gmail.com"; Mary Nix; Michael K. Hurst; Tonia Ashworth; Roman Kupchynsky III; Bryan Lara-Soto; Himanshu Patel; Dorian Vergos; F. Alaina Rodriguez; Jamie Drillette
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey"s Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053
**Date:** Thursday, September 26, 2024 11:07:53 AM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.png

---

Counsel,

Claimants' recent request for two deposition subpoenas, and respondents' informal email response thereto, have caused me to rethink how we need to proceed in this matter. One of the great advantages of arbitration is the relative level of informality it allows. However, that informality cannot interfere with the arbitrator's ability to render sound decisions. On Friday, I received claimants' request to issue two deposition subpoenas directed to two individuals who are in fact named in (and, as far as I understand it, who have notice of) this arbitration. Neither of these individuals have moved to dismiss this arbitration as it relates to them. Nor have either of these individuals moved to quash the subpoenas that I issued on claimants' request. The subpoena request was submitted to me on a Friday. I purposely waited until the close of the day on the following Monday to issue the subpoenas so as to give respondents an opportunity to raise an objection. None was made. The day after I issued the subpoenas, respondents sent me the email communication, below. I do not view this informal email as a request for the arbitrator to take any specific action at all. It is not asking for the subpoenas to be quashed. Rather, without citing a single authority, it merely informs the arbitrator that, in their opinion, the Fifth Circuit does not provide authority for the subpoenas. That is not useful.

Faced with this non-call to action by respondents, however, I concluded I best look at the law to make sure I was not taking actions that might undermine these proceedings. Claimants' proposed subpoenas specifically state that I was issuing the subpoenas per "the authority conferred on the undersigned Arbitrator acting under Section 7 of the Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.)*." I took this statement, prepared by claimants, on face value when I issued the subpoenas. Turning to section 7, I now see it in fact makes no reference to depositions or, more generally, discovery of any sort. I then undertook the legal research that respondents chose not to provide to me. There is a split in the courts as to the authority of an arbitrator to compel discovery from non-parties. These two cases seem to do a good job of identifying that split: *McTammany v. Foundation Capital Partners L.P.*, 8:15-mc-0006-DOC (VBKx) (C.D. Cal. May 01, 2015); *Matria Healthcare, LLC v. Duthie*, 584 F.Supp.2d 1078 (N.D. Ill. 2008).

Since the depositions are not scheduled until November, I am *sua sponte* quashing the subpoenas previously issued by me. If claimants wish to renew their request for the issuance of these subpoenas, they are at liberty to do so but I will expect, here and in all similar matters going forward, the following:

- The party seeking action from the arbitrator will identify specific authority in support of the requested action; and
- Any party objecting to the requested action will, within two business days of the request, notify the arbitrator of its objection. Ideally, the objection will be supported at that time with authority in support of the objection. If necessary, the timely objection can state that additional time is required to present the authority. In those instances, the supporting authority shall be submitted to the arbitrator within seven calendar days of the initial request for action. The requesting party can submit a reply within seven calendar days of the objecting party's submission of its authority.

A couple other comments going forward. If the respondents have objections or arguments to make on *their* own behalf, make them. I am not interested, however, in hearing objections or arguments made on behalf of the parties who have elected to not appear in this arbitration. If the arbitrator takes action that affects these non-appearing parties, ***they*** need to take whatever action they deem necessary to protect their interests. Counsel for the respondents who have thus far appeared have repeatedly emphasized to the arbitrator that they are not appearing on behalf of these absent parties. That being so, I am not interested in the "back door" arguments that are purportedly being made on the absent parties' behalf. Also, I do not read the parties' arbitration agreement or the controlling Preliminary Hearing and Scheduling Order as requiring the application of the law emanating from the Fifth Circuit on issues like those presented by the subpoenas. As with all matters, I am open to persuasion to the contrary but that is my current understanding.

Finally, I removed the following email address from my mailing list: Noel Quinn noel.quinn@gmail.com . Please confirm that he should not be receiving our email correspondence and, if that is the case, please remove him from all further communications. If there are other email addresses that can reasonably be removed from the lengthy list currently circulated, let's do it.

Regards,

*Gary W. Leydig*
GARY W. LEYDIG

LEYDIGLAW
THE LAW FIRM OF GARY W. LEYDIG LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

**From:** Jamie Drillette <jdrillette@lynnllp.com>
**Sent:** Tuesday, September 24, 2024 1:53 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Arbitrator Leydig,

We have received notices for the depositions of Roland Dickey and Jeff Gruber, which were noticed to take place on November 5 and 6, 2024 at 4145 Cole Avenue, Ste. 600, Dallas, TX 75205. While counsel from our firm will attend any properly noticed depositions on behalf of Dickey’s, our firm has not been retained to represent Jeff Gruber or Roland Dickey individually.

Note that we do not believe the AAA has authority to secure pre-hearing depositions of any third party. We have thoroughly researched the case law in the 5th Circuit on this point and can find no authority for this proposition. Our firm has been involved in deposition discovery in multiple arbitrations and have been on both sides of this issue and it is our understanding that the AAA does not have authority to require third parties to participate in any pre-hearing discovery. If there is a statute or case that suggests otherwise, we would like to review it. In those circuits where pre-hearing discovery of third parties is permitted, it is generally held that there must be some special reason why a third party would need to be compelled to participate. Here, there is no reason provided and we can think of no reason to support the request. Dickey’s has agreed to provide a corporate representative for deposition. To date, we have not received any proposed topics from the claimant. If claimant provides proposed topics, we will be glad to determine the appropriate corporate representative(s) to testify on topics and will work with claimant’s counsel to schedule the deposition(s).

Best,

**Jamie Drillette | Associate**
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
jdrillette@lynnllp.com

---

**From:** Gary Leydig <gleydig@leydiglaw.com>

**Sent:** Monday, September 23, 2024 5:02 PM
**To:** Bryan Lara-Soto <Bryan@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Attached are the executed summonses for Messrs. Dickey and Gruber.

Regards,

*Gary W. Leydig*
GARY W. LEYDIG

LEYDIGLAW
THE LAW FIRM OF GARY W. LEYDIG LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Friday, September 20, 2024 5:38 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc.,

Roland - Case 01-23-0004-5053

Arbitrator Leydig:

Please find attached Claimant's Arbitration Summons directed to Roland Dickey Jr. and Jeffrey Gruber for your review and approval.

Thank you,

**BRYAN LARA-SOTO**
Paralegal

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: Bryan@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

# EXHIBIT G

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC, Demetrius Gibson,
and Maria Gibson,**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr.,
Jeff Gruber, Lee Quinn, Deborah Longworth,
Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

Claimant, G Six Consulting, LLC ("G Six"), has requested the issuance of two subpoenas for the taking of discovery depositions against Roland Dickey, Jr. and Jeffrey Gruber. While Messrs. Dickey and Gruber are named as respondents in G Six's original and amended demand for arbitration, neither individual has appeared in this matter. G Six has submitted a letter memorandum in support of its request. Copies of the proposed subpoenas were not submitted. The one named respondent that has appeared in this matter, Dickey's Barbecue Restaurants, Inc. ("Dickey's"), has not objected to G Six's request, nor has it filed any response to G Six's request. Messrs. Dickey and Gruber, who have notice of this proceeding and this specific request, have filed no objection to the request.

Previously, G Six had requested, and the arbitrator had issued, subpoenas against Messrs. Dickey and Gruber. Those subpoenas, prepared by G Six, stated on their face that they were being issued pursuant to "the authority conferred on the undersigned Arbitrator acting under Section 7 of the Federal Arbitration Act (FAA) (9 U.S.C. §§ 1, *et seq.)*." After undertaking independent research into section 7 of the FAA, the arbitrator *sua sponte* quashed those subpoenas. *See* arbitrator's email order of September 26, 2024. G Six's current request,

appropriately, no longer seeks issuance of the subpoenas under section 7 of the FAA. The current request is premised on two theories: (i) Messrs. Dickey and Gruber are "parties" to this proceeding and simple notice to them is sufficient to compel their appearance at a deposition, and (ii) deposition subpoenas are authorized under section 171.051 of the Texas General Arbitration Act (TGAA).

Before stating my decision, a couple preliminary observations are in order. The arbitrator is not an advocate for either party. That's not an arbitrator's role. If a party chooses not to present an argument or authority, that is their prerogative, but they cannot be heard to complain later if the arbitrator gets it wrong. It is not the arbitrator's job to ferret out the parties' arguments on his own. Arbitration works best in the crucible of adversarial advocacy.

G Six has argued for the concurrent application of the FAA and the TGAA, and no objection to that concurrent application has been raised. Section 7 of the FAA clearly addresses only the power of an arbitrator to require the appearance of a non-party witness at a hearing in the presence of the arbitrator. Since the subpoenas requested by G Six are not of that nature, section 7 of the FAA does not provide authority for their issuance. Section 171.051 of the TGAA, on the other hand, authorizes arbitrators under Texas law to issue subpoenas for the appearance of a witness "at the hearing before the arbitrators ***or*** at a deposition" (emph. added). G Six argues that the franchise agreements in question require the application of Texas law and, accordingly, this provision of the TGAA should apply. G Six also argues that this section of the TGAA does not conflict with the FAA and, therefore, is not preempted. If both the FAA and the TGAA are applicable here—and no objection has been made to their concurrent application—then I agree that the two statutory frameworks do not create a conflict. The FAA limits itself to the power of an arbitrator to require a witness's appearance at a hearing. The TGAA creates a further power in

an arbitrator (at least in an arbitrator subject to the TGAA) to issue subpoenas for discovery purposes. Accordingly, G Six should present appropriate subpoenas to the arbitrator reflecting that they are being issued pursuant to the authority granted the arbitrator under section 171.051 of the TGAA. Those subpoenas will be issued.

Because the subpoenas will issue on the grounds stated above, it is not necessary to decide G Six's alternate argument that Messrs. Dickey and Gruber are "parties" and that no subpoena is even required. If G Six is confident in that position, then it should serve an appropriate notice on these gentlemen. G Six does not need the arbitrator's permission to take that action. However, I think it is time to resolve this issue of Messrs. Dickey's and Gruber's status, and the status of the other non-appearing respondents. The arbitrator thought the issue would resolve itself among the parties or the non-appearing respondents would have sought appropriate relief by now. That hasn't happened and it's appropriate to get this issue resolved before the scheduled hearing.

G Six concludes its October 8, 2024, letter memorandum to the arbitrator with this quote: "A single and indispensable principle governs any analysis of an arbitrator's power: arbitration is a creature of contract, voluntarily entered into and bargained for by the parties." *Kennedy v. Am. Express Travel Related Servs. Co.*, 646 F. Supp. 2d 1342, 1343 (S.D. Fla. 2009). The arbitrator has reviewed G Six's amended demand for arbitration. The basis of G Six's assertion that the non-appearing respondents are parties to the pertinent franchise agreements and, accordingly, have contractually agreed to the jurisdiction of this arbitration, is not readily apparent. G Six shall submit a written memorandum to the arbitrator on or before October 29, 2024, and clearly state the grounds upon which G Six claims the entities and individuals other than Dickey's are parties to an arbitration agreement and are properly before this arbitrator.

Dated: October 15, 2024

Gary W. Leydig, Arbitrator

# EXHIBIT H-1

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

In the Matter of the Arbitration between:

G SIX CONSULTING, LLC,

Claimant,

- vs -

DICKEY'S BARBECUE RESTAURANTS, INC.,
ROLAND DICKEY, JR., JEFF GRUBER,
LEE QUINN, DEBORAH LONGWORTH,
STEPHEN MULLET and VIRTUAL BRANDS, INC.

Respondents.

AAA Case No. 01-23-0004-5053

ARBITRATION SUMMONS TO APPEAR AT A DEPOSITION FOR USE AT ARBITRATION HEARING

**TO: Roland Dickey Jr.**
**4514 Cole Ave Ste 1015**
**Dallas, TX 75205**

By the authority conferred on the undersigned Arbitrator acting under Section 171.051 of the Texas General Arbitration Act (Tex. Civ. Prac. & Rem. Code § 171.050), you are hereby SUMMONED to attend as a witness at a deposition for use at an arbitration hearing. You are required to appear for deposition on __**November 6, 2024**__, **at** __**9:30 AM**__ **[Central Time]**, at Regus Highland Park Place, located at 4514 Cole Avenue, Suite 600, Dallas, TX 75205.

You may address questions concerning this SUMMONS to the attorneys identified below who requested this SUMMONS:

ROBERT M. EINHORN, ESQ.
ZARCO EINHORN SALKOWSKI, P.A.
2 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
REinhorn@zarcolaw.com
Bryan@zarcolaw.con
Tel: (305) 374-5418

Dated: October 15, 2024

/s/ Gary W. Leydig
Gary W. Leydig, Arbitrator

# EXHIBIT H-2

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

In the Matter of the Arbitration between:

G SIX CONSULTING, LLC,

Claimant,

- vs -

DICKEY'S BARBECUE RESTAURANTS, INC.,
ROLAND DICKEY, JR., JEFF GRUBER,
LEE QUINN, DEBORAH LONGWORTH,
STEPHEN MULLET and VIRTUAL BRANDS, INC.

Respondents.

AAA Case No. 01-23-0004-5053

ARBITRATION SUMMONS TO APPEAR AT A DEPOSITION FOR USE AT ARBITRATION HEARING

**TO: Jeffrey Gruber**
**4514 Cole Ave Ste 1015**
**Dallas, TX 75205**

By the authority conferred on the undersigned Arbitrator acting under Section 171.051 of the Texas General Arbitration Act (Tex. Civ. Prac. & Rem. Code § 171.050), you are hereby SUMMONED to attend as a witness at a deposition for use at an arbitration hearing. You are required to appear for deposition on **November 5, 2024**, **at 9:30 AM [Central Time]**, at Regus Highland Park Place, located at 4514 Cole Avenue, Suite 600, Dallas, TX 75205.

You may address questions concerning this SUMMONS to the attorneys identified below who requested this SUMMONS:

ROBERT M. EINHORN, ESQ.
ZARCO EINHORN SALKOWSKI, P.A.
2 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
REinhorn@zarcolaw.com
Bryan@zarcolaw.con
Tel: (305) 374-5418

Dated: October 15, 2024

/s/ Gary W. Leydig
Gary W. Leydig, Arbitrator

# EXHIBIT I

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC, Demetrius Gibson,**
**and Maria Gibson,**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr.,**
**Jeff Gruber, Lee Quinn, Deborah Longworth,**
**Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

This arbitration was initiated with the filing of a demand for arbitration by G Six Consulting, LLC ("G Six") with the AAA on October 18, 2023. The demand named the following respondents: Dickey's Barbecue Restaurants, Inc. ("Dickey's"), Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett and Virtual Brands, Inc.. Only Dickeys has appeared, through its counsel, in these proceedings. In the course of various submissions made by both G Six and Dickey's, as well as in communications made by their counsel in telephonic conferences, it was made known to the arbitrator that Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett and Virtual Brands, Inc. (collectively, the "non-appearing respondents") were refuting the arbitrator's assumption of jurisdiction over them on the basis they were not signatories to the arbitration agreement (or agreements) associated with the disputes that are the subject of this arbitration.

The arbitration agreements under which G Six initiated this matter provide, in part, that the "arbitration proceedings shall be conducted . . . in accordance with the then-current commercial arbitration rules of the AAA."

Rule 7(a) of the AAA's commercial arbitration rules provides:

> The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court.

Rule 7(c) provides:

> A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

As already stated, the non-appearing respondents have not appeared and they have not, either orally or in writing, made an objection to the arbitrator's jurisdiction over them. The arbitrator only knows their position in this matter "through the grapevine" so to speak. On May 10, 2024, the arbitrator entered an order which, among other things, ordered the non-appearing respondents to "respond or file any objections on or before May 24, 2024." They did neither. There does not appear to be any dispute that the non-appearing respondents have at all times had notice of these proceedings and the orders that have been entered.

The issue of the arbitrator's jurisdiction over the non-appearing respondents is an issue that needs to be resolved. While the AAA rules allow the arbitrator to delay a ruling on the issue until the final order, it seems prudent to get the issue resolved now. Accordingly, on October 15, 2024, I ordered G Six to submit a written memorandum stating the grounds upon which G Six claims the non-appearing respondents are parties to an arbitration agreement and are properly before this arbitrator. That was submitted on October 29. Dickey's has also weighed in on the issue with its own submission on November 4. On November12, G Six submitted a reply.

At the outset, G Six's submission has the arbitrator scratching his head as to under what contract or contracts G Six is seeking relief and asserting jurisdiction. G Six's original demand for arbitration included photocopied excerpts of the operative arbitration provisions from three

distinct franchise agreements that, allegedly, G Six was a party to: one with Dickey's; one with Virtual Brands, Inc. ("VBI") for its Wing Boss concept; and one with VBI for its Big Deal Burger concept. The signature pages were not attached. G Six's amended demand for arbitration (filed with the AAA on June 21, 2024) alleges at paragraph 11 that there are four operative franchise agreements that give rise to jurisdiction; two with Dickey's and two with VBI. However, only one of the Dickey's contracts is attached to the amended demand. It is dated October 6, 2021. That contract is signed, on the one hand, by G Six's predecessor in interest, Demetrius Gibson, and, on the other hand, by Dickey's. Dickey's signature is effected by Jeff Gruber solely in his capacity as Senior Vice President of Franchise Relations for Dickey's. None of the non-appearing respondents are signatories to this October 6, 2021, Dickey's franchise agreement.

Though referenced in the amended demand, the VBI contracts are not attached to it. G Six does, however, attach to its recent submission the same excerpt from the VBI Big Deal Burger franchise agreement that was attached to the original demand for arbitration. Again, however, no signatures on this contract are revealed.

Confusing things further is the fact that even though G Six has referenced and attached the arbitration provisions of one or both of the VBI franchise agreements, G Six's current submission states that it is *not* proceeding under those contracts. Rather, G Six's submission states that "G Six's claims against Dickey's, VBI, and the Individual Respondents all arise out of the [October 6, 2021, Dickey's franchise agreement]. As such, the [October 6, 2021, Dickey's franchise agreement] is the operative agreement between G Six and the Respondents [i.e., against Dickey's and all the non-appearing respondents]." Submission at p.3. Further, G Six states that even though there is an arbitration provision in the franchise agreements allegedly executed

between G Six and VBI, "G Six's position that VBI is properly before the Tribunal in *this* proceeding stems from the parties' obligations under the [October 6, 2021, Dickey's franchise agreement]." Submission at footnote 8.

On this rather muddled record, the arbitrator needs to decide whether he has jurisdiction over the non-appearing respondents in connection with the claims articulated by G Six's in its amended demand. To reach a decision, there are actually three questions that need to be resolved. Did G Six and the non-appearing respondents contractually agree to arbitration? Did G Six and the non-appearing respondents contractually agree to the arbitration of these particular claims? And, did G Six and the non-appearing respondents contractually agree that the arbitrator can decide these preliminary, jurisdictional questions? To answer these questions, it is useful to separate the Dickey's franchise agreements from the VBI franchise agreements. They create two separate contractual regimes.

We'll turn first to the Dickey's franchise agreements. Though both alleged franchise agreements are not attached, it is the arbitrator's understanding based on the current record that both agreements contain identical provisions regarding arbitration. Further, it is the arbitrator's understanding that both franchise agreements are identical as to how and by whom they were executed; that is, they were executed only by G Six (or its predecessor in interest) and Dickey's. As for Dickey's, the execution was effected by Jeff Gruber acting solely in his capacity as Dickey's Senior Vice President of Franchise Relations. Jeff Gruber is not alleged to have executed the Dickey's franchise agreements in his individual capacity. Indeed, his signature reveals it was not signed in his individual capacity. G Six's arguments for finding jurisdiction against Jeff Gruber and the other non-appearing respondents are not based on the actual presence of the non-appearing respondents' signatures on these documents but, rather, on theories that

would pull in non-signatories nonetheless, *i.e.* theories of agency, corporate veil, third party beneficiary, etc.

None of the cases cited by G Six support its argument that the Dickey's franchise agreements allow the arbitrator to assume jurisdiction over *any* of the non-appearing respondents. In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause. *Bridas S.A.P.I.C. v Government of Turkmenistan*, 345 F.3d 347, 353 (5th Cir. 2003). Arbitration agreements "must be in writing and signed by the part[ies]" and may apply to nonsignatories only "in rare circumstances." *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002). "[A]rbitration is a matter of contract and cannot, in general, be required for a matter involving an arbitration agreement nonsignatory." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000).

It is undisputed that none of the non-appearing respondents executed the Dickey's franchise agreements in their individual capacities or, in the case of VBI, in its separate corporate capacity. None have expressly evinced an intention to be bound by the terms of the Dickey's franchise agreements or to the arbitration provisions contained therein. None have asked to join in this matter.

G Six's principal reliance on the franchise agreements' broad description of the parties against whom disputes should be brought in arbitration is misplaced. It is correct that G Six and Dickey's agreed to include within the definition of "Disputes" persons and entities that most likely include some or all of the non-appearing respondents. But those persons and entities did not themselves consent or agree to that inclusion. That is the critical fact that is missing from G Six's analysis. G Six's reliance on *In re Rubiola*, 334 S.W.3d 220 (Tex. 2010) and similar cases is misplaced. In *Rubiola*, a signatory to a contract containing a mandatory arbitration agreement

sued non-signatories in a court of law. The plaintiff signatory's claims related to a contract wherein—like the Dickey's franchise agreements here—the term "party" was defined to include all sorts of related people and entities that were not signatories to the contract. Once hailed into court, the non-signatory defendants could have proceeded to litigate the claims in court since they had not agreed to arbitration. They could not have been forced into arbitration. But because the signatory plaintiff was pursuing claims that related to a contract that both contained an arbitration clause and defined the non-signatory defendants as "parties" to that contract, the non-signatory defendants were themselves able to agree or consent to their inclusion as "parties" under the contract. They did just that and they demanded the case be sent to arbitration. Per the terms of the contract the plaintiff was suing under, the plaintiff had contractually agreed to the inclusion of the defendants as "parties" to the contract, including its mandatory arbitration provision. Under those facts and circumstances, the court ordered the plaintiff's claims to be arbitrated as requested by the non-signatory "parties." As the *Rubiola* court described the issue, the court "must decide whether the parties who actually agree to arbitrate may also grant third parties the right to enforce their arbitration agreement . . ." *Id*. at 222. "[T]he question is not whether a non-signatory may be compelled to arbitrate but rather whether a non-signatory may compel arbitration." *Id*. at 224.

Those are not the facts and circumstances of this matter. G Six jumped straight to arbitration against the non-appearing (and non-signatory) respondents and sought to compel arbitration under the Dickey's franchise agreements. G Six did not sue them in a court of law, and the non-appearing respondents have not asked a court of law to enforce the broadly drafted arbitration provision in the Dickey's franchise agreement. Under the holdings of the cases relied on by G Six, the non-appearing respondents would have likely been successful in pushing the

dispute into arbitration had the matter unfolded in such a manner. But it did not unfold in that manner and G Six cannot impose a contractual obligation to arbitrate on a “party” that did not agree or consent to that contractual provision. G Six turns *Rubiola* on its head, turning a non-signatory’s power to compel arbitration into a non-signatory being compelled to arbitrate. No case has been cited in support of that proposition.

Under another line of cases cited by G Six, if a non-signatory party brings suit against a party that is a signatory to a contract containing an arbitration provision, and seeks in that suit to enforce the contract, the non-signatory plaintiff can be found to have "subjected themselves to the contract's terms, including the Arbitration Addendum." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005), quoting *In re FirstMerit Bank*, 52 S.W.3d 749, 756 (Tex. 2001). Again, however, those are not the facts in front of us. The non-appearing respondents have sued no one and they are not seeking here to enforce the terms of the Dickey’s franchise agreements against G Six.

On the face of the Dickey’s franchise agreements, the non-appearing respondents are not signatories, and they have expressed no intention to be bound by the arbitration provisions contained therein. They have not moved to compel, or be included in, this arbitration. Accordingly, the arbitrator cannot assume jurisdiction over them and cannot compel the non-appearing respondents to arbitrate based on the express terms of the Dickey’s franchise agreements.

G Six argues, however, that it has other grounds for asserting jurisdiction in this arbitration over the non-signatory, non-appearing respondents under the Dickey’s franchise agreements; *e.g.* its arguments based in estoppel, corporate veil, etc. But, as a general matter, those sorts of determinations cannot be made by the arbitrator. Whether a party is bound by an

arbitration agreement "is generally considered an issue for the courts, not the arbitrator, '[u]nless the parties clearly and unmistakably provide otherwise.'" *Bridas*, 345 F.3d at 354, quoting *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986). Here, only G Six and Dickey's have, by executing the Dickey's franchise agreement, clearly and unmistakably provided not only for the arbitration of their disputes under that franchise agreement but also for the arbitrator to resolve issues of jurisdiction and arbitrability relating to those disputes.

Section 27.2 of the Dickey's franchise agreements clearly and unmistakably provides that "all Disputes [as defined in section 27.1] . . . including all disputes relating to the scope, validity, or enforceability of this Arbitration Agreement and any provision in this Article 27.2, shall be submitted for binding arbitration." Further, G Six and Dickey's agreed in section 27.2 that the arbitration proceedings between them "shall be conducted . . . in accordance with the then-current commercial arbitration rules of the AAA." And those rules, in turn, clearly and unmistakably provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court." AAA Com'l Rule 7(a). Accordingly, as for disputes between G Six and Dickey's under the Dickey's franchise agreements, the arbitrator can address jurisdictional disputes on his own and without referring them to a court. *See First Options Chicago v. Kaplan*, 514 U.S. 938 (1995) (The question of who has the primary power to decide arbitrability turns upon what the parties agreed about *that* matter.) But the present question involves G Six and the non-appearing respondents, not G Six and Dickey's. The non-appearing respondents have not agreed to arbitration, let alone clearly and unmistakably agreed to have an arbitrator, and not the courts, determine issues of jurisdiction in connection with disputes arising

under the Dicky's franchise agreements. Accordingly, G Six would need to seek the intervention of the courts if it wants resolution of its extra-contractual theories of jurisdiction against the non-appearing respondents under the Dickey's franchise agreements.

That brings us to the VBI franchise agreements. As already discussed, it is not at all clear from the amended demand for arbitration and from the positions stated by G Six in its recent submission what role these agreements play in G Six's overall claims of misconduct under the Dickey's franchise agreements. There is some connection alleged to exist there, even though at this stage of the proceedings it is murky. But what the overlay is, if any, between the Dickey's and VBI franchise agreements seems more a matter of proof that must be addressed by the parties as this matter proceeds. What does not appear to be in dispute at this time is that VBI is in fact a party to two franchise agreements with G Six: the Wing Boss and Big Deal Burger franchises.[1] G Six initiated and is pursuing this arbitration against VBI at least in part under those franchise agreements. Indeed, G Six seeks to have the VBI franchise agreements rescinded. *See* amended demand at count I. The VBI franchise agreements have been identified by the claimants and the operable arbitration provisions contained therein have been presented for arbitration, going back to G Six's original demand.

The VBI franchise agreements contain virtually the same arbitration provisions as are contained in the Dickey's franchise agreements, and the arbitrator's discussion of the law as it relates to the Dickey's franchise agreements is no different as it relates to the VBI franchise agreements. The *individual*, non-appearing respondents are not signatories to the VBI franchise agreements and the arbitrator has no jurisdiction over them. Nor does the arbitrator have the

[1] G Six will promptly file with the AAA copies of the VBI franchise agreements upon which it is relying for jurisdiction and its claims. This order is premised on the assumption that they exist as alleged.

authority to delve into alternative theories of how the arbitrator might obtain jurisdiction over them. That is a question for the courts.

But VBI is alleged to be (and it does not appear to be in dispute that VBI is in fact) a signatory party to its own, VBI franchise agreements with G Six. The operable arbitration provisions therein have been identified. Per those provisions, VBI clearly and unmistakably agreed "to submit all disputes, controversies, claims, and causes of action between [VBI] and its affiliates and its and their respective shareholders, officers, directors, agents, and/or employees, and you, your Owner/Operator, and each of your Investors and/or employees, shareholders, officers, and directors relating to alleged breaches or failures to perform arising out of or relating to this Agreement (and any attachments or addenda to this Agreement or any provision herein), or the relationship created by this Agreement" to binding arbitration. VBI also agreed to submit "all disputes relating to the scope, validity, or enforceability of this Arbitration Agreement" to binding arbitration. Finally, VBI agreed that all such arbitrations will be conducted "in accordance with the then-current commercial arbitration rules of the AAA," and those rules designate the arbitrator the decision maker over issues of jurisdiction and arbitrability.

In light of these contractual provisions, the arbitrator is hard pressed to understand—and does not understand—how VBI is not subject to the authority of the arbitrator in these proceedings. If VBI has an argument to be made that, notwithstanding these contractual provisions, there is no jurisdiction over it in these proceedings, or that G Six's claims (in whole or in part) are beyond the scope of these provisions, or if it has any other argument relating to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim, it is incumbent upon VBI to present those arguments to the arbitrator. It has failed to do so. It may

have very good and valid arguments. Identifying and making those arguments in this arbitration is VBI's contractual responsibility.

Based on the current record, the arbitrator concludes he has jurisdiction over VBI under the VBI franchise agreements and that VBI has also agreed that he is the judge of what is arbitrable under those agreements. What the full breadth and scope of the arbitration provisions is under the VBI franchise agreements, and whether those provisions do or do not encompass the claims being pursued by G Six, is not presently before the arbitrator. But they are issues that VBI has contractually agreed are for the arbitrator to decide. And, at the appropriate time, the arbitrator will decide them.

It is incumbent on VBI to file an answering statement and raise any objections and defenses it deems appropriate in this matter. What the consequences will be of VBI's very late filings is also not presently before the arbitrator.

**Conclusion**

The arbitrator does not have jurisdiction over Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, or Stephen Mullett under the Dickey's franchise agreements or the VBI franchise agreements. They are not contractual parties thereto and have not consented to arbitration. They are dismissed from these proceedings.

The arbitrator does not have jurisdiction over VBI under the terms of the Dickey's franchise agreements.

The arbitrator has jurisdiction over VBI under the terms of the VBI franchise agreements and the arbitrator has the authority to determine what is arbitrable under the VBI franchise agreements.

VBI will file with the AAA its answer and any objections it may have on or before November 22, 2024. In making that filing, VBI should address the impact of its failure to meet the filing deadlines established under the AAA rules and the arbitrator's prior orders.

Dated: November 12, 2024

Gary W. Leydig, Arbitrator

# EXHIBIT J

ZARCO EINHORN SALKOWSKI

ROBERT ZARCO
ROBERT M. EINHORN
ROBERT F. SALKOWSKI*
HIMANSHU M. PATEL
KAARI-LYNN S. GAGNON
MARY NIKEZIC**
MICHAEL D. BRAUNSTEIN
BRENDA PHANG
JACKY BEDA
ALEC R. SHELOWITZ
MELISSA ARMENTEROS

*ALSO ADMITTED TO PRACTICE IN NJ
**ALSO ADMITTED TO PRACTICE IN IL

ATTORNEYS AT LAW
2 S. BISCAYNE BLVD.
34TH FLOOR
MIAMI, FLORIDA 33131

MIAMI
TELEPHONE: (305) 374-5418
TELEFAX: (305) 374-5428

WEST PALM BEACH
TELEPHONE: (561) 721-2861

WWW.ZARCOLAW.COM

November 26, 2024

**Via E-mail gleydig@leydiglaw.com**

Gary W. Leydig, Esq.
The Law Firm of Gary W. Leydig LLC
100 East Cossitt Avenue, Suite 300
La Grange, IL 60525

*Re:* ***G Six Consulting, LLC v. Dickey's Barbeque Restaurants, Inc. et al.***
***AAA Case No. 01-23-0004-5053***

Dear Arbitrator Leydig:

As you know, this law firm represents Claimant, G Six Consulting, LLC ("G Six" or "Claimant"), in the above-mentioned proceeding. Despite being issued subpoenas for deposition, which were accepted by Dickey's in-house counsel, Roman Kupchynsky, Esq., Jeffrey Gruber ("Gruber") and Roland Dickey Jr. ("Dickey Jr.") failed to appear for their depositions on November 5, 2024, and November 6, 2024, respectively. For the reasons set forth herein, Claimant requests that the Tribunal compel Dickey's Barbeque Restaurants Inc. ("Dickey's") to produce Roland Dickey, Jr. and Jeff Gruber for deposition and impose sanctions on Dickey's for failing to produce Gruber and Dickey Jr. for their properly noticed depositions. In support of this request. please permit this letter to serve as Claimant's Motion to Compel Deposition Attendance at Deposition and Impose Sanctions outlining your authority to compel Dickey's to produce Dickey, Jr. and Gruber for deposition and impose sanctions against Dickey's for its willful failure to comply with Scheduling Order 4.

## I. INTRODUCTION

On or around September 23, 2024, the Tribunal executed subpoenas to be issued to Gruber and Dickey Jr. for their respective depositions on November 5, 2024, and November 6, 2024. Dickey's, through counsel, objected to an arbitrator's authority to issue the deposition subpoenas.[1] As a result, on September 26, 2024, the Tribunal, *sua sponte*, quashed the previously issued subpoenas and instructed G Six to renew its request with specific authority in support of the

[1] A true and correct copy of Dickey's correspondence with the Tribunal is attached hereto as **Exhibit "A."**

requested action. *See* Ex. A.

On October 8, 2024, G Six served Dickey's, Gruber and Dickey Jr. with Notices of Taking Videotaped Deposition ("Notices") for Gruber and Dickey, Jr., respectively.[2] In an abundance of caution, G Six also renewed its request to issue deposition subpoenas directed at Gruber and Dickey Jr., which the Tribunal granted on October 15, 2024.[3] On October 16, 2024, the Tribunal re-issued subpoenas directed at Gruber and Dickey Jr. to appear for depositions for the same dates as previously noticed. ("Subpoenas"). Neither Dickey's nor the individual deponents objected to the Notices or the Subpoenas at any time. Instead, on Friday, November 1, 2024—on the eve of the scheduled depositions—the undersigned was notified by Dickey's counsel that not only would Dickey's counsel be unable to attend the depositions, but also that Gruber and Dickey Jr. did not intend to do the same.[4] To date, Dickey's has failed to offer alternative dates for the depositions.

As explained below, Dickey's is obligated to produce its officers, directors, or managing agents, which includes, but is not limited to, Dickey Jr. and Gruber, for their properly noticed depositions. Dickey's failure to comply with its obligation to produce Gruber and Dickey Jr. to appear for their depositions on November 5, 2024, and November 6, 2024, respectively, warrants sanctions under the Federal Rules of Civil Procedure, Texas Rules of Civil Procedure, the Illinois Rules of Civil Procedure and the AAA Commercial Rules.[5] As such, the Tribunal should compel Dickey's to produce Dickey Jr. and Gruber's to appear for deposition and, at the same time, construe Dickey's failure to do so as a willful noncompliance with Scheduling Order 4.[6]

## II. <u>LEGAL ARGUMENT</u>

### A. The Tribunal Should Compel Dickey's to Produce Dickey, Jr. And Gruber.

Under Federal Rule of Civil Procedure 30(b)(1), "a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition." *Allen v. Experian Info. Sols. Inc.*, No. SA-24-CV-00157-XR, 2024 WL 2988960, at *1 (W.D. Tex. June 13, 2024) (quoting *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2015 WL 11570979, at *1 (W.D. Tex. Jan. 9, 2015)). Texas Rule of Civil Procedure 199.3 states that a witness who "is a party or is retained by, employed by, or otherwise subject to the control of a party" may be served

[2] A copy of the Notice of Taking Videotaped Deposition for Gruber and Dickey, Jr. is collectively annexed hereto as **Exhibit "B."**

[3] At this time, Gruber and Dickey, Jr. were named Respondents to the proceeding. Gruber and Dickey, Jr. were dismissed at parties on November 12, 2024.

[4] A copy of Dickey's counsel's November 1, 2024 e-mail is annexed hereto as **Exhibit "C"**

[5] Scheduling Order 4 is silent regarding *who* may be deposed and does not specify which civil procedure rules apply in the event of a dispute.

[6] A true and correct copy of Preliminary Hearing and Scheduling Order 4 is attached hereto as **Exhibit "D."**

with a notice of oral deposition. *In re Total Petrochemicals & Ref. USA, Inc.*, 595 S.W.3d 904, 905 (Tex. App. 2020). Illinois Rule of Civil Procedure Rule 204 is substantively the same as Texas Rule 199.3.[7] The notice of deposition must be reasonable and must state the time and place of the deposition. *Allen*, 2024 WL 2988960, at *1; Texas R. Civ. P. 199.2; Ill. Sup. Ct. R. 206. Indeed, Dickey Jr. and Gruber are specific officers, directors, or managing agents of Dickey's, and as such, should be compelled to give testimony pursuant to a notice of deposition.[8]

On October 8, 2024, G Six properly noticed Dickey's for the depositions of its control persons, Dickey Jr. and Gruber. Specifically, G Six sent notices of taking Dickey Jr. and Gruber's depositions to the individual deponents, stating the time and place for each deposition and copying Dickey's in the Notices. Not only was Dickey's on proper notice, but Dickey's surely had *reasonable* notice of the depositions because its own counsel coordinated the dates for the scheduled depositions with undersigned prior to the Tribunal's issuance of the initial subpoenas on September 23, 2024. G Six complied with the necessary requirements to be able to take Dickey Jr. and Gruber's depositions as officers, directors, or managing agents of Dickey's—and Dickey's expressly agreed to comply with the same.

No doubt, G Six anticipates Dickey's will argue that Dickey Jr. and Gruber are not subject to deposition by notice. Thus, a thorough analysis of the applicable law is necessary to demonstrate Dickey Jr. and Gruber should be compelled to give testimony pursuant to a notice of deposition.

With respect to Dickey Jr., it is indisputable that Dickey Jr., the former president and CEO of Dickey's Barbeque Pit, and current CEO of Dickey's holding company, Dickey's Capital Group, falls within the scope of Rule 30(b)(1). Not only is he an officer of Dickey's, but he sits on the Board of Directors alongside his family.[9] Indeed, Dickey Jr. is a specific officer and director of Dickey's and may be compelled to give testimony pursuant to a notice of deposition. As such, the Tribunal should compel Dickey's to produce Dickey Jr. for a deposition.

Second, Gruber's role as the Senior Vice President of Franchise Administration for Dickey's equally qualifies him as a managing agent of the corporation. Several Texas courts have concluded that the standard for whom may be properly designated as a managing agent "remains

---

[7] "Service of notice of the taking of the deposition of a party or person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent and the production of any documents or tangible things listed in the notice." Ill. Sup. Ct. R. 204.

[8] Dickey's obligation to produce Gruber and Dickey Jr. is similar under the Texas, Illinois and Federal Rules of Civil Procedure. However, Rule 30(b)(1) is much narrower in scope—limiting Dickey's obligation to produce only specific officers, directors, or managing agents whereas Texas and Illinois require Dickey's to produce any witness employed by the company. Indeed, if Dickey's is obligated to produce Gruber and Dickey Jr. under the narrower requirements of the federal rules, it is surely obligated to do the same under Texas and Illinois' rules. As such, Claimant's analysis is based on the case law surrounding Rule 30(b)(1).

[9] Dave Donelson, Dickey's Barbeque gets set for greater growth, Family Bus. Mag, May/June 2017, https://www.familybusinessmagazine.com/sites/default/files/articles/2017/05/09/32DickeysBarbecuegetssetforgreatergrowthMay-June2017.html.

a functional one to be determined largely on a case-by-case basis." *E.g.*, *Allen*, 2024 WL 2988960, at *2. Texas courts have relied on the context of Federal Rule of Civil Procedure 32(a) to determine whether someone is a managing agent under Rule 30, and have adopted the following factors to determine whether someone is a managing agent:

> (1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities, and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than the deponent were in charge of the particular matter or possessed all of the necessary information.

*Sparling*, 2015 WL 11570979, at *2 (quoting *Bianco v. Globus Med., Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 977686, at *3 (E.D. Tex. Mar. 6, 2014)).

Courts have also held that an employee can be considered a managing agent "if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case." *Bianco*, 2014 WL 977686, at *3. Several courts have given particular emphasis to the importance of the employee's responsibilities "with respect to the subject matter of the litigation." *Id.* at *2.

For example, in *Bianco*, the court found that the defendant's Vice President of Sales for a particular region qualified him as a managing agent "in light of his knowledge of and involvement in the events relating to the dispute in [the] case." *Id.* at *3. The court concluded that the Vice President of Sales was a "managing agent" because the evidence demonstrated that he "had a significant level of responsibility within the corporation, that he had substantial autonomy and authority to exercise judgment in making decisions for the company, and that there is no indication that persons higher in authority than [him] had greater knowledge of, or were involved in an important stage of the events giving rise to this case." *Id.*; *see also Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 97 (S.D. N.Y. 1968) (holding that two engineers for the defendant were "managing agents" of the corporation "for the purpose of giving testimony regarding the accident investigation" because the two engineers were the representatives of the defendant who were physically present during the investigation of the airplane crash which gave rise to the lawsuit); *Terry v. Modern Woodmen of America*, 57 F.R.D. 141, 143 (W.D. Mo. 1972) (holding a company's insurance salesman to be a "managing agent" of the company based on evidence that the salesman was in charge of the negotiation and sale of insurance contracts to persons on Sheppard Air Force base, including the plaintiff).

Here, Gruber qualifies as a managing agent for several reasons. First, in his role as Senior Vice President of Dickey's, "he handles all Dickey's franchise relations and focuses on creating lasting relationships between the Dickey's Home Office and ***every*** franchisee."[10] As such, Gruber's knowledge of and involvement in G Six's franchise relationship with Dickey's qualifies him as a managing agent. Second, Dickey's corporate hierarchy reflects that Gruber answers directly to Laura Dickey, Dickey's current CEO, and Dickey Jr. As such, Gruber has a significant

[10] Meet Our Team, Dickey's, https://www.dickeys.com/company/meet-our-team (last visited November 19, 2024).

level of responsibility within the corporation, and there is no indication that persons higher in authority that him had greater knowledge of G Six's franchise relationship with Dickey's or were involved in the creation of Dickey's FDD—an important aspect of the causes of action giving rise to this proceeding. Lastly, Gruber executes franchise agreements on behalf of Dickey's suggesting that he has substantial autonomy and authority to exercise judgement in making decisions for the company—i.e. approving prospective franchisees. Indeed, Gruber qualifies as a managing agent under any variation of the aforementioned courts' rationales. As such, the Tribunal should compel Dickey's to produce Gruber for deposition.

As stated herein, Dickey, Jr. and Gruber are subject to G Six's Notices under Rule 30(b)(1). As such, Dickey's should be compelled to produce them for deposition.

**B. The Tribunal Should Sanction Dickey's for Its Willful Non-Compliance with Scheduling Order 4.**

The decision to impose sanctions involves two distinct determinations: (1) whether conduct is sanctionable and (2) what sanction to impose. *Brewer v. Lennox Hearth Prod., LLC*, 601 S.W.3d 704, 716 (Tex. 2020). Sanctions are appropriate when "a party or a party's officer, director, or managing agent fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. R. 37(d)(1)(A); *see also* Tex. R. Civ. P. 215; Ill. Sup. Ct. R. 219. A corporate party's failure to produce its officers, directors, or managing agent is unacceptable where, as is the case here, no pending motion for protective order exists. Fed. R. Civ. P. 37(d)(2). *Cf. Deugoue v. Trans Union LLC*, No. 1:23-CV-00753-RP, 2024 WL 3730654, at *4 (W.D. Tex. Aug. 7, 2024) (finding that a corporate defendant and its managing agent did not fail to appear for deposition because the corporate defendant objected to the deposition notices and filed a motion for protective order).

In arbitration proceedings governed by AAA, AAA Commercial Rule R-60 grants the Tribunal to impose sanctions, upon a party's request, "where a party fails to comply with its obligations under these rules or with an order of the arbitrator." AAA Com. R. Arb. R-60. In determining what sanctions to impose, the Federal, Texas, and Illinois Rules of Civil Procedure each provide non-exhaustive lists of sanctions appropriate for a party's noncompliance with discovery. Fed. R. Civ. P. 37; Tex. R. Civ. P. 215; Ill. Sup. Ct. R. 219. The AAA Commercial Rules grants the Tribunal a similar mechanism through AAA Commercial Rule R-24. Specifically, R-24 grants the Tribunal the authority to issue any orders necessary to enforce its orders regarding any necessary pre-hearing exchange of information. AAA Comm. Rules of Arb. R-23, R-24. Dickey's conduct--failing to produce Dickey, Jr. and Gruber for their depositions—is sanctionable under the Federal, Texas, and Illinois Rules of Civil Procedure and AAA Commercial Rules, and the Tribunal should impose sanctions under R-24(d). *See Lee v. Walters*, 172 F.R.D. 421, 428 (D.Or.1997) (holding that belated appearance for deposition did not preclude the imposition of sanctions for earlier failure to appear). Specifically, a failure to produce witnesses for deposition is an enumerated violation under Federal Rule of Civil Procedure Rule 37, Texas Rule of Civil Procedure 215 and Illinois Rule of Civil Procedure 219. Indeed, Dickey's conduct is sanctionable because it constitutes non-compliance under any of the possible discovery rules applicable here.

Dickey's conduct is also sanctionable under AAA Commercial Rule R-60. Dickey's

failure to produce Gruber and Dickey Jr. for their respective depositions constitutes a violation of Scheduling Order 4. In Scheduling Order 4—a product of the Tribunal's authority to "manage any necessary exchange of information among the parties" under AAA Commercial Rule R-23—the parties agreed to conduct discovery in accordance with Paragraph ¶ 9. With respect to depositions, the parties agreed to the taking of ten depositions. *See* Scheduling Order 4, ¶ 9(b). As such, G Six can take up to ten depositions of "any person, including another party, by giving reasonable written notice of the deposition"—which includes the depositions of its officers, directors, or managing agents, Gruber and Dickey, Jr. *See* Fed. R. Civ. P. 30(b)(1). Indeed, Dickey's has stonewalled this process through its willful failure and refusal to produce Dickey, Jr. and Gruber for deposition resulting in a violation of Scheduling Order 4.

Finally, in determining which sanctions to impose, courts have found conduct to constitute willful non-compliance where a party is "well aware of its discovery obligations" and fails to comply with the same. *E.g.*, *In re Briar Bldg. Houston LLC*, 645 B.R. 896, 907 (Bankr. S.D. Tex. 2022). Dickey's conduct constitutes willful non-compliance with Scheduling Order 4 warranting the imposition of sanctions against it. AAA Commercial Rule 24 provides the following non-exhaustive list of appropriate enforcement orders:

> (a) conditioning any exchange or production of confidential documents and information, and the admission of confidential evidence at the hearing, on appropriate orders to preserve such confidentiality; (b) imposing reasonable search parameters for electronic and other documents if the parties are unable to agree; (c) allocating costs of producing documentation, including electronically stored documentation; **(d) in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance**; and (e) issuing any other enforcement orders which the arbitrator is empowered to issue under applicable law.

AAA Comm. Rules of Arb. R-24.

Dickey's is well-aware of its discovery obligations under the applicable civil procedure rules, as well as Scheduling Order 4. In fact, in its September 24, 2024 correspondence to the Tribunal, Dickey's recognized its discovery obligation under the applicable civil procedure rules by expressly agreeing to "attend *any* properly noticed depositions on behalf of Dickey's." Indeed, Dickey's conduct falls squarely under R-24(d). As such, sanctions including, but not limited to, "drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance" are appropriate as a result of Dickey's failure to produce Gruber and Dickey Jr. and in blatant disregard of Scheduling Order 4.

## III. <u>CONCLUSION</u>

Based on the foregoing, Claimant respectfully requests that the Tribunal enter an Order (i) granting Claimant's Motion to Compel Attendance at Deposition and Impose Sanctions; (ii)

directing Dickey's to produce Dickey, Jr. and Gruber to attend their respective depositions; (iii) awarding sanctions, including without limitation, drawing adverse inferences, excluding evidence and other submissions, and attorney's fees and costs as a result of Dickey's failure to produce Dickey's and Gruber; and (d) granting any other relief that the Tribunal deems proper.

Respectfully submitted,

Himanshu M Patel

ROBERT M. EINHORN
HIMANSHU M. PATEL

cc: G Six Consulting, LLC
Jaimie Drillette, Esq.

EXHIBIT
A

**Bryan Lara-Soto**

| | |
|---|---|
| **From:** | Gary Leydig <gleydig@leydiglaw.com> |
| **Sent:** | Thursday, September 26, 2024 12:07 PM |
| **To:** | AAA Carissa Langston |
| **Cc:** | Robert Einhorn; Ingrid Morfi; 'RDickeyjr@dickeys.com'; 'Jgruber@dickeys.com'; 'Lquinn@dickeys.com'; 'dlongworth@dickeys.com'; 'stephencbanker@gmail.com'; Mary Nix; Michael K. Hurst; Tonia Ashworth; Roman Kupchynsky III; Bryan Lara-Soto; Himanshu Patel; Dorian Vergos; F. Alaina Rodriguez; Jamie Drillette |
| **Subject:** | RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053 |

Counsel,

Claimants' recent request for two deposition subpoenas, and respondents' informal email response thereto, have caused me to rethink how we need to proceed in this matter. One of the great advantages of arbitration is the relative level of informality it allows. However, that informality cannot interfere with the arbitrator's ability to render sound decisions. On Friday, I received claimants' request to issue two deposition subpoenas directed to two individuals who are in fact named in (and, as far as I understand it, who have notice of) this arbitration. Neither of these individuals have moved to dismiss this arbitration as it relates to them. Nor have either of these individuals moved to quash the subpoenas that I issued on claimants' request. The subpoena request was submitted to me on a Friday. I purposely waited until the close of the day on the following Monday to issue the subpoenas so as to give respondents an opportunity to raise an objection. None was made. The day after I issued the subpoenas, respondents sent me the email communication, below. I do not view this informal email as a request for the arbitrator to take any specific action at all. It is not asking for the subpoenas to be quashed. Rather, without citing a single authority, it merely informs the arbitrator that, in their opinion, the Fifth Circuit does not provide authority for the subpoenas. That is not useful.

Faced with this non-call to action by respondents, however, I concluded I best look at the law to make sure I was not taking actions that might undermine these proceedings. Claimants' proposed subpoenas specifically state that I was issuing the subpoenas per "the authority conferred on the undersigned Arbitrator acting under Section 7 of the Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.)*." I took this statement, prepared by claimants, on face value when I issued the subpoenas. Turning to section 7, I now see it in fact makes no reference to depositions or, more generally, discovery of any sort. I then undertook the legal research that respondents chose not to provide to me. There is a split in the courts as to the authority of an arbitrator to compel discovery from non-parties. These two cases seem to do a good job of identifying that split: *McTammany v. Foundation Capital Partners L.P.*, 8:15-mc-0006-DOC (VBKx) (C.D. Cal. May 01, 2015); *Matria Healthcare, LLC v. Duthie*, 584 F.Supp.2d 1078 (N.D. Ill. 2008).

Since the depositions are not scheduled until November, I am *sua sponte* quashing the subpoenas previously issued by me. If claimants wish to renew their request for the issuance of these subpoenas, they are at liberty to do so but I will expect, here and in all similar matters going forward, the following:

- The party seeking action from the arbitrator will identify specific authority in support of the requested action; and
- Any party objecting to the requested action will, within two business days of the request, notify the arbitrator of its objection. Ideally, the objection will be supported at that time with authority in support of the objection. If necessary, the timely objection can state that additional time is required to present the authority. In those instances, the supporting authority shall be submitted to the arbitrator within seven calendar days of the initial request for action. The requesting party can submit a reply within seven calendar days of the objecting party's submission of its authority.

A couple other comments going forward. If the respondents have objections or arguments to make on *their* own behalf, make them. I am not interested, however, in hearing objections or arguments made on behalf of the parties who have elected to not appear in this arbitration. If the arbitrator takes action that affects these non-appearing parties, ***they*** need to take whatever action they deem necessary to protect their interests. Counsel for the respondents who have thus far appeared have repeatedly emphasized to the arbitrator that they are not appearing on behalf of these absent parties. That being so, I am not interested in the "back door" arguments that are purportedly being made on the absent parties' behalf. Also, I do not read the parties' arbitration agreement or the controlling Preliminary Hearing and Scheduling Order as requiring the application of the law emanating from the Fifth Circuit on issues like those presented by the subpoenas. As with all matters, I am open to persuasion to the contrary but that is my current understanding.

Finally, I removed the following email address from my mailing list: Noel Quinn noel.quinn@gmail.com . Please confirm that he should not be receiving our email correspondence and, if that is the case, please remove him from all further communications. If there are other email addresses that can reasonably be removed from the lengthy list currently circulated, let's do it.

Regards,

*Gary W. Leydig*
GARY W. LEYDIG

LEYDIGLAW
THE LAW FIRM OF GARY W. LEYDIG LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

---

**From:** Jamie Drillette <jdrillette@lynnllp.com>
**Sent:** Tuesday, September 24, 2024 1:53 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Arbitrator Leydig,

We have received notices for the depositions of Roland Dickey and Jeff Gruber, which were noticed to take place on November 5 and 6, 2024 at 4145 Cole Avenue, Ste. 600, Dallas, TX 75205. While counsel from our firm will attend any

properly noticed depositions on behalf of Dickey's, our firm has not been retained to represent Jeff Gruber or Roland Dickey individually.

Note that we do not believe the AAA has authority to secure pre-hearing depositions of any third party. We have thoroughly researched the case law in the 5th Circuit on this point and can find no authority for this proposition. Our firm has been involved in deposition discovery in multiple arbitrations and have been on both sides of this issue and it is our understanding that the AAA does not have authority to require third parties to participate in any pre-hearing discovery. If there is a statute or case that suggests otherwise, we would like to review it. In those circuits where pre-hearing discovery of third parties is permitted, it is generally held that there must be some special reason why a third party would need to be compelled to participate. Here, there is no reason provided and we can think of no reason to support the request. Dickey's has agreed to provide a corporate representative for deposition. To date, we have not received any proposed topics from the claimant. If claimant provides proposed topics, we will be glad to determine the appropriate corporate representative(s) to testify on topics and will work with claimant's counsel to schedule the deposition(s).

Best,

**Jamie Drillette** | Associate
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
jdrillette@lynnllp.com

---

**From:** Gary Leydig <gleydig@leydiglaw.com>
**Sent:** Monday, September 23, 2024 5:02 PM
**To:** Bryan Lara-Soto <Bryan@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Attached are the executed summonses for Messrs. Dickey and Gruber.

Regards,

*Gary W. Leydig*

GARY W. LEYDIG

LEYDIGLAW

THE LAW FIRM OF GARY W. LEYDIG LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Friday, September 20, 2024 5:38 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; 'RDickeyjr@dickeys.com' <RDickeyjr@dickeys.com>; 'Jgruber@dickeys.com' <Jgruber@dickeys.com>; 'Lquinn@dickeys.com' <Lquinn@dickeys.com>; 'dlongworth@dickeys.com' <dlongworth@dickeys.com>; 'stephencbanker@gmail.com' <stephencbanker@gmail.com>; Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; 'Noel.quinn@gmail.com' <Noel.quinn@gmail.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053

Arbitrator Leydig:

Please find attached Claimant's Arbitration Summons directed to Roland Dickey Jr. and Jeffrey Gruber for your review and approval.

Thank you,

**BRYAN LARA-SOTO**
Paralegal

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: Bryan@zarcolaw.com
Website: www.zarcolaw.com

---

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION**

Case No. 01-23-0004-5053

G SIX CONSULTING, LLC,

Claimant,

v.

DICKEY'S BARBECUE RESTAURANTS, INC.,
ROLAND DICKEY, JR.,
JEFF GRUBER,
LEE QUINN,
DEBORAH LONGWORTH,
STEPHEN MULLET and
VIRTUAL BRANDS, INC.

Respondents.
______________________________________/

**NOTICE OF TAKING VIDEOTAPED DEPOSITION**

PLEASE TAKE NOTICE that pursuant to the AAA Rules, counsel for Claimant, G SIX CONSULING, LLC ("G SIX"), by and through undersigned counsel, will take the following deposition:

| **NAME** | **DATE** | **LOCATION** |
|---|---|---|
| Jeff Gruber | November 5, 2024, at 9:30am CST | Regus Highland Park Place 4514 Cole Avenue Suite 600, Dallas, TX 75205 |

Said deposition shall continue from day to day until completed and shall be taken for the purpose of discovery and/or use as evidence in the above-captioned action, pursuant to the rules set forth by the American Arbitration Association.

You are hereby invited to attend and take part as you deem fit and proper.

Dated: October 8, 2024

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
*Counsel for Claimant*
One Biscayne Tower
2 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 374-5428

By: /s/ *Himanshu M. Patel*
ROBERT M. EINHORN
Florida Bar No. 858188
E-mail: imorfi@zarcolaw.com
HIMANSHU M. PATEL
Florida Bar No. 0167223
E-mail: hpatel@zarcolaw.com
E-mail: acoro@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 8, 2024, a true and correct copy of the foregoing was served ***via electronic mail*** upon the following:

Roland Dickey, Jr.
RDickeyjr@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Jeff Gruber
Jgruber@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Lee Quinn
Lquinn@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Deborah Longworth
Dlongworth@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Stephen Mullett
stephencbanker@gmail.com

1844 Oak Bend Drive
Rockwall, TX 75087

Virtual Brands
RDickeyjr@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Mary Goodrich Nix
Texas Bar No. 24002694
mnix@lynnllp.com
Jamie Drillette
Texas Bar No. 24105820
jdrillette@lynnllp.com
Amanda Alexander
Texas Bar No. 24125647
aalexander@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP 2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Tel: (214) 981-3800 Fax: (214) 981-3839
*Counsel for Dickey's Barbecue Restaurants, Inc.*

By: /s/ *Himanshu M. Patel*
Himanshu M. Patel

**AMERICAN ARBITRATION ASSOCIATION**

Case No. 01-23-0004-5053

G SIX CONSULTING, LLC,

Claimant,

v.

DICKEY'S BARBECUE RESTAURANTS, INC.,
ROLAND DICKEY, JR.,
JEFF GRUBER,
LEE QUINN,
DEBORAH LONGWORTH,
STEPHEN MULLET and
VIRTUAL BRANDS, INC.

Respondents.
_______________________________________/

**NOTICE OF TAKING VIDEOTAPED DEPOSITION**

PLEASE TAKE NOTICE that pursuant to the AAA Rules, counsel for Claimant, G SIX CONSULING, LLC ("G SIX"), by and through undersigned counsel, will take the following deposition:

| **NAME** | **DATE** | **LOCATION** |
|---|---|---|
| Roland Dickey, Jr. | November 6, 2024 at 9:30am CST | Regus Highland Park Place 4514 Cole Avenue Suite 600, Dallas, TX 75205 |

Said deposition shall continue from day to day until completed and shall be taken for the purpose of discovery and/or use as evidence in the above-captioned action, pursuant to the rules set forth by the American Arbitration Association.

You are hereby invited to attend and take part as you deem fit and proper.

Dated: October 8, 2024

Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
*Counsel for Claimant*
One Biscayne Tower
2 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 374-5428

By: /s/ *Himanshu M. Patel*
ROBERT M. EINHORN
Florida Bar No. 858188
E-mail: imorfi@zarcolaw.com
HIMANSHU M. PATEL
Florida Bar No. 0167223
E-mail: hpatel@zarcolaw.com
E-mail: acoro@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 8, 2024, a true and correct copy of the foregoing was served ***via electronic mail*** upon the following:

Roland Dickey, Jr.
RDickeyjr@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Jeff Gruber
Jgruber@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Lee Quinn
Lquinn@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Deborah Longworth
Dlongworth@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Stephen Mullett
stephencbanker@gmail.com

1844 Oak Bend Drive
Rockwall, TX 75087

Virtual Brands
RDickeyjr@dickeys.com
4514 Cole Ave, Suite 1015
Dallas, TX 75205

Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
Mary Goodrich Nix
Texas Bar No. 24002694
mnix@lynnllp.com
Jamie Drillette
Texas Bar No. 24105820
jdrillette@lynnllp.com
Amanda Alexander
Texas Bar No. 24125647
aalexander@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP 2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Tel: (214) 981-3800 Fax: (214) 981-3839
*Counsel for Dickey's Barbecue Restaurants, Inc.*

By: /s/ *Himanshu M. Patel*
Himanshu M. Patel

EXHIBIT
C

**Bryan Lara-Soto**

| | |
|---|---|
| **From:** | Jamie Drillette <jdrillette@lynnllp.com> |
| **Sent:** | Friday, November 1, 2024 11:13 AM |
| **To:** | Himanshu Patel; Robert Einhorn |
| **Cc:** | Mary Nix; Michael K. Hurst; Amanda Alexander |
| **Subject:** | Gibson/G Six v. Dickey's |

Himanshu:

Thank you for your call this morning.

We have not been retained by and we do not represent Roland Dickey or Jeff Gruber, individually. To our knowledge, neither of them have hired legal counsel to represent them individually in this matter.

As a professional courtesy, I am writing to let you know that they do not intend to appear for the depositions you have noticed or to participate in this arbitration, in any manner, individually.

Their position is that there is no arbitration agreement between either of them, personally, and your clients. They therefore do not believe the AAA has jurisdiction over either of them personally.

I do not know if either of them will reach out to you. As a professional courtesy, we are letting you know our understanding that neither of them intend to appear for depositions, individually, or otherwise participate in this matter.

Regards,
Jamie

**Jamie Drillette | Associate**
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
Fax 214 981 3839
jdrillette@lynnllp.com

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
www.lynnllp.com

EXHIBIT
D

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**American Arbitration Association**

**Preliminary Hearing and Scheduling Order#__4___**

Case Number: 01-23-0004-5053

G Six Consulting LLC, Demetrius Gibson, and Maria Gibson
-vs-
Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, Virtual Brands, Inc.

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 1, 2022, a preliminary hearing was held on **May 10, 2024** before Arbitrator(s) **Gary W. Leydig, Esq.**.

**Preliminary Hearing Attendees**:

For Claimant: **Robert M. Einhorn, Esq. and Himanshu M. Patel, Esq.**

For Respondent: **Jamie R. Drillette, Esq.**

For the Association: **Carissa Langston**

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect**:

**1. Applicable Law**: The **Federal** arbitration statute/act will apply in the Arbitration and **Texas contract law and Texas, Illinois, and Federal statutory law** will be applied substantively to the arbitration. As to the substantive law that will apply to tort claims, Claimants submit that Illinois law governs while Respondent submits that Texas law governs.

**2. Parties:** All necessary parties are included in the arbitration, and the parties reserve the right to add parties.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator(s), Claimants shall amend and clarify their pleadings by **June 7, 2024.** Responses, if any, are due by **June 14, 2024.** All other amended claims and/or counterclaims shall be filed parties shall be filed by **June 21, 2024**. Reponses, if any, are due by **July 5, 2024**.

**4. Additional Preliminary Matters:** Any other preliminary matters not otherwise provided for herein shall be raised by the parties by August 5, 2024.

**5. Dispositive Motions:** One of the Parties has indicated its desire to file a dispositive motion. In the event that either Party desires to file a dispositive motion, it may file and serve an opening letter on or before **February 24, 2025**, not to exceed 5 pages in length stating the reasons it believes that a dispositive motion should be allowed by the Arbitrator(s). The opposing Party may file and serve its letter in opposition, not to exceed 5 pages in length, on or before **March 3, 2025**. The Arbitrator will rule on the Parties' letter submissions on or before **March 10, 2025**. If allowed, dispositive motions will be due **no later than March 24, 2025**, with responses due **14** days after the filing of the dispositive motion.

**6. Motions: (Optional Paragraph)** All other applications or requests for advice or direction from the Arbitrator(s) may be made informally by email or joint telephone conference. Formal motion procedure is not required, although it is allowed if the parties wish.

**7. Hearing:** A Final Hearing in this matter will commence before the Arbitrator(s) at **Dallas, Texas** on **April 28 – May 7, 2025** at **9:00 a.m. CT**. The parties estimate that this case will require **8** day(s) of hearing time, inclusive of arguments. Approximate number of attendees at the hearing: **TBD**. This is a firm setting and will not be changed or continued absent exceptional circumstances, upon a showing of good cause, or agreement by parties.

**8. Additional Pre-hearing/Status Conference**: An additional pre-hearing or status conference call is scheduled for **March 17, 2025** at **10:00 a.m. CT** before the Arbitrator(s). The parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than **March 10, 2025**. If no agenda is provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the parties.

**9. Exchange of Information/Discovery**:

a. Written Discovery:

i. Requests shall be exchanged by **July 12, 2024**. Each party may serve no more than **30** requests for production of documents and no more than **10** interrogatories.

ii. Answers to discovery requests are due within **30** days of receipt of the requests.

b. Depositions to be completed by **February 21, 2025**.

i. ____ hours of total deposition time or 10 number of depositions.

ii. No deposition shall exceed 7 hours in length.

iii. With respect to all depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

c. Discovery cutoff is **February 21, 2025**.

i. Please be advised that late-filed motions to compel discovery or discovery disputes are insufficient to cause a postponement of the Final Hearing.

d. Electronic Discovery:

i. Clawback agreements shall be in place for all parties to allow for the retrieval of inadvertently disclosed attorney-client privileged documents.

ii. If the cost of collection of any of the electronically stored data presents an unreasonable cost for the producing party because the data is not readily accessible and the parties cannot reach an agreement on the handling of the cost, the arbitrator will decide if cost sharing or cost shifting is appropriate.

iii. If any party has documents that are confidential, the arbitrator will issue a protective order upon the receipt of a stipulation from the parties for such an order. If the parties cannot agree on the terms, the attached sample Stipulation for Protective Order form can be provided.

iv. The parties' agreement regarding electronic discovery will then be memorialized in an ESI case management order to be submitted in draft to the Arbitrator(s) on or before **July 12, 2024**. If the parties cannot come to agreement regarding all salient issues concerning

electronic discovery not covered by this order, they may raise the remaining issues to the Arbitrator(s) by motion, to be filed within __**10**_ days of the meet and confer in accordance with the deadlines below.

**10. Confidentiality:** A party may make a request to the Arbitrator(s) for any measures required to protect confidential information.

**11. Cybersecurity/Privacy:** Having reviewed the AAA-ICDR Best Practices Guide for Maintaining Cybersecurity and Privacy and discussing what specific precautions might be required with regard to cybersecurity, privacy, and data protection in order to ensure an appropriate level of security for this case, the following measures shall be implemented: **Not applicable**

**12. Subpoenas:**

a. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator(s). The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. If any Party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator(s) no more than __**5**__ business days after issuance is requested, unless a shorter time is ordered by the Arbitrator(s). Subpoenas related to discovery shall be submitted to the Arbitrator(s) on or before __**October 30, 2024**__. Subpoenas for the attendance of witnesses at the hearing shall be submitted no later than __**April 7, 2025**__.

b. Pursuant to agreement of the parties, for cases involving an arbitration panel, the chair of the panel, and in his/her absence, any other panel member may issue subpoena(s) and rule on discovery.

**13. Witness Disclosures:**

a. Claimant shall file a disclosure of all witnesses reasonably expected to be called by Claimant(s) by_**February 20, 2025**__.

b. Respondent shall file a disclosure of all witnesses reasonably expected to be called by Respondent(s) by __**February 20, 2025**__.

c. On or before **January 10, 2025**, the Parties shall file and serve their initial expert witness reports. On

or before **January 24, 2025,** the Parties shall file and serve any rebuttal expert witness reports. Expert reports shall set forth each expert's opinions and the reasons for them. The substance of each expert's direct testimony must fairly and reasonably be addressed in the expert's report. Experts witnesses may be deposed, not to exceed **4 hours**. Such depositions shall not be included in the limitations described in Paragraph 9(b) above.

**14. Exhibits:** The parties shall exchange copies of all exhibits to be offered at hearing not later than **April 8, 2025**. The parties shall exchange copies of all demonstrative exhibits, including schedules, summaries, diagrams, and charts to be used at hearing not later than **April 15, 2025**.

a. The Association does not require a copy of the exhibits for our file.

b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the witness.

c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| **Party** | **Exhibit #** | **To Exhibit #** |
|---|---|---|
| Claimant | C1 | C___ |
| Respondent | R1 | R___ |

d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.

i. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

**15. Arbitration Hold:** Counsel for the Parties are directed to inform their clients that the Arbitrator(s) has ordered an arbitration hold according to applicable law and that the clients should take steps to prevent the destruction of all documents, both paper and electronic. If any party has an automatic document deletion/destruction program in place that system should be overridden until the case is completed.

**16. Stipulation of Uncontested Facts:** The parties shall file a stipulation of uncontested facts by **April 15, 2025**.

**17. Pre-Hearing Briefs:** On or before **April 15, 2025**, each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and

authorities.

a. Briefs may be in summary form, including the use of bullet points rather than extensive text.

b. The Arbitrator(s) requests that briefs not exceed **15** double-spaced pages, excluding copies of any authorities that the parties may submit at the same time. The parties are invited to highlight any authorities as they deem appropriate.

**18. Stenographic Record**: If both parties desire a stenographic record of the hearing, the parties will arrange between themselves of the presence of a court reporter. The cost of the court report will be divided evenly between the Parties. Pursuant to Rules, if the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record.

**19. Award:**

a. Form of Award:

i. The parties request a **Reasoned** award.

ii. Pursuant to the Rules, the award shall be made by the Arbitrator(s) no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statement and proofs to the Arbitrator(s).

iii. The parties confirm that the franchise agreement provides for the awarding of attorney's fees.

**20. Mediation/Judicial Settlement Conference Services**:

a. Mediation and Judicial Settlement Conference Services are available from the AAA. There is no additional filing fee to initiate either service.

b. The parties shall mediate their dispute by **N/A** pursuant to AAA's Commercial Arbitration Rules, or as otherwise agreed upon by the parties, in accordance with the Rules.

**21. Communication**:

Direct Exchange

The parties agree to participate in Direct Exchange. Provided there is no *ex parte* communication with the Arbitrator(s), the parties may communicate directly with the Arbitrator(s) by submitting documents to the Arbitrator(s) and also sending copies to the other party(s) and originals to the AAA (except for hearing

exhibits and discovery documents). Email submission of documents and email requests for action by the Arbitrator(s) are allowed, provided that the AAA and all parties also receive copies of all of these. For convenience of the parties, the following are the email addresses to be used:

**For Claimants**: reinhorn@zarcolaw.com; hpatel@zarcolaw.com; bryan@zarcolaw.com

**For Respondents**: jdrillette@lynnllp.com; mnix@lynnllp.com; mhurst@lynnllp.com

**For AAA**: carissa.langston@adr.org; gleydig@leydiglaw.com

There shall be no direct oral or written communication between the parties and the Arbitrator(s) except as contemplated by this Order. Any communication to the Arbitrator(s) shall be copied to the AAA.

**22. Orders:** Upon agreement of the Arbitrator(s), orders of the Panel of Arbitrator(s) may be signed by the Panel Chair, _N/A___________, alone on behalf of the entire panel and shall be effective as if signed by all three panel members.

**23. Disclosures of the Arbitrator(s):** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator(s) the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator(s) shall be raised promptly with the AAA.

**24. File Destruction:** The Arbitrator(s) will destroy their files related to this matter __60__ days after the filing of the Award unless otherwise notified by the parties.

**25. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator(s).

Dated: 5/20/2024

Arbitrator Signature: Gary W Leydig, Arbitrator

**Table of Deadlines**

| # | Action | Deadline |
|---|---|---|
| 1 | Parties' disclosures | July 12, 2024 |
| 2 | Claimants' initial request for documents (if needed) | July 12, 2024 |
| 3 | Respondents' initial request for documents (if needed) | July 12, 2024 |
| 4 | Claimants' initial disclosure of potential witnesses | July 12, 2024 |
| 5 | Respondents' initial disclosure of potential witnesses | July 12, 2024 |
| 6 | For Panel disclosure purposes, identification of any related parties, or witnesses | July 12, 2024 |
| 8 | Parties' expert(s) designations and reports | January 10, 2025 |
| 9 | Parties' rebuttal expert(s) designations and reports | January 24, 2025 |
| 10 | Motions regarding any unresolved discovery disputes | February 28, 2025 |
| 11 | Claimants' list of witnesses reasonably intended to be called | February 20, 2025 |
| 12 | Respondents' list of witnesses reasonably intended to be called | February 20, 2025 |
| 13 | Completion of all discovery | February 21, 2025 |
| 14 | If permitted by the Panel, deadline for the filing of dispositive motions | March 24, 2025 |
| 15 | Parties' exchange of proposed exhibits | April 8, 2025 |
| 16 | Requests for the issuance of third-party subpoenas for discovery | October 30, 2024 |
| 17 | Requests for witness subpoenas for hearing | April 7, 2025 |
| 18 | Parties' completion of combined single set of exhibit books | April 15, 2025 |
| 19 | Parties' exchange of demonstrative exhibits | April 15, 2025 |
| 20 | Filing of pre-hearing statements, any stipulations and core exhibits for prehearing Panel review | April 15, 2025 |
| 21 | Dates for pre-hearing status conference(s) (telephonic) | March 17, 2025 |
| 22 | Hearing dates / delivery of exhibits | April 28, 2025 |
| 23 | Filing of post-hearing briefs (if any) | 14 days after closing date of hearing |
| 24 | Estimated deadline for issuance of final award | 30 days after closing date of hearing |

# EXHIBIT K

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC, Demetrius Gibson,**
**and Maria Gibson,**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr.,**
**Jeff Gruber, Lee Quinn, Deborah Longworth,**
**Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

Claimant, G Six Consulting, LLC ("G Six"), has brought a motion to compel the depositions of Jeffrey Gruber and Roland Dickey, Jr., and to impose sanctions on Respondent, Dickey's Barbeque Restaurants, Inc. ("Dickey's"). Dickey's has responded and seeks an order of protection with regard to Mr. Dickey, Jr.

As a preliminary matter, I have previously advised the parties, and wish to confirm here, that I do not consider myself bound by the procedural rules—including those controlling discovery procedure—of the federal courts, Texas or any other judicial jurisdiction. The parties' arbitration agreement, at paragraph 27.5, provides that all matters relating to arbitration will be governed by the Federal Arbitration Act. That act does not contain discovery procedural rules. Paragraph 27.5 further states that, except where superseded by the FAA or other federal statutes, the matters in arbitration shall be governed and construed in accordance with the laws of the State of Texas. I interpret that provision to require application of the *substantive* law of Texas. Paragraph 1 of the Preliminary Hearing and Scheduling Order #4 confirms this interpretation: "The Federal arbitration statute/act will apply in the Arbitration and Texas contract law and Texas, Illinois, and Federal statutory law will be applied substantively to the arbitration." Thus,

while I will always be open to arguments that look to the wisdom of state and federal courts when resolving discovery disputes, I do not consider myself bound by them. Rather, the AAA's rules relating to discovery are my guiding star. Rule 23(a) provides: "The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses." Further, Rule 24 provides: "The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of Rules R-22 . . . and any other rule or procedure and to otherwise achieve a fair, efficient and economical resolution of the case[.]" I will now turn to the discovery issues before me with these principles in mind.

On October 8, 2024. G Six served two "Notice[s] of Taking Videotaped Deposition" on Dickey's counsel and on several other individuals who had been named as parties in this matter. One notice called for the deposition of Mr. Gruber on November 5, 2024. The second notice called for the deposition of Mr. Dickey, Jr. on November 6, 2024. Both depositions were to take place in Dallas, Texas. On October 16, 2024, I issued deposition subpoenas for the depositions of these gentlemen at the same times and place. There is no dispute that both of these gentlemen are officers and/or agents of Dickey's.

Neither gentleman sought any sort of protective order from me. Dickey's did not seek a protective order. Rather, they all simply chose not to appear for their depositions. The excuse given was that Messrs. Gruber and Dickey, Jr. were not *individually* subject to the jurisdiction of this arbitration. And, indeed, I ruled on November 12 that Messrs. Gruber and Dickey, Jr. were not parties to an arbitration agreement with G Six, and dismissed them from this proceeding. Dickey's excuse, however, is a red herring.

Dickey's was obliged to produce Messrs. Gruber and Dickey, Jr. for their depositions. That, at that point in time, their status as potential *individual* respondents was in dispute was irrelevant to the undisputed fact that they were, and are, also agents of Dickey's and that Dickey's had an independent obligation to produce them for their depositions as agents of Dickey's. If Dickey's required guidance from the arbitrator as to how the depositions might be structured to address their potential individual and agency statuses, then it was incumbent on Dickey's to approach the arbitrator and seek that guidance or protection. Simply not producing the witnesses was not an appropriate response.

Dickey's further argues in its response to the motion that Mr. Dickey, Jr. is an "apex" witness and should be protected from having his deposition taken. That argument, too, should have been raised with the arbitrator in advance of the scheduled deposition of Mr. Dickey, Jr. Again, simply electing not to submit him was not an appropriate option. I have reviewed the authorities and arguments regarding Mr. Dickey, Jr.'s status as an "apex" witness, and I do not find them persuasive. Further, even if the argument had some merit, Dickey's waived the argument by not timely bringing it to the attention of the arbitrator in advance of the noticed deposition.

Counsel for Dickey's shall confer with counsel for G Six and new dates for the depositions of Messrs. Gruber and Dickey, Jr. shall promptly be agreed to; with the understanding that Dickey's has now likely caused a two month delay in the taking of these depositions and, as a result, the arbitrator will not be sympathetic to any further, unreasonable delays caused by Dickey's in the scheduling of these two witnesses.

With regard to any monetary sanctions that might flow from the delay, it is premature to address that at this time. G Six can address it at the time of the hearing, together with its other

claims of damages. Assuming Messrs. Gruber and Dickey, Jr. give their sworn deposition testimony, a negative inference would not be necessary or appropriate. Nothing stated here precludes G Six from seeking other relief if other discovery matters warrant it.

G Six's motion to compel is granted. G Six's motion for monetary sanctions is deferred to the time of the hearing.

Dickey's motion for an order of protection is denied.

Dated: December 20, 2024

Gary W. Leydig, Arbitrator

# EXHIBIT L

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC, Demetrius Gibson,
and Maria Gibson,**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr.,
Jeff Gruber, Lee Quinn, Deborah Longworth,
Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

This matter came before the arbitrator on this date to address various discovery and related scheduling matters.

It is ordered:

1. The depositions of Mr. Dickey, Jr. and either Mr. Gruber or Ms. Longworth shall proceed in Dalas, Texas the week of February 3, 2025, on successive days unless otherwise mutually agreed by the parties. The date of February 3, however, is subject to the availability of Claimant's attorney, and that availability will be disclosed to Respondent's attorney as soon as possible. The deposition of Mr. Dickey, Jr. shall proceed first. Respondent shall use its best effort to have both Mr. Gruber and Ms. Longworth submit for their depositions the week of February 3. If that cannot in good faith be arranged, the third deposition shall proceed on a mutually agreed day in the week of February 10.

2. With regard to VBI's request to file a dispositive motion, the arbitrator's order of December 20, 2024 addressing that request is modified as follows:

> If the parties cannot agree on a way forward without briefing a dispositive motion, then VBI shall file its dispositive motion on or before January 17, 2025. Claimant may file a

response within seven days of the filing of the motion, and VBI may file a reply within seven days of the filing of the response.

Dated: January 10, 2025

Gary W. Leydig, Arbitrator

# EXHIBIT M

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

This matter came before the arbitrator on this date to address deposition scheduling.

It is ordered:

1. The depositions of Mr. Dickey, Jr., Mr. Gruber and Mr. Mullet shall take place in Texas on February 5, 6 and 7, 2025, respectively.

2. Respondent's counsel shall contact Claimant's counsel no later than January 27, 2025, and shall provide alternative dates for the deposition of Ms. Longworth; ideally on dates on or prior to February 20, 2025. The parties shall in good faith endeavor to schedule the deposition of Ms. Longworth to take place on or prior to February 20, 2025. If the parties are unable to reach agreement on the scheduling of Ms. Longworth's deposition within that timeframe, the arbitrator will entertain a motion to extend the discovery cutoff date for the taking of that deposition.

3. By January 27, 2025, counsel for Respondent shall also advise counsel for Claimant of alternative dates for the deposition of Respondent's expert witness, and the parties shall in good faith arrive at a mutually agreeable date for that deposition. Unless otherwise mutually agreed, this deposition shall proceed in Arizona and in person.

Dated: January 23, 2025

Gary W. Leydig, Arbitrator

# EXHIBIT N

ZARCO EINHORN SALKOWSKI

ROBERT ZARCO
ROBERT M. EINHORN
ROBERT F. SALKOWSKI*
HIMANSHU M. PATEL
KAARI-LYNN S. GAGNON
MARY NIKEZIC**
MICHAEL D. BRAUNSTEIN
BRENDA PHANG
JACKY BEDA
ALEC R. SHELOWITZ
VICTORIA DIAZ
DORIAN A. VERGOS

*ALSO ADMITTED TO PRACTICE IN NJ
**ALSO ADMITTED TO PRACTICE IN IL

ATTORNEYS AT LAW
2 S. BISCAYNE BLVD.
34TH FLOOR
MIAMI, FLORIDA 33131

MIAMI
TELEPHONE: (305) 374-5418
TELEFAX: (305) 374-5428

WEST PALM BEACH
TELEPHONE: (561) 721-2861

WWW.ZARCOLAW.COM

February 20, 2025

**Via E-mail gleydig@leydiglaw.com**

Gary W. Leydig, Esq.
The Law Firm of Gary W. Leydig LLC
100 East Cossitt Avenue, Suite 300
La Grange, IL 60525

*Re:* ***G Six Consulting, LLC v. Dickey's Barbeque Restaurants, Inc.***
***AAA Case No. 01-23-0004-5053***

Dear Arbitrator Leydig:

As you know, this law firm represents Claimant, G Six Consulting, LLC ("G Six" or "Claimant"), in the above-referenced proceeding. Dickey's Barbeque Restaurants Inc.'s ("Dickey's") persistent and deliberate disregard of three successive Orders entered by the Tribunal, dated December 20, 2024, January 10, 2025 and January 23, 2025 (collectively the "Deposition Orders"), has effectively paralyzed the discovery process in this matter. Despite the Tribunal's clear and repeated directives regarding deposition scheduling, Claimant has yet had an opportunity to take a single deposition of Dickey's officers, agents, or employees after almost six months of attempting to do so. Dickey's actions go beyond mere non-compliance—they reflect a calculated litigation strategy designed to obstruct discovery, prevent sworn testimony of key witnesses, and indefinitely delay the final hearing. Through a series of increasingly transparent tactics—from

jurisdictional objections to meritless protective orders to manufactured scheduling conflicts to a self-created stay of this case by its own counsel—Dickey's has demonstrated civil contempt for both this Tribunal's authority and the fundamental principles of discovery. This systematic stonewalling not only prejudices Claimant's ability to prepare its case but also undermines the efficiency and cost-effectiveness that arbitration is meant to provide. For the reasons detailed herein, Claimant requests that the Tribunal impose sanctions for Dickey's willful noncompliance with the Tribunal's Orders pursuant to AAA R-60. In support of its request for sanctions, please permit this letter to serve as Claimant's Motion for Sanctions setting forth your authority to impose sanctions against Dickey's for its willful non-compliance with the Deposition Orders.

## I. <u>DICKEY'S WILFULL NON-COMPLIANCE OF THE DEPOSITION ORDERS</u>

Commencing November 2024 through today, Dickey's has willfully disregarded three of the Tribunal's deposition-related orders through its failure to produce Roland Dickey, Jr. ("Dickey Jr."), Jeffrey Gruber ("Gruber"), Deborah Longworth ("Longworth") and Chris Davenport ("Davenport") for their depositions. For the ease of convenience, Claimant provides a brief recap of the events leading up to the filing of the instant Motion.

On November 26, 2024, Claimant submitted its Motion to Compel Deposition Attendance and Impose Sanctions. Dickey's served a Response to Claimant's Motion to Compel Deposition Attendance and Impose Sanctions and simultaneously served its Motion for Protection to prevent Claimant from taking Dickey, Jr.'s deposition. Dickey's posited that it had no responsibility to produce either party because at the time of the scheduled depositions, Gruber and Dickey Jr. were individually named Respondents. Dickey's also sought to prevent the deposition of Dickey, Jr. pursuant to Texas's Apex Doctrine claiming that Dickey, Jr., purported to lack any knowledge regarding the claims in this case. In its Reply, Claimant not only noted Dickey's apparent improper

gamesmanship, but also highlighted Dickey's attempt to hide behind the prior jurisdictional dispute regarding the individual Respondents to justify its failure to abide by its legal duty to produce its corporate officers, directors, or managing agents to appear for their depositions.

On December 20, 2024, the Tribunal ordered Dickey's counsel to confer with the undersigned to reschedule Gruber and Dickey Jr.'s depositions (the "First Order").[1] Specifically, the First Order required the following:

> Counsel for Dickey's ***shall*** confer with counsel for G Six and new dates for the depositions of Messrs. Gruber and Dickey, Jr. ***shall promptly be agreed to***; with the understanding that Dickey's has now likely caused a two month delay in the taking of these depositions and, as a result, the arbitrator will not be sympathetic to any further, unreasonable delays caused by Dickey's in the scheduling of these two witnesses.

Ex. A at 3 (emphasis added).

Notwithstanding the First Order compelling the depositions of Gruber and Dickey, Jr., Dickey's continued to stonewall Claimant's ability to move forward with same. Indeed, Claimant was forced to seek the Tribunal's assistance on two (2) more occasions to get a deposition schedule in place. On January 10, 2025, the parties engaged in a scheduling conference to discuss deposition dates for Gruber, Dickey, Jr. and Longworth.[2] Given Dickey's position that its counsel or witnesses were not available in January and the fast-approaching discovery cut-off date of February 21, 2025, the Tribunal ordered that

> the depositions of Mr. Dickey, Jr. and either Mr. Gruber or Ms. Longworth shall proceed in Dallas, Texas the week of February 3, 2025, on successive days unless otherwise mutually agreed by the parties. . . . The deposition of Mr. Dickey, Jr. shall proceed first. Respondent shall use its best effort to have both Mr. Gruber and

---

[1] A true and correct copy of the Tribunal's Order, dated December 20, 2024, granting Claimant's Motion to Compel Enforcement of Subpoenas is attached hereto as **Exhibit "A."**

[2] A copy of the Tribunal's Order, dated January 10, 2025 (the "Second Order"), is annexed hereto as **Exhibit "B."**

> Ms. Longworth submit for their depositions the week of February 3. If that cannot in good faith be arranged, the third deposition shall proceed on a mutually agreed day in the week of February.

Ex. B at 1.

On January 15, 2025—notwithstanding the Second Order's requirement that the parties work in good faith to work out a deposition schedule—Dickey's counsel, Mary Nix, Esq., continued to obstruct Claimant's efforts to move forward with depositions stating that Dickey's is "not renegotiating the schedule of our witnesses."[3] As a result, Claimant was forced to bring the issue of scheduling depositions back to the Tribunal. On January 23, 2025, the parties had another status call and the Tribunal ordered as follows:[4]

> 1. The depositions of Mr. Dickey, Jr., Mr. Gruber and Mr. Mullet shall take place in Texas on February 5, 6 and 7, 2025, respectively.
>
> 2. Respondent's counsel shall contact Claimant's counsel no later than January 27, 2025, and shall provide alternative dates for the deposition of Ms. Longworth; ideally on dates on or prior to February 20, 2025. The parties shall in good faith endeavor to schedule the deposition of Ms. Longworth to take place on or prior to February 20, 2025. If the parties are unable to reach agreement on the scheduling of Ms. Longworth's deposition within that timeframe, the arbitrator will entertain a motion to extend the discovery cutoff date for the taking of that deposition.
>
> 3. By January 27, 2025, counsel for Respondent shall also advise counsel for Claimant of alternative dates for the deposition of Respondent's expert witness, [Chris Davenport,] and the parties shall in good faith arrive at a mutually agreeable date for that deposition. Unless otherwise mutually agreed, this deposition shall proceed in Arizona and in person.

Ex. D at 1.

Notwithstanding the clear terms of the Third Order, Ms. Nix refused to provide dates for

---

[3] A copy of Ms. Nix's e-mail, dated January 15, 2025, to the undersigned is annexed hereto as **Exhibit "C."**

[4] A copy of the Tribunal's Order, dated January 23, 2025 (the "Third Order," and collectively with the first Order and Second Order, the "Deposition Orders"), is annexed hereto as **Exhibit "D."**

the depositions of Longworth and Dickey's expert witness. On January 27, 2025, and obviously desperate to prevent the depositions of Dickey, Jr., Gruber and Mullet from proceeding, Dickey's filed a frivolous objection with the AAA seeking to replace the arbitrator in this matter with a new arbitrator in the hopes of getting a fresh start in this proceeding. Indeed, Dickey's objection was not only patently meritless, but it was contrived as a last-ditch effort to obstruct Claimant's ability to take the depositions of two (2) of Dickey's current principals and one (1) former employee.[5] Towards that end, on February 3, 2025, Ms. Nix sent an e-mail to the AAA, specifically Carissa Langston, seeking confirmation that this proceeding was paused pending the AAA's decision on Dickey's objection. Unfortunately for Dickey's, its attempt to stall the case did not retroactively apply to the Deposition Orders as Ms. Langston advised that "all pending deadlines in the Arbitrator's Orders remain in place."[6] Following receipt of Ms. Langston's e-mail, the undersigned asked Ms. Nix to confirm that she and her clients intended to appear for depositions later in the week. In response, on February 3, 2025, at 7:58 p.m., Ms. Nix advised as follows:

> Mr. Patel,
> I am not aware of any deposition of my client, Dickey's, scheduled for this week. Non-party employees (Mr. Dickey, Mr. Gruber, and Ms. Longworth) will not be appearing for depositions.[7]

Ex. E at 2.

Later in the evening at 8:24 p.m., and in response to Claimant's counsel, Robert M. Einhorn, Esq.'s inquiry, Ms. Nix stated as follows:

> Mr. Einhorn,

---

[5] On February 18, 2025, the AAA denied Dickey's objection and reaffirmed you as the Arbitrator in this proceeding.

[6] A copy of Carissa Langston's e-mail to Ms. Nix, dated February 3, 2025, is annexed hereto as **Exhibit "E."**

[7] A copy of the Certificates of Nonappearance for Dickey Jr., Gruber and Mullett is collectively annexed hereto as **Exhibit "F."**

> There was no deposition of Mr. Gruber or Ms. Longworth set this week. The only deposition that was discussed for this week was Mr. Dickey. However, that deposition discussion pre-dated the currently outstanding motions and other discovery disputes that preclude his deposition going forward this week. Further, he is a non-party to the arbitration.

*Id.*

On February 5, 2025, and given Ms. Nix's failure to provide any dates for Dickey's expert witness, Chris Davenport's, deposition, Claimant sent to Dickey's counsel a draft subpoena for Mr. Davenport and requested deposition dates by the close of business on February 10, 2025, so that Claimant could schedule the deposition prior to the close of discovery. Later in the evening, at 6:24 p.m., Ms. Nix advised that "the matter is stayed" and that Dickey's had not agreed to produce Mr. Davenport for deposition.[8] Ms. Nix further stated that "there is no right under the FAA for an expert witness deposition. Therefore, we are not agreeing to provide him for deposition at this time." Ex. G.

Notwithstanding both the e-mail from Ms. Langston and the terms of the Deposition Orders, Dickey's, through the actions of Ms. Nix, willfully ignored the Deposition Orders and also reasserted a legally erroneous argument that Claimant was precluded from taking the deposition of Dickey, Jr. because he was a non-party to the arbitration—an issue the Tribunal already addressed and rejected in the First Order. As to Mr. Davenport, Ms. Nix took the position that Claimant is somehow not permitted to take Mr. Davenport's deposition. This position is contrary to Dickey's obligation to produce him for deposition per the Third Order.

As explained herein, Dickey's failure to comply with the Deposition Orders unequivocally constitutes willful noncompliance. Dickey's outrageously obstructive tactics, which originally commenced in 2024, will continue unless there are serious consequences imposed by the Tribunal.

---

[8] A copy of Ms. Nix's e-mail, dated February 5, 2025, is annexed hereto as **Exhibit "G."**

These tactics have imposed significant expenses on Claimant and has prejudiced Claimant's ability to prove its case. Thus, sanctions against Dickey's for its willful noncompliance to the Deposition Orders are warranted.

## II. THE TRIBUNAL SHOULD SANCTION DICKEY'S FOR ITS WILLFUL NON-COMPLIANCE OF THE DISCOVERY ORDERS.

AAA R-60 grants the Tribunal the authority to impose sanctions, upon a party's request, "where a party fails to comply with its obligations under these rules or with an order of the arbitrator." AAA R-60. It is indisputable that Dickey's has failed to comply with the Deposition Orders—as evidenced by the fact that Claimant has yet to be able to take a single deposition during the six-month discovery period. The only question left for the Tribunal is what sanctions should be imposed against Dickey's for its repeated violation of the same discovery issue, i.e., failure to produce witnesses for deposition.

Rule 24 grants the Tribunal the authority to issue ***any*** orders necessary to enforce the AAA Commercial Rules and "to otherwise achieve a fair, efficient and economical resolution of the case, including, ***without limitation***." AAA R-24 (emphasis added). "[I]n the case of willful non-compliance with ***any*** order issued by the arbitrator," the Tribunal has the express authority to "draw[] adverse inferences, exclude[e] evidence and other submissions, and/or mak[e] special allocations of costs or an interim award of costs arising from such non-compliance." *Id.* Dickey's conduct undisputably constitutes willful non-compliance and bad faith and should be sanctioned pursuant to AAA R-24.

In determining *what* sanctions to impose, the AAA Commercial Rules grant the Tribunal enforcement powers through AAA R-24 in the same manner that the Federal, Texas and Illinois Rules of Civil Procedure each provide courts a non-exhaustive list of sanctions appropriate for a

party's noncompliance with discovery. *See* Fed. R. Civ. P. 37; Tex. R. Civ. P. 215; Ill. Sup. Ct. R. 219. For instance, in Texas federal courts, Dickey's failure to comply with the Deposition Orders pursuant to Fed. R. Civ. P. 37(b)(1) constitutes willful noncompliance warranting the ultimate sanctions of "dismissing the action" or "rendering a default judgment" upon a finding that "(1) the troublemaker acted with the intent to deprive [the other] party of the information's use, (2) there was "prejudice to [the other] party from loss of the information, and (3) the sanction is no greater than necessary to cure the prejudice." *Calsep A/S v. Dabral*, 84 F.4th 304, 311 (5th Cir. 2023) (internal citation omitted). Texas federal courts also find ultimate sanctions appropriate where, as here, a parties' failure to comply results from bad faith. *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir.1989). Texas courts also have the inherent power to issue "reasonable and appropriate sanctions if a party is acting in bad faith." *Calsep*, 84 F.4th at 311. The Tribunal has the authority to sanction Dickey's for failing to comply with the Deposition Orders in the same or similar manner as the Texas courts. For this reason, the Texas' federal courts are instructive.

Texas courts have found conduct to constitute willful non-compliance where a party is "well aware of its discovery obligations" and fails to comply with the same. *E.g.*, *In re Briar Bldg. Houston LLC*, 645 B.R. 896, 907 (Bankr. S.D. Tex. 2022). And knowingly ignoring an obligation, especially multiple times, may alone be enough to find bad faith. *Calsep A/S v.*, 84 F.4th at 311. For example, in *Bell v. Texaco, Inc.*, the 5th Circuit Court of Appeals held that "Plaintiffs' repeated failure to comply with discovery orders, even after being warned of the possibility of sanctions and personally instructed on how to comply, constituted willful noncompliance[,]" justifying monetary and litigation-ending sanctions. 493 F. App'x 587, 593 (5th Cir. 2012); *see also Tech. Chem. Co. v. IG-LO Prods. Corp.*, 812 F.2d 222, 224–25 (5th Cir. 1987) (finding no abuse of discretion in default-judgment sanction for "repeated failures" that "culminate in a party's failure to comply

with a court [discovery] order").

Here, there is absolutely no question that Dickey's was undeniably aware of its obligations under each of the Deposition Orders. Dickey's attorneys, both Jamie Drillette, Esq. and Ms. Nix, have participated in the status calls preceding each of the Deposition Orders, and Dickey's obligations under each Deposition Order are clear and unambiguous. Notwithstanding, Dickey's willful non-compliance is evidenced by its continued attempts at preventing the depositions of its officers, agents, and employees. At first, Dickey's attempted to use the purported jurisdictional dispute concerning the now-dismissed individual Respondents as grounds for its refusal to produce Dickey Jr. and Gruber for their respective depositions. Then, when its attempt at legal gymnastics failed, Dickey's sought a protective order under the apex doctrine to prevent the deposition of Dickey, Jr. When Dickey's gamesmanship efforts failed, it resorted to hiding behind a wall of scheduling conflicts to try to run out the clock on the discovery deadline and then force Claimant to continue the final hearing. When that failed, Dickey's interposed a frivolous objection to the arbitrator's fitness to serve based on an "undisclosed conflict." Dickey's desperately sought to obtain a new arbitrator in the hopes of resetting all deadlines and getting a fresh start in this dispute. And despite clear instructions from Ms. Langston that all pending deadlines per the Arbitrator's Order remain in place notwithstanding Dickey's objection to the Arbitrator, Ms. Nix took it upon herself to unilaterally force a stay of this matter and then refused to produce a single witness for deposition going insofar as to ignore reality and dispute that the depositions had ever even been scheduled. Such conduct plainly "evidences blatant disregard for the judicial process and constitutes willful and contumacious conduct," warranting the imposition of sanctions against Dickey's and its counsel. *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013).

Dickey's conduct falls squarely under R-24(d), which provides the Tribunal enforcement powers in the event of a party's willful noncompliance. Indeed, the Tribunal has broad discretion to grant sanctions including, but not limited to, "drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance" as a result of Dickey's blatant disregard for the Deposition Orders. AAA R-24(d). Notably, the Tribunal deferred Claimant's request to impose both monetary sanctions and adverse inferences against Dickey's in the First Order, stating Claimant's request for monetary sanctions as "premature" and adverse inferences as unnecessary. First Order at 1–2. While the Tribunal previously stated that Claimant's request for sanctions was premature, Dickey's conduct since the First Order unequivocally constitutes willful noncompliance and bad faith. As such, Claimant requests the Tribunal to sanction Dickey's by: (i) precluding Dickey, Jr., Gruber and Longworth from testifying at the Final Hearing; (ii) striking Dickey's Answering Statement, Affirmative Defenses, and Counterclaim; (iii) drawing adverse inferences against Dickey's in this proceeding; and (iv) compelling Dickey's to pay Claimant's expenses, including attorney's fees, incurred in connection with all briefing that has been necessary to obtain the Deposition Orders.

## III. CONCLUSION

Based on the foregoing, Claimant respectfully requests that the Tribunal enter an Order (i) granting Claimant's Motion for Sanctions; (ii) striking Dickey's pleadings in this proceeding; (iii) drawing adverse inferences against Dickey's in this proceeding; (iv) awarding Claimant its attorney's and costs incurred in connection with all briefing pertaining to the Deposition Orders; and (v) granting any other relief that the Tribunal deems just and proper.

Respectfully submitted,

ROBERT M. EINHORN
HIMANSHU M. PATEL

cc: G Six Consulting, LLC
Mary Nix, Esq.
Jamie Drillette, Esq.
Michael Hurst, Esq.
Amanda Alexander, Esq.

# EXHIBIT A

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC, Demetrius Gibson,**
**and Maria Gibson,**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr.,**
**Jeff Gruber, Lee Quinn, Deborah Longworth,**
**Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

Claimant, G Six Consulting, LLC ("G Six"), has brought a motion to compel the depositions of Jeffrey Gruber and Roland Dickey, Jr., and to impose sanctions on Respondent, Dickey's Barbeque Restaurants, Inc. ("Dickey's"). Dickey's has responded and seeks an order of protection with regard to Mr. Dickey, Jr.

As a preliminary matter, I have previously advised the parties, and wish to confirm here, that I do not consider myself bound by the procedural rules—including those controlling discovery procedure—of the federal courts, Texas or any other judicial jurisdiction. The parties' arbitration agreement, at paragraph 27.5, provides that all matters relating to arbitration will be governed by the Federal Arbitration Act. That act does not contain discovery procedural rules. Paragraph 27.5 further states that, except where superseded by the FAA or other federal statutes, the matters in arbitration shall be governed and construed in accordance with the laws of the State of Texas. I interpret that provision to require application of the *substantive* law of Texas. Paragraph 1 of the Preliminary Hearing and Scheduling Order #4 confirms this interpretation: "The Federal arbitration statute/act will apply in the Arbitration and Texas contract law and Texas, Illinois, and Federal statutory law will be applied substantively to the arbitration." Thus,

while I will always be open to arguments that look to the wisdom of state and federal courts when resolving discovery disputes, I do not consider myself bound by them. Rather, the AAA's rules relating to discovery are my guiding star. Rule 23(a) provides: "The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses." Further, Rule 24 provides: "The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of Rules R-22 . . . and any other rule or procedure and to otherwise achieve a fair, efficient and economical resolution of the case[.]" I will now turn to the discovery issues before me with these principles in mind.

On October 8, 2024. G Six served two "Notice[s] of Taking Videotaped Deposition" on Dickey's counsel and on several other individuals who had been named as parties in this matter. One notice called for the deposition of Mr. Gruber on November 5, 2024. The second notice called for the deposition of Mr. Dickey, Jr. on November 6, 2024. Both depositions were to take place in Dallas, Texas. On October 16, 2024, I issued deposition subpoenas for the depositions of these gentlemen at the same times and place. There is no dispute that both of these gentlemen are officers and/or agents of Dickey's.

Neither gentleman sought any sort of protective order from me. Dickey's did not seek a protective order. Rather, they all simply chose not to appear for their depositions. The excuse given was that Messrs. Gruber and Dickey, Jr. were not *individually* subject to the jurisdiction of this arbitration. And, indeed, I ruled on November 12 that Messrs. Gruber and Dickey, Jr. were not parties to an arbitration agreement with G Six, and dismissed them from this proceeding. Dickey's excuse, however, is a red herring.

Dickey's was obliged to produce Messrs. Gruber and Dickey, Jr. for their depositions. That, at that point in time, their status as potential *individual* respondents was in dispute was irrelevant to the undisputed fact that they were, and are, also agents of Dickey's and that Dickey's had an independent obligation to produce them for their depositions as agents of Dickey's. If Dickey's required guidance from the arbitrator as to how the depositions might be structured to address their potential individual and agency statuses, then it was incumbent on Dickey's to approach the arbitrator and seek that guidance or protection. Simply not producing the witnesses was not an appropriate response.

Dickey's further argues in its response to the motion that Mr. Dickey, Jr. is an "apex" witness and should be protected from having his deposition taken. That argument, too, should have been raised with the arbitrator in advance of the scheduled deposition of Mr. Dickey, Jr. Again, simply electing not to submit him was not an appropriate option. I have reviewed the authorities and arguments regarding Mr. Dickey, Jr.'s status as an "apex" witness, and I do not find them persuasive. Further, even if the argument had some merit, Dickey's waived the argument by not timely bringing it to the attention of the arbitrator in advance of the noticed deposition.

Counsel for Dickey's shall confer with counsel for G Six and new dates for the depositions of Messrs. Gruber and Dickey, Jr. shall promptly be agreed to; with the understanding that Dickey's has now likely caused a two month delay in the taking of these depositions and, as a result, the arbitrator will not be sympathetic to any further, unreasonable delays caused by Dickey's in the scheduling of these two witnesses.

With regard to any monetary sanctions that might flow from the delay, it is premature to address that at this time. G Six can address it at the time of the hearing, together with its other

claims of damages. Assuming Messrs. Gruber and Dickey, Jr. give their sworn deposition testimony, a negative inference would not be necessary or appropriate. Nothing stated here precludes G Six from seeking other relief if other discovery matters warrant it.

G Six's motion to compel is granted. G Six's motion for monetary sanctions is deferred to the time of the hearing.

Dickey's motion for an order of protection is denied.

Dated: December 20, 2024

Gary W. Leydig, Arbitrator

# EXHIBIT B

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC, Demetrius Gibson, and Maria Gibson,**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

This matter came before the arbitrator on this date to address various discovery and related scheduling matters.

It is ordered:

1. The depositions of Mr. Dickey, Jr. and either Mr. Gruber or Ms. Longworth shall proceed in Dalas, Texas the week of February 3, 2025, on successive days unless otherwise mutually agreed by the parties. The date of February 3, however, is subject to the availability of Claimant's attorney, and that availability will be disclosed to Respondent's attorney as soon as possible. The deposition of Mr. Dickey, Jr. shall proceed first. Respondent shall use its best effort to have both Mr. Gruber and Ms. Longworth submit for their depositions the week of February 3. If that cannot in good faith be arranged, the third deposition shall proceed on a mutually agreed day in the week of February 10.

2. With regard to VBI's request to file a dispositive motion, the arbitrator's order of December 20, 2024 addressing that request is modified as follows:

> If the parties cannot agree on a way forward without briefing a dispositive motion, then VBI shall file its dispositive motion on or before January 17, 2025. Claimant may file a

response within seven days of the filing of the motion, and VBI may file a reply within seven days of the filing of the response.

Dated: January 10, 2025

Gary W. Leydig, Arbitrator

# EXHIBIT C

**From:** Mary Nix
**To:** Himanshu Patel; Amanda Alexander; Robert Einhorn; Dorian Vergos; F. Alaina Rodriguez; Anite Coro; Bryan Lara-Soto
**Cc:** Michael K. Hurst; Jamie Drillette; Tonia Ashworth
**Subject:** RE: G Six Consulting LLC v. Dickey"s Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053
**Date:** Wednesday, January 15, 2025 5:39:51 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.png
image009.gif
image010.png
image011.png

---

Himanshu,

No - We are not renegotiating the schedule of our witnesses.

Thank you.
Mary

---

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Wednesday, January 15, 2025 4:29 PM
**To:** Amanda Alexander <AAlexander@lynnllp.com>; Robert Einhorn <REinhorn@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>
**Cc:** Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

Amanda,

Since Dickey's isn't able to produce all 3 witnesses during the 1st week, we would like to depose Ms. Longworth on February 6 as that is a day when she is available. As to the following week, we would like to take Mr. Gruber's deposition on either February 11 or 12. This is consistent with Arbitrator Leydig's ruling that if the depositions are not all in 1 week, then the date would be mutually coordinated during the 2nd week.

As to the Gibsons, the dates I provided to Jamie were February 18 – 20 as February 17 is President's Day. These depositions will need to take place in Chicago as the Gibsons are not individual parties seeking affirmative relief in Texas.

I look forward to hearing from you.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

---

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

**From:** Amanda Alexander <AAlexander@lynnllp.com>
**Sent:** Wednesday, January 15, 2025 4:57 PM
**To:** Robert Einhorn <REinhorn@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Mary Nix <mnix@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

Good afternoon,

I am writing to confirm the following deposition dates:

- Roland Dickey, Jr. – February 5, 2024
- Jeff Gruber – February 6, 2024
- Deborah Longworth – February 10, 2024

It is also my understanding that your firm has offered Maria and Demetrius's depositions for February 17th, 18th, or 19th. I am writing to confirm that we will be noticing their depositions for February 17th and 18th at our offices. I will share those notices shortly.

Best,

**AMANDA ALEXANDER**, Associate
**Lynn Pinker Hurst & Schwegmann**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
**lynnllp.com**

Direct 214 292 3659
Mobile 469 993 8878

**AAlexander@lynnllp.com**

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Lynn Pinker Hurst & Schwegmann, LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail, and destroy this communication and all copies thereof, including all attachments.

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Thursday, January 9, 2025 10:45 AM
**To:** Jamie Drillette <jdrillette@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

Ms. Drillette:

Call is confirmed for today at 3:30pm CST/4:30pm EST. We will call your direct line as disclosed in your signature block at that time. Thank you.

Regards,
Bryan Lara-Soto
Paralegal
ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S. Biscayne Blvd, 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: bryan@zarcolaw.com
Website: www.zarcolaw.com

---

**From:** Jamie Drillette <jdrillette@lynnllp.com>
**Sent:** Thursday, January 9, 2025 11:33 AM
**To:** Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

That timing is fine.

Please also see the attached letter regarding Claimants' deficient discovery responses. I look forward to discussing with you when you've had a chance to review.

Best,

**Jamie Drillette | Associate**
**LynnPinkerHurstSchwegmann**
Direct 214 292 3641
Mobile 682 622 6555
jdrillette@lynnllp.com

---

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Thursday, January 9, 2025 8:40 AM
**To:** Jamie Drillette <jdrillette@lynnllp.com>

**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053
**Importance:** High

Jamie:

Assuming this is between 2 – 4 pm CST, I am available at 3:30 pm CST/4:30 pm EST. Please confirm. Thank you.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Jamie Drillette <jdrillette@lynnllp.com>
**Sent:** Thursday, January 9, 2025 8:50 AM
**To:** Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>
**Subject:** Re: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

I am available between 2-4 today to discuss.

Jamie Drillette
Direct: (214) 292-3641
Mobile: (682) 622-6555

On Jan 8, 2025, at 4:39 PM, Himanshu Patel <HPatel@zarcolaw.com> wrote:

Jamie:

Consistent with Arbitrator Leydig's instructions below, please advise when you are available tomorrow to confer on the deposition schedule. Thank you.

HIMANSHU M. PATEL, ESQ,
Partner
*<image001.png>*

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131

Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

*<image002.jpg>*

*<image003.jpg>*

*<image004.jpg>*

*<image005.jpg>*

*<image006.jpg>*

<IMAGE007.PNG>

<image008.png>

*<image009.gif>*

*<image010.png>*

<image011.png>

---

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** Gary Leydig <gleydig@leydiglaw.com>
**Sent:** Wednesday, January 8, 2025 4:40 PM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Anite

Coro <ACoro@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; Jamie Drillette <jdrillette@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Beverly Congdon <bcongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; 'Gina Flores' <gflores@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Terra Slusher <tslusher@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053
**Importance:** High

Ms. Langston,

Please arrange with the parties for a telephone conference on Friday of this week, January 10. I am available any time after 10:00AM CT on that date. The purpose of the conference is to establish deposition dates and to address any other scheduling disputes.

The parties are requested to continue to attempt to resolve their scheduling issues in advance of whatever time is established.

Regards,

*Gary W. Leydig*
GARY W. LEYDIG

LEYDIGLAW
THE LAW FIRM OF GARY W. LEYDIG LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

---

**From:** Gary Leydig
**Sent:** Wednesday, January 8, 2025 3:26 PM
**To:** Bryan Lara-Soto <Bryan@zarcolaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; Jamie Drillette <jdrillette@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Beverly Congdon

<bcongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; 'Gina Flores' <gflores@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Terra Slusher <tslusher@lynnllp.com>
**Subject:** RE: G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

Mr. Langston,

Attached is the executed summons for Mr. Mullet.

*Gary Leydig*

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Monday, January 6, 2025 3:50 PM
**To:** Gary Leydig <gleydig@leydiglaw.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; Jamie Drillette <jdrillette@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Beverly Congdon <bcongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; 'Gina Flores' <gflores@lynnllp.com>; Roman Kupchynsky III <RKupchynsky@dickeys.com>; Terra Slusher <tslusher@lynnllp.com>
**Subject:** G Six Consulting LLC v. Dickey's Barbecue Restaurants, Inc. et. al. - Case 01-23-0004-5053

Arbitrator Leydig:

Please find attached Claimant's Arbitration Summons directed to Stephen Mullett for your review and approval. Thank you.

Regards,
**BRYAN LARA-SOTO**
Paralegal
***<image001.png>***

**ZARCO EINHORN SALKOWSKI, P.A.**
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: Bryan@zarcolaw.com
Website: www.zarcolaw.com

<image002.jpg>

<image003.jpg>

<image004.jpg>

<image005.jpg>

<image006.jpg>

<IMAGE007.PNG>

<image008.png>

---

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

# EXHIBIT D

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC**

**-vs-**

**Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, and Virtual Brands, Inc.**

# ORDER

This matter came before the arbitrator on this date to address deposition scheduling.

It is ordered:

1. The depositions of Mr. Dickey, Jr., Mr. Gruber and Mr. Mullet shall take place in Texas on February 5, 6 and 7, 2025, respectively.

2. Respondent's counsel shall contact Claimant's counsel no later than January 27, 2025, and shall provide alternative dates for the deposition of Ms. Longworth; ideally on dates on or prior to February 20, 2025. The parties shall in good faith endeavor to schedule the deposition of Ms. Longworth to take place on or prior to February 20, 2025. If the parties are unable to reach agreement on the scheduling of Ms. Longworth's deposition within that timeframe, the arbitrator will entertain a motion to extend the discovery cutoff date for the taking of that deposition.

3. By January 27, 2025, counsel for Respondent shall also advise counsel for Claimant of alternative dates for the deposition of Respondent's expert witness, and the parties shall in good faith arrive at a mutually agreeable date for that deposition. Unless otherwise mutually agreed, this deposition shall proceed in Arizona and in person.

Dated: January 23, 2025

Gary W. Leydig, Arbitrator

# EXHIBIT E

**From:** Mary Nix
**To:** Robert Einhorn; Himanshu Patel
**Cc:** Michael K. Hurst; Jamie Drillette; Amanda Alexander; Dorian Vergos; F. Alaina Rodriguez; Tonia Ashworth; Beverly Congdon
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053
**Date:** Monday, February 3, 2025 8:24:34 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.png
image009.gif
image010.png
image011.png
image012.png
image013.png
image014.png
image015.jpg
image016.png
image017.jpg
image018.png
image019.jpg
image020.jpg
image021.png
image022.png
image023.png
image024.png
image025.png

---

Mr. Einhorn,

There was no deposition of Mr. Gruber or Ms. Longworth set this week. The only deposition that was discussed for this week was Mr. Dickey.
However, that deposition discussion pre-dated the currently outstanding motions and other discovery disputes that preclude his deposition going forward this week.
Further, he is a non-party to the arbitration.

Regards,
Mary

---

**From:** Robert Einhorn <REinhorn@zarcolaw.com>
**Sent:** Monday, February 3, 2025 7:10 PM
**To:** Mary Nix <mnix@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

Ms. Nix,

Per your email below, Dickey's is choosing to violate the Arbitrator's Order requiring that the three depositions of its agents referenced below take place this week and next week. (We were still awaiting dates from you as to Ms. Longworth and Mr. Davenport's depositions). We will be obtaining certificates of non-appearance and will be seeking sanctions including the striking of Dickey's claims and defenses for its continued obstruction and violations of discovery Orders entered by the Arbitrator.

Having said that, we appreciate you letting us know in advance of our travel, that the witnesses will not be appearing.

Robert

ROBERT M. EINHORN

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor

Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: reinhorn@zarcolaw.com
Website: www.zarcolaw.com

---

**From:** Mary Nix <mnix@lynnllp.com>
**Sent:** Monday, February 3, 2025 7:58 PM
**To:** Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

Mr. Patel,

I am not aware of any deposition of my client, Dickey's, scheduled for this week.
Non-party employees (Mr. Dickey, Mr. Gruber, and Ms. Longworth) will not be appearing for depositions.

**MARY GOODRICH NIX** | Partner
*Board Certified – Labor & Employment Law*
*Texas Board of Legal Specialization*

**LynnPinkerHurstSchwegmann**
Direct 214-981-3821
Cell 214-725-9342

***"Super Lawyer" - Texas Monthly***
***"Best Lawyers" Dallas – D Magazine***
***"Best Lawyers in America for Litigation – Labor and Employment"– Best Lawyers©***
***"500 Leading Corporate Employment Lawyers" in U.S.A. – Lawdragon***
***"500 Leading Civil Rights & Plaintiff Employment Lawyers" in U.S.A. - Lawdragon***
***"500 Leading Commercial Litigators" in U.S.A. - Lawdragon***

---

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Monday, February 3, 2025 4:10 PM
**To:** Mary Nix <mnix@lynnllp.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>
**Subject:** FW: Objection to Gary Leydig 01 23 0004 5053

Mary,

Based on Carissa's e-mail below, we trust that you and your clients intend to appear for depositions starting Wednesday. Please confirm as we are flying out tomorrow morning. Thank you.

HIMANSHU M. PATEL, ESQ,
Partner

**Zarco Einhorn Salkowski, P.A.**
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

---

**From:** AAA Carissa Langston <CarissaLangston@adr.org>
**Sent:** Monday, February 3, 2025 2:24 PM
**To:** 'Mary Nix' <mnix@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Terra Slusher <tslusher@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

Ms. Nix,

I think I spoke to fast. Let me clarify my previous statement. So all pending deadlines in the Arbitrator's Order remain in place. However, any issues and/or discovery disputes will be tabled pending the AAA's determination regarding Mr. Leydig's appointment.

If you have any questions, please let me know.

Thanks,
Carissa

**AAA Carissa Langston**
**Manager of ADR Services**

American Arbitration Association
T: 945 292 3196 E: CarissaLangston@adr.org
13727 Noel Road, Suite 1025, Dallas, TX 75240
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Monday, February 3, 2025 11:56 AM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>; 'Mary Nix' <mnix@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Terra Slusher <tslusher@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

***** External E-Mail – Use Caution *****

Ms. Langston:

As per your conversation with Mr. Einhorn a few moments ago, please find attached order directing that the depositions scheduled for this week are to go forward. Thank you.

Regards,
Bryan Lara-Soto
Paralegal
ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S. Biscayne Blvd, 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: bryan@zarcolaw.com
Website: www.zarcolaw.com

---

**From:** AAA Carissa Langston <CarissaLangston@adr.org>
**Sent:** Monday, February 3, 2025 12:06 PM
**To:** 'Mary Nix' <mnix@lynnllp.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Terra Slusher <tslusher@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

Yes, that's correct.

Thanks,
Carissa

**AAA Carissa Langston**
**Manager of ADR Services**

American Arbitration Association
T: 945 292 3196 E: CarissaLangston@adr.org
13727 Noel Road, Suite 1025, Dallas, TX 75240
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for

the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

---

**From:** Mary Nix <mnix@lynnllp.com>
**Sent:** Monday, February 3, 2025 10:56 AM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>; 'Himanshu Patel' <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Terra Slusher <tslusher@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

***** External E-Mail – Use Caution *****

Ms. Langston,

Please confirm that the arbitration proceeding is paused pending the AAA's decision on Respondent's objection.

Thank you.

Regards,
Mary Nix

---

**From:** AAA Carissa Langston <CarissaLangston@adr.org>
**Sent:** Friday, January 31, 2025 11:05 AM
**To:** 'Himanshu Patel' <HPatel@zarcolaw.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Terra Slusher <tslusher@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; AAA Carissa Langston <CarissaLangston@adr.org>
**Subject:** RE: Objection to Gary Leydig 01 23 0004 5053

Counsel:

This will acknowledge receipt of an email from Mary Nix on January 30, 2025, wherein an objection was made to the appointment of Gary Leydig. We note a copy was exchanged with opposing counsel.

At this time we request the comments of Claimant to the above referenced correspondence. Said comments are to be received by the AAA on or before February 3, 2025. The arbitrator shall not be copied on any comments related to the disclosure.

Thanks,
Carissa

**AAA Carissa Langston**
**Manager of ADR Services**

American Arbitration Association
T: 945 292 3196 E: CarissaLangston@adr.org
13727 Noel Road, Suite 1025, Dallas, TX 75240
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply

email and destroy all copies of the transmittal. Thank you.

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Friday, January 31, 2025 8:29 AM
**To:** AAA Carissa Langston <CarissaLangston@adr.org>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Bryan Lara-Soto <Bryan@zarcolaw.com>; Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Terra Slusher <tslusher@lynnllp.com>; Gina Flores <gflores@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Mary Nix <mnix@lynnllp.com>
**Subject:** RE: Objection to Gary Leydig

***** External E-Mail – Use Caution *****

Good morning Ms. Langston,

Claimant intends to file an opposition to Respondent's frivolous position.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

[redacted]

# EXHIBIT F

AMERICAN ARBITRATION ASSOCIATION

Case No. 01-23-0004-5053

| | |
|---|---|
| G SIX CONSULTING, INC., | § |
| | § |
| Claimant, | § |
| | § |
| v. | § |
| | § |
| DICKEY'S BARBEQUE RESTAURANTS, INC., ROLAND DICKEY, JR., JEFF GRUBER, LEE QUINN, DEBORAH LONGWORTH, STEPHEN MULLET and VIRTUAL BRANDS, INC., | § § § § § § |
| | § |
| Respondents. | § |

* * * * * * * * * * * * * * * * * *

CERTIFICATE OF NONAPPEARANCE

FOR THE VIDEOTAPED ORAL DEPOSITION OF

ROLAND DICKEY, JR.

February 5, 2025

(Reported Remotely)

* * * * * * * * * * * * * * * * * *

ROLAND DICKEY, JR. was called to appear as a witness in the above styled and numbered cause on the 5th day of February 2025, beginning at 9:30 a.m., to be reported remotely via Zoom by Sandra S. Givens, CSR, in and for the State of Texas, by machine shorthand method.

A P P E A R A N C E S

None

I N D E X

Appearances - - - - - - - - - - - - - - - - - - - - - - 2
Reporter's Certification - - - - - - - - - - - - - - - 3

REPORTER'S CERTIFICATION

I, Sandra S. Givens, Certified Shorthand Reporter for the State of Texas, do hereby certify that I was present to take the oral deposition of the witness, ROLAND DICKEY, JR., remotely via Zoom on the 5th day of February 2025 at 9:30 a.m. As of 10:00 a.m. neither the witness nor any of the parties appeared.

I further certify that this Certificate of Nonappearance will be provided to Himanshu M. Patel, attorney for the claimant, and that the taxable costs for this Certificate of Nonappearance charged to same is $ .

Given under my hand and seal of office on this 5th day of February 2025.



Sandra S. Givens, CSR
Certification No. 5000
Certificate Expires 1/31/26
U.S. LEGAL SUPPORT, INC.
Firm Registration No. 122
16825 Northchase Drive, Suite 900
Houston, Texas 77060
(713) 653-7100

AMERICAN ARBITRATION ASSOCIATION

Case No. 01-23-0004-5053

G SIX CONSULTING, LLC,
Claimant,

VS.

DICKEY'S BARBECUE RESTAURANTS, INC., ROLAND DICKEY, JR., JEFF GRUBER, LEE QUINN, DEBORAH LONGWORTH, STEPHEN MULLET AND VIRTUAL BRANDS, INC.,
Respondents.

---------------------------------------

CERTIFICATE OF NONAPPEARANCE

FOR THE DEPOSITION OF

JEFF GRUBER

February 6, 2025

---------------------------------------

I, Jamie K. Israelow, Certified Shorthand Reporter in and for the State of Texas, Registered Merit Reporter and Certified Realtime Reporter, appeared remotely in Denton County, Texas, at 9:30 a.m., Central Time, on Thursday, February 6, 2025, to report the deposition of JEFF GRUBER, which was to be taken pursuant to Re-Notice of Taking Videotaped Deposition JEFF GRUBER:

That I remained until approximately 9:45 a.m., at which time JEFF GRUBER had not appeared;

Given under my hand and seal of office on this, the 6th day of February, 2025.

Jamie K. Israelow, CSR, RMR, CRR
Texas CSR 3801
Expiration Date: 4/30/2025
US LEGAL SUPPORT, INC.
Firm Registration No. 122
16825 Northchase Drive, Suite 800
Houston, Texas 77060
713.653.7100

SERVICE NO. 6796440-001

CAUSE NO. 01-23-0004-5053

| | | |
|---|---|---|
| G SIX CONSULTING, LLC | § | |
| | § | |
| Claimant, | § | |
| | § | |
| VS. | § | |
| | § | |
| DICKEY'S BARBECUE | § | AMERICAN ARBITRATION ASSOCIATION |
| RESTAURANTS, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

---

CERTIFICATE OF NONAPPEARANCE
FOR THE NOTICED DEPOSITION OF
STEPHEN MULLET
FEBRUARY 7, 2025

---

A P P E A R A N C E S

FOR Claimant:

Himanshu Patel, Esq.
Zarco Einhorn Salkowski, P.A.
2 S. Bizcayne Blvd.
Suite 3400
Miami, Florida 33131
hpatel@zarcolaw.com

I, Eduardo Pineda-Reyes, a certified digital reporter for the State of Texas, hereby declare under penalty of perjury the following:
On Friday, February, 7, 2025, at 9:30 a.m., I made an appearance at REGUS located at 13509 Lyndon B. Johnson Fwy Garland, TX 75041, for the purpose of reporting the deposition of Stephen Mullet.

At approximately 09:30 a.m., I was informed by counsel, Himanshu Patel, that Stephen Mullet had not appeared for the taking of his deposition.

The reporter and attorney Himanshu Patel, remained at the address indicated above until 10 a.m., by which time the witness, Stephen Mullet, had not appeared.

CAUSE NO. 01-23-0004-5053

| | | |
|---|---|---|
| G SIX CONSULTING, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| DICKEY'S BARBECUE | § | AMERICAN ARBITRATION ASSOCIATION |
| RESTAURANTS, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

---

CERTIFICATE OF NONAPPEARANCE
FOR THE NOTICED DEPOSITION OF
STEPHEN MULLET
FEBRUARY 7, 2025

---

I, Eduardo Pineda-Reyes, the officer before whom the foregoing proceedings were taken, do hereby certify to the following:

That the witness, Stephen Mullet, did not appear pursuant to the Notice of Deposition; and that the foregoing transcript is a true record of the proceedings;

That the original transcript of the Certificate of Non-Appearance was delivered to Bryan Lara-Soro;

That $______ is the deposition officer's charges to the Plaintiff for preparing the original certificate and any copies of exhibits;

That pursuant to information given to the deposition officer the following includes counsel for all parties of record: Himanshu M. Patel, Attorney for Plaintiff and Michael K. Hurst, Attorney for Defendants.

That a copy of this certificate was served on all parties shown herein on ________________ and filed with the Clerk pursuant to Rule 203.3.

I further certify that I am neither counsel for, related to, nor employed by any of the parties in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me on February 7, 2025.

Eduardo Pineda-Reyes
Eduardo Pineda-Reyes
Notary Public in and for
the State of Texas
134731414
VERITEXT LEGAL SOLUTIONS
Firm Registration No. 571
300 Throckmorton Street, Suite 1600
Fort Worth, Texas 76102

# EXHIBIT G

**From:** Mary Nix
**To:** Bryan Lara-Soto
**Cc:** Robert Einhorn; Himanshu Patel; Dorian Vergos; F. Alaina Rodriguez; Ingrid Morfi; Anite Coro; Jamie Drillette; Michael K. Hurst; Amanda Alexander; Tonia Ashworth
**Subject:** RE: G Six Consulting LLC, v. Dickey"s Barbecue Restaurants, Inc. - Case 01-23-0004-5053
**Date:** Wednesday, February 5, 2025 6:23:51 PM
**Attachments:** image001.png
image002.jpg
image003.jpg
image004.jpg
image005.jpg
image006.jpg
image007.png
image008.png

---

Bryan,

The matter is stayed.

We did discuss the possibility of providing Mr. Davenport for a deposition after your client's deposition but we never moved beyond that discussion.
We have not agreed to produce him for a deposition. There is no right under the FAA for an expert witness deposition. Therefore, we are not agreeing to provide him for deposition at this time.

On the flip side, there is a right for the parties to have each others' depositions. We sent you a topic list for a corporate representative deposition of G Six. We have not received a response. As we have consistently stated, we will agree to you taking a corporate representative deposition of Dickey's. If you want to send us topics, we will be glad to review and discuss same.
We will also be glad to discuss dates for the depositions of our respective corporate representatives after the stay is lifted in this matter.

Thank you.

Regards,
Mary

---

**From:** Bryan Lara-Soto <Bryan@zarcolaw.com>
**Sent:** Wednesday, February 5, 2025 5:14 PM
**To:** Jamie Drillette <jdrillette@lynnllp.com>; Michael K. Hurst <MHurst@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>
**Cc:** Robert Einhorn <REinhorn@zarcolaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Dorian Vergos <dvergos@zarcolaw.com>; F. Alaina Rodriguez <farodriguez@zarcolaw.com>; Ingrid Morfi <IMorfi@zarcolaw.com>; Anite Coro <ACoro@zarcolaw.com>
**Subject:** G Six Consulting LLC, v. Dickey's Barbecue Restaurants, Inc. - Case 01-23-0004-5053

Counsel:

Please find attached a draft subpoena directed to Mr. Chris Davenport. Please provide us with a date and location for Mr. Davenport's deposition by no later than Monday, February 10, 2025, for his deposition to take place prior to the discovery cutoff February 21, 2025. Should you fail to provide a response by Feb. 10, Claimants will move to preclude Mr. Davenport from testifying at the Final Hearing since Claimant has not been afforded an opportunity to take his deposition. Thank you.

Regards,
**Bryan Lara-Soto**
Paralegal

**Zarco Einhorn Salkowski, P.A.**
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: Bryan@zarcolaw.com
Website: www.zarcolaw.com

DISCLAIMER: This electronic message transmission contains information from the law firm of Zarco Einhorn Salkowski, P.A., which may be confidential and/or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us immediately by telephone at 305.374.5418 or by electronic mail info@zarcolaw.com, and delete the message, all attachments and copies thereof. Thank you.

Zarco Einhorn Salkowski, P.A. cannot accept responsibility for the accuracy or completeness of this e-mail, as it has been transmitted over a public network. If you suspect that the e-mail may have been intercepted or amended, please call the sender. Any views expressed by an individual in this e-mail do not necessarily reflect the views of Zarco Einhorn Salkowski, P.A.

CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

# EXHIBIT O

**From:** Gary Leydig
**To:** "reinhorn@zarcolaw.com"; "dvergos@zarcolaw.com"; "Lawclerk2@zarcolaw.com"; "bryan@zarcolaw.com"; "hpatel@zarcolaw.com"; Michael K. Hurst; Mary Nix; "js@cdcaruso.com"; Jamie Drillette; Terra Slusher; "cdc@cdcaruso.com"; Beverly Congdon; "RKupchynsky@dickeys.com"; Gina Flores; Tonia Ashworth
**Cc:** AAA Carissa Langston
**Subject:** G Six Consulting LLC v. Dickey"s Barbecue Restaurants, Inc. - Case 01-23-0004-5053
**Date:** Monday, February 24, 2025 3:39:56 PM
**Importance:** High

---

Counsel:

The status conference that just wound up at the request of Mr. Hurst, will resume at a time that I will discuss with Ms. Langston of the AAA. Tentatively, please clear your calendars for this Friday afternoon. This will give me an opportunity to read anything that Respondent may file on February 27 in response to Claimant's February 20 motion for sanctions. Notwithstanding the conference was concluded prematurely, I want to make clear here the steps that I have already ordered be set in motion:

1. The discovery depositions of Dickey, Jr., Gruber and Longworth shall take place at the offices of Claimant's attorneys in Florida during the weeks of March 3,10 and/or 17. Counsel for Claimant shall immediately advise counsel for Respondent of all the days during that three week period when the depositions could take place. Within 48 hours of receiving that information, counsel for Respondent shall confer with these witnesses and shall advise counsel for Claimant as to the date when each of the three witnesses will be presented on the available dates. One deposition of a witness will take place per day.
2. If these three witnesses are not presented by Respondent for their depositions on any of the dates that are made available the first three weeks of March, I will consider imposing some or all of the full array of sanctions available under the AAA Rules.
3. We did not have an opportunity to address the deposition of Mr. Mullet, but I do not want to allow any further delay to impede the Claimant's efforts to take that deposition. The parties agreed that Mullet, unlike Dickey, Jr. Gruber and Longworth, is not a current employee of Respondent. I had been under the impression that counsel for Respondent would work with Claimant to facilitate that deposition. It is apparent that will not happen. Accordingly, unless Mr. Mullet is willing to voluntarily cooperate with Claimant, Claimant will have to proceed under the authority of the subpoena I have already issued (or a new one if Claimant believes that is necessary) and Claimant will have to enlist the authority of the local courts to enforce the subpoena (or whatever procedure is provided under Texas law).
4. I am actively considering striking the report (if any) of Respondent's expert and barring his testimony at the hearing due to Respondent's failure to comply with the deadlines established in the Preliminary Hearing and Scheduling Order #4, dated May 20, 2024; however, I will defer making a ruling with regard to this witness until I have had an opportunity to review Respondent's brief which will be filed February 27.
5. All remaining outstanding issues will be addressed at the rescheduled status conference.

Gary W. Leydig
Gary W. Leydig, Member

LeydigLaw
The Law Firm of Gary W. Leydig LLC
100 East Cossitt Avenue
Suite 300
La Grange, IL 60525

(708) 927-9303
gleydig@leydiglaw.com
www.LeydigLaw.com

NOTICE: This electronic mail transmission may contain an attorney-client communication that is confidential and privileged. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this transmission in error, please delete it from your system without copying it, and notify the sender by reply email or by calling 708-927-9303, so that our address record can be corrected. Thank you.

# EXHIBIT P

**American Arbitration Association**

**Case Number: 01-23-0004-5053**

**G Six Consulting LLC**

**-vs-**

**Dickey's Barbecue Restaurants, Inc.**

**ORDER**

This matter is before the arbitrator on a Motion for Sanctions, filed by Claimant, G Six Consulting, LLC, on February 20, 2025. For the reasons stated herein, Claimant's motion is granted.

I.

Respondent, Dickey's Barbecue Restaurants, Inc., has engaged in repeated, willful violations of the arbitrator's orders. As a result, Respondent has completely shut down Claimant's ability to take the depositions of Respondent's key officers and agents, as well as its expert witness, and has prevented Claimant from preparing for both the presentation of Claimant's own case and its defense of Respondent's counterclaim. The arbitrator naively believed Respondent would ultimately get its act together and comport itself in good faith. Blinded with that naiveté, a series of orders were entered; each one giving Respondent yet another chance to comply. The arbitrator was proven to be sorely mistaken. Respondent stands defiant and has no intention of complying with the arbitrator's orders. Indeed, the arbitrator is convinced that at no time throughout this process did Respondent intend to produce its three officers and agents Dickey, Jr., Gruber and Longworth, nor did it intend to produce its expert witness, Davenport, for their depositions. Respondent's conduct reveals a complete disrespect

and disregard for these proceedings and, accordingly, Respondent has forfeited its right to fully participate in these proceedings as they go forward.

The starting point for the analysis of Respondent's conduct and Claimant's motion for sanctions is the parties' arbitration agreement. Respondent is the franchisor and Claimant is the franchisee under a Dickey's Barbecue Restaurant Franchise Agreement. This franchise agreement, prepared by Respondent, contains the following mandatory arbitration language at Article 27.2:

> ***[A]ll Disputes*** that are not resolved through mediation in accordance with Article 27.1, including all disputes relating to the scope, validity, or enforceability of this Arbitration Agreement and any provision in this Article 27.2, s***hall be submitted for binding arbitration to the office of the AAA located nearest to Dickey's corporate headquarters in Dallas, Collin County, Texas, on demand of either party. Such arbitration proceedings shall be conducted*** by an arbitrator who is experienced in the arbitration of disputes in the franchise and food service businesses, if such an arbitrator is available, and ***in accordance with the then-current commercial arbitration rules of the AAA***. … (emph. added).

Article 27.5 of the franchise agreement further provides in pertinent part:

> All matters relating to arbitration will be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et. seq.). Except to the extent governed by the Federal Arbitration Act, . . . all controversies, disputes, or claims arising out of this agreement . . . shall be governed by and construed in accordance with the laws of the state of Texas. (orig'l in all caps.)

The Federal Arbitration Act ("FAA") contains no rules or procedures for the conduct of discovery in an arbitration proceeding. It is completely silent. As arbitration is, at its core, a creature of contract[1], the parties to an arbitration agreement are at liberty under the FAA to select

[1] "A single and indispensable principle governs any analysis of an arbitrator's power: arbitration is a creature of contract, voluntarily entered into and bargained for by the parties." *Kennedy v. Am. Expres Travel Related Servs. Co.*, 646 F. Supp. 1342, 1343 (S.D. Fla. 2009).

whatever discovery procedures they wish to follow. Alternatively, if none are agreed to, or if there is a gap in those procedures, the arbitrator possesses inherent power and discretion to control the discovery process in the arbitration over which he presides. Under the FAA "arbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to effectuate this authority, including with respect to conducting discovery and sanctioning failure to abide by ordered disclosures." *Hamstein Cumberland Music Group v. Williams*, 532 Fed. Appx. 538, 543 (5th Cir. 2013).

Here, Respondent incorporated into its franchise agreement, and the parties mutually agreed, that all "arbitration proceedings shall be conducted in accordance with the then-current commercial arbitration rules of the AAA." Those commercial arbitration rules of the AAA expressly cover procedures for discovery, and those procedures vest the arbitrator with the discretion and authority to "manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute." Rule R-23; and *see Moore v. Mansions Custom Homes, III, LP*, No. 6:12-CV-317, 2012 WL 12903080, at *2 (E.D. Tex. Oct. 15, 2012) (holding that where the agreement is governed by the rules of the AAA, "[t]he AAA gives the arbitrator authority to order whatever discovery he believes is necessary.").

For ease of reference, the AAA's commercial arbitration rules relating to discovery, the arbitrator's role in connection with discovery, and the Claimant's present motion for sanctions are set out here:

> **R-1. Agreement of Parties**
>
> (a) The parties shall be deemed to have made these Rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association ("AAA") under its Commercial Arbitration Rules or for arbitration by the

AAA of a domestic commercial dispute without specifying particular rules. . . . The parties, by written agreement, may vary the procedures set forth in these Rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator.

**R-22. Preliminary Hearing**

(a) At the discretion of the arbitrator, and depending on the size and complexity of the arbitration, a preliminary hearing should be scheduled as soon as practicable after the arbitrator has been appointed. . . .

(b) At the preliminary hearing, the parties and the arbitrator should be prepared to discuss and establish a procedure for the conduct of the arbitration that is appropriate to achieve a fair, efficient, and economical resolution of the dispute. Procedures P-1 and P-2 of these Rules address the issues to be considered at the preliminary hearing.

**R-23. Pre-Hearing Exchange and Production of Information**

(a) Authority of arbitrator. The arbitrator shall manage any necessary exchange of information among the parties with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses.

**R-24. Enforcement Powers of Arbitrator**

The arbitrator shall have the authority to issue any orders necessary to enforce the provisions of Rules R-22 and R-23 and any other rule or procedure and to otherwise achieve a fair, efficient and economical resolution of the case, including, without limitation:

. . .

(d) in the case of willful non-compliance with any order issued by the arbitrator, drawing adverse inferences, excluding evidence and other submissions, and/or making special allocations of costs or an interim award of costs arising from such non-compliance; and

(e) issuing any other enforcement orders which the arbitrator is empowered to issue under applicable law.

> **R-42. Waiver of Rules**
>
> Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.
>
> **R-60. Sanctions**
>
> (a) The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these Rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.
>
> (b) The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.

Procedure P-1, referenced above in AAA Rule 22, provides:

> **P-1. General**
>
> (a) In all but the simplest cases, holding a preliminary hearing as early in the process as possible will help the parties and the arbitrator organize the proceeding in a manner that will maximize efficiency and economy, and will provide each party a fair opportunity to present its case.
>
> (b) Care must be taken to avoid importing procedures from court systems, as such procedures may not be appropriate to the conduct of arbitrations as an alternative form of dispute resolution that is designed to be simpler, less expensive and more expeditious.

At the commencement of this case, and every case initiated under the AAA's commercial arbitration rules, the AAA provides the parties and the arbitrator with a standard, form template for use at the preliminary hearing. Attached to this order as Appendix A is a copy of the AAA's cover letter and preliminary hearing template that was circulated to the parties and arbitrator at

the commencement of this case. This is the AAA's standard template. It is not peculiar to this arbitrator or to this case. It contains a laundry list of items for the arbitrator and the parties to address at the very beginning of the case to assure key dates and procedural matters are set in place and, ultimately, reduced to an order binding on all parties.

Of particular importance for the present matter is Paragraph 9(b) of the AAA's template. It plainly sets out a suggested procedure for the taking of discovery depositions, including: completion dates, number of total depositions, length of depositions, and conduct at depositions. Paragraph 12 of the template builds on this and sets out proposed procedures for the issuance of subpoenas to secure the appearance of non-party witnesses for *both* discovery depositions and testimony at the ultimate hearing. Finally, at Paragraph 13(c) of the template, the AAA suggests procedures for the exchange of expert reports. Absent good cause shown to the arbitrator, depositions of experts are not contemplated by the AAA's form template.

As is this arbitrator's customary practice, the parties in this case were instructed to confer and seek agreement on as many of the items as possible in the AAA's form template. Specifically, on May 1, 2024, the arbitrator entered an order that provided in part:

> The parties shall confer and establish to the greatest extent possible as many of the dates and conditions that are set forth in the "Preliminary Hearing and Scheduling Order" template supplied by the AAA to the parties. Those agreed dates and conditions, and all remaining dates and conditions that have not been agreed to, will be the focus of the next scheduling conference with the Arbitrator to be held on May 10, 2024, at 1:00 p.m. (Central Time) via teleconference.

As indicated in that order, a subsequent conference with the parties was held on May 10, 2024. On May 9, 2024, in advance of that conference, the parties submitted to the arbitrator their jointly prepared, proposed Preliminary Hearing and Scheduling Order. A copy of that jointly prepared order is attached as Appendix B. The parties' jointly prepared and proposed order was

the topic of the May 10 conference. At no time, in writing or orally, did Respondent object to the taking of discovery depositions. The only dispute between the parties on the topic was the total number of depositions that could be taken. Respondent wanted to limit the number to seven. Claimant wanted the ability to take ten.[2] Never was it suggested by Respondent that the AAA commercial arbitration rules did not allow for depositions. Never was it suggested that the FAA prohibited depositions. Never was it suggested that a corporate party could only be deposed using the format of a Rule 30(b)(6) witness as provided under the Federal Rules of Civil Procedure.

To the contrary, the AAA's basic template for the taking of depositions at Paragraph 9 was left unchanged and unobjected to by Respondent. Further, Respondent never objected to the authority of the arbitrator to issue subpoenas for the depositions of non-party witnesses. The AAA's basic template for the issuance of such subpoenas at Paragraph 12 was left unchanged by Respondent.[3] Finally, not only did Respondent not object to the taking of depositions by the parties, in general, under Paragraphs 9 and 12, but the jointly prepared order submitted by the parties on May 9, expressly expanded Paragraph 13 to allow for the taking of expert depositions. Where none had been allowed under the AAA's form template, Respondent and Claimant agreed

---

[2] At the May 10, 2024, conference, the arbitrator ruled that the total number of depositions could be ten as proposed by Claimant.

[3] It is worth noting here that Respondent was fully capable of making its objections to any portion of the AAA form template known to the arbitrator. At Paragraph 1, for example, where the template calls for the parties to state the controlling law, Respondent's proposed order contained the following: "As to the substantive law that will apply to tort claims, Claimants submit that Illinois law governs while Respondent submits that Texas law governs. The parties dispute whether Texas or Illinois tort law shall apply. The parties shall submit briefing on this issue no later than [_______/ March 24, 2025], not to exceed 8 pages, if the parties are unable to reach an agreement prior to such time." No such language, identifying Respondent's objection to the AAA form, or to Claimant's positions relating to the form, were inserted by Respondent at the provisions relating to depositions at Paragraphs 9 and 12.

to, and proposed to the arbitrator, the inclusion of the following new language at Paragraph 13: "Experts [sic.] witnesses may be deposed, not to exceed 4 hours. Such depositions shall not be included in the limitations described in Paragraph 9(b) above."

Other than additional fine tuning of the dates for the final hearing and the dates for events leading up to that hearing, the Preliminary Hearing and Scheduling Order that was ultimately entered by the arbitrator on May 20, 2024 ("Scheduling Order #4"), remained in all substantive respects as it had been first jointly submitted to the arbitrator by the parties on May 9, 2024. Accordingly, Scheduling Order #4 accurately begins with the following language: "***By agreement of the Parties*** and Order of the Arbitrator(s), the following is now in effect[.]" (emph. added). Accordingly, as provided in Rule R-22, the arbitrator and the parties, through Scheduling Order #4, "establish[ed] a procedure for the conduct of the arbitration that is appropriate to achieve a fair, efficient, and economical resolution of the dispute."

Pursuant to Rule R-1, to the extent anything in Scheduling Order #4 varied from the procedures established under the commercial arbitration rules, the parties agreed to those variances and those variances became binding on the parties. Rule R-1 ("The parties, by written agreement, may vary the procedures set forth in these Rules. After appointment of the arbitrator, such modifications may be made only with the consent of the arbitrator."). Additionally, to the extent anything in Scheduling Order #4 failed to comply with any provision or requirement of the AAA commercial arbitration rules, such noncompliance was waived by Respondent. Rule R-42 ("Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object.").

On November 26, 2024, Claimant filed its initial Motion to Compel Deposition Attendance and for Sanctions. Through that motion the arbitrator learned that Respondent, and Messrs. Gruber and Dickey, Jr. had all been served on October 8, 2024, with notices for the taking of the depositions of Dickey, Jr. and Gruber in Texas on November 5 and 6, 2024, respectively. Dickey, Jr. is the CEO and a director of the holding company owning Respondent. Gruber is the Senior Vice President of Franchise Administration for Respondent. Respondent had refused to produce these two officers and agents of Respondent, taking the position in its communications with Claimant that these individuals were not parties to the arbitration and, thus, the arbitrator had no authority over them.

Nonetheless, when faced with the motion to compel, Respondent fully acknowledged in its response to the motion that Dickey, Jr. and Gruber did indeed fall within the category of persons who were officers, directors or managing agents of Respondent and that they were persons whose depositions could (absent some exception) be noticed and taken by Claimant. Indeed, in its response, Respondent "agreed to present Mr. Gruber for his deposition in his capacity as a control person of Dickey's," and "agreed to produce Mr. Gruber for deposition, who does have knowledge relevant to this dispute." Respondent's response at pp. 1 and 5. With regard to Dickey, Jr., Respondent made no pretense in its response that Respondent was not obliged to submit Mr. Dickey for his deposition upon receipt of a notice of deposition. Rather, Respondent argued that Mr. Dickey should be excused from his deposition because he was an "apex" witness. In making this latter argument, Respondent conceded that even if Dickey, Jr. was thus excused from his deposition, "[i]f Claimant wishes to obtain information relevant to this dispute, it can do so . . . through the depositions of lower-level employees." Respondent's response at p. 2. Notwithstanding these repeated acknowledgments and representations by

Respondent of its obligation to produce its employees for depositions, Respondent has, as outlined below, refused to this date to present a single one of its employees for a deposition.

The arbitrator's order arising from Claimant's initial motion to compel the depositions of Dickey, Jr. and Gruber was clear:

> . . . There is no dispute that both of these gentlemen are officers and/or agents of Dickey's.
>
> Neither gentleman sought any sort of protective order from me. Dickey's did not seek a protective order. Rather, they all simply chose not to appear for their depositions. The excuse given was that Messrs. Gruber and Dickey, Jr. were not *individually* subject to the jurisdiction of this arbitration. And, indeed, I ruled on November 12 that Messrs. Gruber and Dickey, Jr. were not parties to an arbitration agreement with G Six, and dismissed them from this proceeding. Dickey's excuse, however, is a red herring.
>
> Dickey's was obliged to produce Messrs. Gruber and Dickey, Jr. for their depositions. That, at that point in time, their status as potential *individual* respondents was in dispute was irrelevant to the undisputed fact that they were, and are, also agents of Dickey's and that Dickey's had an independent obligation to produce them for their depositions as agents of Dickey's. If Dickey's required guidance from the arbitrator as to how the depositions might be structured to address their potential individual and agency statuses, then it was incumbent on Dickey's to approach the arbitrator and seek that guidance or protection. Simply not producing the witnesses was not an appropriate response.
>
> Dickey's further argues in its response to the motion that Mr. Dickey, Jr. is an "apex" witness and should be protected from having his deposition taken. That argument, too, should have been raised with the arbitrator in advance of the scheduled deposition of Mr. Dickey, Jr. Again, simply electing not to submit him was not an appropriate option. I have reviewed the authorities and arguments regarding Mr. Dickey, Jr.'s status as an "apex" witness, and I do not find them persuasive. Further, even if the argument had some merit, Dickey's waived the argument by not timely bringing it to the attention of the arbitrator in advance of the noticed deposition.

> Counsel for Dickey's shall confer with counsel for G Six and new dates for the depositions of Messrs. Gruber and Dickey, Jr. shall promptly be agreed to; with the understanding that Dickey's has now likely caused a two month delay in the taking of these depositions and, as a result, the arbitrator will not be sympathetic to any further, unreasonable delays caused by Dickey's in the scheduling of these two witnesses.

Order dated Dec. 20, 2024 ("Order No. 1")

Notwithstanding this clear directive, Respondent failed to reschedule and present these two witnesses in a timely fashion. Rather, in its communications with Claimant's counsel, Respondent's counsel claimed they had conflicting trial and other scheduling conflicts throughout January, and they attempted to push the depositions into February of 2025. Per Scheduling Order #4, the discovery cutoff date of February 21, 2025, was rapidly approaching. These two depositions had first been noticed by Claimant for the first week of November, 2024, well in advance of the discovery cutoff date. On January 8, 2025, having failed to obtain the cooperation from Respondent it rightly felt it was entitled to following Order No. 1, Claimant requested a telephone conference with the arbitrator to address the scheduling issue. The arbitrator scheduled a telephone conference with the parties for January 10, 2025.

On January 10, 2025, the arbitrator conducted a telephone conference with counsel for the parties. At that conference, attorney Ms. Nix for the Respondent restated the scheduling conflicts that had previously been raised with Claimant's counsel. In particular, the conflict stressed by Ms. Nix was that her co-counsel in this case, Ms. Drillette, was on trial in January, that she was indispensable for the depositions, and they just could not proceed in January without her. The arbitrator expressed his extreme reluctance to delay the depositions into February, but nonetheless succumbed to the requests of Respondent's counsel.

As of the January 10, 2025, telephone conference, a third employee of Respondent, Ms. Longworth, had also been noticed by Claimant for her deposition. The scheduling of her deposition was fully intertwined with the discussion concerning the scheduling of Messrs. Dickey, Jr. and Gruber.[4] After addressing numerous scheduling options with counsel for both sides, and receiving assurances from Respondent's counsel that the dates the arbitrator was zeroing in on could be achieved, the arbitrator entered the following order:

> The depositions of Mr. Dickey, Jr. and either Mr. Gruber or Ms. Longworth shall proceed in Dallas, Texas the week of February 3, 2025, on successive days unless otherwise mutually agreed by the parties. . . . The deposition of Mr. Dickey, Jr. shall proceed first. Respondent shall use its best effort to have both Mr. Gruber and Ms. Longworth submit for their depositions the week of February 3. If that cannot in good faith be arranged, the third deposition shall proceed on a mutually agreed day in the week of February 10.

Order dated Jan. 10, 2025 ("Order No. 2").

On January 21, 2025, the arbitrator received emails from both parties. It was apparent they were continuing to have difficulties scheduling the depositions in accordance with the arbitrator's prior order. Accordingly, a telephone conference was set for January 23, 2024. After listening to the various representations of scheduling conflicts and available dates for the depositions to proceed, the arbitrator entered one more order directing the Respondent to produce its employees and agents for their depositions:

> This matter came before the arbitrator on this date to address deposition scheduling.
>
> It is ordered:

[4] Ms. Longworth is the Senior Director of Store Development for Respondent, and she is indisputably one of the "lower-level employees" that Respondent had previously acknowledged was subject to having their depositions taken by Claimant. See Respondent's response to motion to compel dated 12-9-2024 at pp. 2 and 5.

> 1. The depositions of Mr. Dickey, Jr., Mr. Gruber and Mr. Mullet shall take place in Texas on February 5, 6 and 7, 2025, respectively.
>
> 2. Respondent's counsel shall contact Claimant's counsel no later than January 27, 2025, and shall provide alternative dates for the deposition of Ms. Longworth; ideally on dates on or prior to February 20, 2025. The parties shall in good faith endeavor to schedule the deposition of Ms. Longworth to take place on or prior to February 20, 2025. If the parties are unable to reach agreement on the scheduling of Ms. Longworth's deposition within that timeframe, the arbitrator will entertain a motion to extend the discovery cutoff date for the taking of that deposition.

Order dated Jan. 23, 2025 ("Order No. 3").

On January 28, 2025, the arbitrator received an email from counsel for Respondent. Among other things, the email posed the following question: "I need to ask whether you have any past or present professional relationship, social relationship, or any kind of relationship with any of the lawyers at the Zarco Einhorn firm?" Upon receipt of this email, the arbitrator promptly contacted the AAA's Manager of ADR Services assigned to this case and advised her of Respondent's apparent belief that the arbitrator had a conflict of interest with Claimant's attorneys. As is the AAA's standard practice, the arbitrator was removed from personal involvement in connection with the resolution of this issue over his alleged conflict, and the arbitrator's active management of the case was put on hold pending its resolution. Three weeks later, on February 18, 2025, the arbitrator was informed by the AAA that the arbitrator could continue with the administration of the case.

The arbitrator immediately took steps to schedule a status conference to learn from the parties where the case stood. That status conference was set for February 24, 2025. In the meantime, on February 20, 2025, Claimant filed its motion for sanctions which is the subject of this order. The motion for sanctions revealed that not a single deposition that had been ordered

by the arbitrator in Order No. 3 had proceeded. Respondent had refused to produce any of its employee/agent witnesses. Of particular concern was the rationale offered by Respondent for its failure to comply with the order. First, Respondent took the position that the arbitration and the depositions were stayed pending resolution of its allegation of a conflict of interest with the arbitrator. Respondent persisted in this position even after being expressly instructed by the AAA Manager of ADR Services on February 3, that "all pending deadlines in the Arbitrator's Order [i.e., Order No. 3] remain in place." See Ex. E to motion for sanctions. Further, and even more remarkably, on that same day—February 3—Respondent's counsel chose to ignore in its entirety the substance of Order No. 1 and all of the arbitrator's subsequent orders regarding Dickey, Jr., Gruber and Longhorn, including Order No. 3 which required the depositions of Dickey, Jr. and Gruber to take place February 5 and 6. Respondent's counsel disingenuously pronounced that "I am not aware of any depositions of my client, Dickey's, for this week. Non-party employees (Mr. Dickey, Mr. Gruber, and Ms. Longworth) will not be appearing for depositions." *Id*. Doubling down, counsel for Respondent reiterated that Dickey, Jr. was "a non-party to the arbitration" and, therefore, was not subject to the arbitrator's orders directing Respondent to produce its employees/agents for their depositions. *Id*. That is, Respondent had reverted to the position it had taken with Claimant when it first refused to produce Dickey, Jr. and Gruber for their depositions in the first week of November, 2024; a position that had been rejected by the arbitrator in Order No. 1.

Thus, Respondent had, as of February 3, 2025, purposefully and willfully elected to ignore the arbitrator's Order No. 1 which ruled that Dickey, Jr. and Gruber were employees/agents of Respondent and were subject to having their depositions taken on notice from the Claimant. Respondent chose to purposefully and willfully ignore its own prior

representations and agreement stated in its own papers that it would "present Mr. Gruber for deposition in his capacity as a control person at Dickey's." See *supra* at pp. 8-9. Respondent chose to ignore all the representations made orally by Respondent's counsel to the arbitrator that Respondent would present its employees/agents for depositions on the dates that were discussed and hashed out in the numerous, subsequent conference calls. And Respondent chose to ignore Order No. 3 which set hard dates for the depositions of Dickey, Jr., Gruber and Longworth.

Respondent did not stop there. In addition to staking out its position on February 3 with its refusal to produce its own employees/agents for their depositions, Respondent further refused, on February 5, 2025, to submit its expert witness for his deposition, stating: "We have not agreed to produce him for a deposition. There is no right under the FAA for an expert witness deposition. Therefore, we are not agreeing to provide him for deposition at this time." See motion for sanctions at Ex. G. Of course, this position is knowingly and willfully in violation of Respondent's agreement reached with Claimant in May of 2024; an agreement that was then enshrined in Paragraph 13 of Scheduling Order #4 as follows: "Experts [sic.] witnesses may be deposed, not to exceed 4 hours. Such depositions shall not be included in the limitations described in Paragraph 9(b) above."

In short, in the three-week period when the arbitrator had been placed in the shadows as a result of the inquiry into Respondent's allegation of a conflict of interest, Respondent succeeded in blowing up and subverting Scheduling Order #4 and all of the orders that had been entered regarding depositions. Through this conduct, Respondent had denied Claimant the opportunity to take a single deposition within the discovery cutoff period, and had placed the entire arbitration at risk.

The telephonic status conference was conducted on February 24, 2025, as previously scheduled. Respondent did not move off its positions stated above. Recognizing that Respondent had apparently committed itself to knowingly and purposely stepping off the ledge, the arbitrator gave Respondent one last chance to save itself from itself, and once again ordered Respondent to submit its employees and agents—Dickey, Jr., Gruber and Longworth—for their depositions in the first three weeks of March. Order dated February 24, 2025 ("Order No. 4"). In light of the tremendous cost and expense in both time and money that Respondent's conduct had up to that point caused the Claimant, the arbitrator further ordered that Respondent would now have to bear the travel costs associated with these depositions, and ordered that the depositions would take place at the offices of Claimant's attorneys in Florida. *Id*. Further, the arbitrator put Respondent on clear notice that its refusal to submit the witnesses as ordered could result in the arbitrator "imposing some or all of the full array of sanctions available under the AAA Rules." *Id*. Respondent was given forty-eight hours to advise Claimant and the arbitrator if Respondent would comply. *Id*.

On February 26, 2025, Respondent advised that it would not comply. See email of Ms. Nix dated 2/26/2025. Ms. Nix argued on behalf of Respondent that, "the AAA does not have authority to order the depositions of non-parties to the arbitration proceedings – and certainly not in another state." *Id*. The FAA does not authorize, she argued, the subpoenaed depositions of non-parties. "We do not represent the individuals," Ms. Nix continued, "The individuals are not parties to the arbitration agreement or to the arbitration. We represent Dickey's." *Id*.

Respondent's response to the motion for sanctions, filed March 13, 2025, is an expansion of the foregoing arguments. Four specific arguments are made by Respondent:

(1) Under the FAA, the arbitrator has no authority to subpoena or order a non-party to an arbitration agreement to attend a deposition. Response at 11-14.

(2) Respondent is not responsible for producing its employees for depositions. *Id*. at 15.

(3) The arbitrator lacks authority to require depositions to be held in Florida. *Id*. at 15-17.

(4) Enforcement of a non-party deposition can only be had under section 7 of the FAA. *Id*. at 17.

(1)

Respondent's first, and principle, argument—that under the FAA, the arbitrator has no authority to subpoena or order a non-party to an arbitration agreement to attend a deposition—is wholly irrelevant to the facts of this case. None of the arbitrator's orders are directed to Dickey, Jr., Gruber and Longworth in their personal and individual capacities. While it is undisputed that these individuals are not parties to the arbitration agreement, these individuals have not been ordered to appear for their depositions in their personal capacities. They have not been ordered to personally appear in this case. As the arbitrator clearly established in the order of December 20, 2024:

> . . . The excuse given [by Dickey's for not presenting Dickey, Jr. and Gruber for their depositions in November of 2024] was that Messrs. Gruber and Dickey, Jr. were not individually subject to the jurisdiction of this arbitration. . . . Dickey's excuse, however, is a red herring.
>
> Dickey's was obliged to produce Messrs. Gruber and Dickey, Jr. for their depositions. That, at that point in time, their status as potential *individual* respondents was in dispute was irrelevant to the undisputed fact that they were, and are, also agents of Dickey's and that <u>Dickey's had an independent obligation to produce them for their depositions as agents of Dickey's.</u> If Dickey's required guidance from the arbitrator as to how the depositions might be structured to address their potential individual and agency statuses, then it was incumbent on Dickey's to approach the arbitrator and seek that guidance or protection.

> Simply not producing the witnesses was not an appropriate response.

Order No. 1 at 3 (underscore added).

It is Dickey's, the Respondent, that is a party to this arbitration. It is Dickey's that has been ordered to schedule and produce its employees for their depositions. It is Dickey's that has willfully and contumaciously refused to perform in accordance with the arbitrator's orders. And it is Dickey's that is being sanctioned. Respondent is fully aware of this distinction.

In its response to the original motion to compel the depositions of Gruber and Dickey, Jr., Respondent admitted and acknowledged that "[i]f Claimant wishes to obtain information relevant to this dispute, it can do so . . . through the deposition of lower-level employees." Resp. (12-19-2024) at 2. And Respondent "agreed to present Mr. Gruber for deposition in his capacity as a control person at Dickey's." *Id*. at 1. Yet, here we are, with Respondent refusing to do precisely what it promised to do more than three months ago.

The situation regarding the depositions of these three witnesses is truly civil procedure 101. While the Federal Rules of Civil Procedure are not controlling on the arbitrator in this case, the lawyers in this matter have routinely referenced them as a touchstone for how discovery might proceed. Under Federal Rule of Civil Procedure 30, "the party seeking a corporate deposition may identify a specific officer, director, or managing agent to be deposed and notice that individual under Federal Rule of Civil Procedure 30(b)(1)." *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009).[5] This is precisely the procedure utilized by Claimant with regard to these witnesses, and it is precisely the procedure

[5] Accord, *Cloud v. Cumulus Media New Holdings, Inc.*, No. 3:22-CV-1673-N, 2023 WL 2700722, at *1 (N.D. Tex. Mar. 29, 2023) (employees of corporate defendant who are officers, directors, or managing agents are considered parties and are thus subject to deposition by notice).

Respondent was referencing when it acknowledged its obligation to produce Mr. Gruber and other lower-level employees for their depositions.

Under F.R.C.P. 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders. They may include the following: [a long list of sanctions against the offending party]." The arbitrator's authority under AAA Rules R-23, R-24 and R-60 is no less robust.

All of the authorities cited by Respondent for the proposition that an arbitrator has no authority to order non-parties to appear at depositions are wholly irrelevant to the issue here. Not one of the cases cited by Respondent involves the situation that is presented here; that is, the noticed deposition of a corporate party's officer, director or managing agent.

Tucked into this first argument of Respondent is this further argument:

> The case law is consistent with the AAA commercial rules, which contemplate only the exchange of documents in pre-hearing discovery and do not contemplate any depositions as a matter of right. R-22. In fact, under the AAA rules, depositions are only contemplated at all in "exceptional cases" or in "large, complex cases," neither of which is met here. And even then, there is an allowance for non-party depositions.

Resp. at 14.

This argument is meritless. First, while representing that "the case law is consistent" that only documents are exchanged and that no depositions are contemplated in the discovery phase of AAA arbitrations, Respondent does not sight a single case in support of this proposition. This undoubtedly is because no such case law exists. AAA Rule R-22 in no way limits itself to the exchange of documents. Nor is there any limitation placed on depositions. There is no such language in this rule or any other commercial arbitration rule. The AAA's form template for a Preliminary Hearing and Scheduling Order (Appendix A) belies any such interpretation, since

the AAA's own template includes procedures for depositions, subpoenaed depositions, interrogatories and document production.

AAA Rule R-23 empowers the arbitrator to "manage ***any necessary exchange of information among the parties*** with a view to achieving an efficient and economical resolution of the dispute, while at the same time promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses." Depositions plainly fall within the scope of "the exchange of information."

Finally, Respondent's argument that the AAA commercial arbitration rules only contemplate the exchange of documents and do not contemplate depositions is entirely moot since Respondent voluntarily agreed to the form and content of Scheduling Order #4 and that order provides for the full range of discovery tools. Respondent's present argument is nullified by both Rules R-1 and R-42.

(2)

Respondent's second argument—that Respondent is not responsible for producing its employees for depositions—is premised on an outright mischaracterization of the law. In support of its argument, Respondent mischaracterizes *Karakas v. Foreva Jens Inc.*, *supra*, for the "established authority" that only a party to litigation may be compelled to give deposition testimony, and that if a party is a corporation the requesting party needs to proceed under F.R.C.P. 30(b)(6). This is patently false. Rule 30(b)(6) is entirely optional and may be utilized solely at the discretion of the party requesting the deposition. The requesting party "may" seek a 30(b)(6) deposition if it elects, but there is no requirement to do so.

This mischaracterization of the *Karakas* decision is no mere oversight by Respondent. Respondent purposely failed to include the full quotation from *Karakas*, which is set out above at

p. 18. That court unambiguously recognized a corporate party's responsibility to produce its officers, directors and managing agents for their depositions when noticed under F.R.C.P. 30(b)(1). Thus, a corporation, *i.e.* Respondent, is responsible for producing its employees for depositions. The manner in which Respondent mischaracterizes the court's statement of the law in *Karakas* is, in the arbitrator's opinion, one more indication of Respondent's bad faith, and it is indicative of the overall disrespect that Respondent has shown for these proceedings.[6]

Part and parcel with this particular argument is Respondent's constant refrain that it offered to produce a Rule 30(b)(6) witness in lieu of Dickey, Jr., Gruber and Longworth, and that Claimant ignored its offers. Far from placing Respondent in a good light, this admitted conduct underscores Respondent's bad faith. When a corporate party, like Respondent, receives a notice of deposition for a specific officer, director or managing agent, that is not an invitation to barter for a 30(b)(6) witness of that corporation's own choosing in replacement for the noticed individuals. Respondent's repeated insistence in its dealings with Claimant that it would only produce a 30(b)(6) witness instead of the individuals noticed for their depositions by Claimant was in bad faith and is a major reason why no depositions ever occurred.

(3)

Respondent's third argument—that the arbitrator lacks authority to require depositions to be held in Florida—is without merit. First, the argument is only directed to Order No. 4. Respondent still violated all the preceding orders. Second, Respondent's argument relies on two fictions: one, that the depositions ordered to proceed in Florida were pursuant to a subpoena served on a third party that was not a party to the arbitration; and, two, that the 100-mile

[6] Respondent's response to the motion for sanctions is replete with many serious mischaracterizations of the record. This order is already long enough, and they will not be addressed here. Claimant's reply memorandum identifies and corrects many of them.

territorial limitation in F.R.C.P. 45 applies to this situation. Neither are applicable here. As discussed at length, above, subpoenas on third parties are not in play here. Order No. 4 is directed against Respondent, a party to this arbitration. Second, the Federal Rules of Civil Procedure and Rule 45 are not the procedures controlling this arbitration. The AAA's commercial arbitration rules are controlling. Specifically, Rule R-24 provides that "[t]he arbitrator shall have the authority to issue any orders necessary to enforce the provisions of Rules R-22 and R-23 and any other rule or procedure and to otherwise achieve a fair, efficient and economical resolution of the case[.]" That is precisely what Order No. 4 was attempting to achieve by shifting to Respondent the necessary expense of the depositions that it had been willfully avoiding.

At the end of the day, however, this is a relatively moot point since Respondent's counsel conceded at the status conference held on March 10, 2025, that even if the arbitrator's Order No. 4 had required the depositions to proceed in the conference room of counsel's Dallas offices, Respondent would have still not produced the three witnesses for their depositions. As articulated earlier, Respondent willfully chose to walk off the ledge. The one last lifeline extended by the arbitrator in Order No. 4 was rejected by Respondent. Respondent has no one but itself to blame for its fall.

(4)

Respondent's final argument—that enforcement of a non-party deposition can only be had under section 7 of the FAA—is, for the reasons already articulated meritless. The depositions at issue here are not of non-parties, they are of Respondent's employees and agents. The cited case has no relevance to the facts here.

For all of the reasons articulated in this order, it is evident that Respondent knowingly and willfully chose to repeatedly ignore the arbitrator's orders and to avoid all reasonableness

and good faith in the scheduling and presentation of its employees', agents' and expert's depositions. Respondent willfully broke its own promises to produce its employees for their depositions. There was clearly a willful intent to deprive Claimant of the deposition testimony of three key Dickey's officers, directors and managing agents. The conduct of Respondent was so egregious, and its efforts to avoid having these individuals testify was so extreme, that there is no other conclusion to reach but that their testimony under oath would have been devastating to the interests of Respondent in this case. No reasonable party would have done what Respondent has done here if these witnesses would have provided testimony helpful to Respondent's interests.

Respondent has revealed that it has no interest in the fact finding and truth seeking function of arbitration. Indeed, Respondent has done everything in its power to prevent these two functions. By its behavior, Respondent has forfeited its right to any further involvement in these activities.

If a party, represented by counsel, ultimately wants to scuttle its own case, the arbitrator won't stand in the way. Respondent has certainly done just that. But the arbitrator will get in the way of a party who is actively attempting to scuttle the case of its opponent. Respondent has prevented Claimant from fully and properly preparing for and presenting its own case and defending against Respondent's counterclaims. Respondent's willful misconduct cannot be used as a means of gaining such an advantage. It is necessary for the arbitrator to take steps to assure that Respondent's misconduct is not rewarded.

Accordingly, pursuant to the authority given to the arbitrator pursuant to the AAA's Commercial Arbitration Rules,

IT IS HEREBY ORDERED:

A. Claimant's motion for sanctions is granted.

B. Respondent's Answer and Affirmative Defenses are stricken. Respondent's Counterclaim is dismissed.

C. Respondent is excluded from all further fact-finding aspects of this arbitration, including but not limited to, (i) it will not be allowed to present any witness testimony or documentary evidence at the hearing on Claimant's claims, (ii) it will not be allowed to cross-examine any of Claimant's witnesses, and (iii) its expert witness report and testimony will not be allowed.

D. If requested by Claimant, the arbitrator will draw reasonable adverse inferences.

E. Claimant shall be awarded its attorneys' fees and costs associated with (i) its original motion to compel the depositions of Dickey, Jr. and Gruber, (ii) its subsequent activity to obtain compliance with Orders No. 1, No. 2, No. 3, and No. 4, and (iii) the prosecution of its motion for sanctions.

F. Respondent shall, on terms that shall be developed by the arbitrator, be allowed only to participate in the presentation of strictly legal arguments that address the nature of the claims brought by Claimant.

II.

The foregoing Order will undoubtedly have a significant impact on how the remainder of the proceedings in this arbitration play out. The parties should be prepared to initially discuss at the upcoming status hearing scheduled for March 27, 2025, what those impacts may be. Per Rule R-60, Claimant is required to go forward and prove its prima facie case and its damages. The foregoing Order may, however, impact such things as (i) whether witness testimony needs to proceed with live testimony or if it can now be handled with witness statements or some

combination, (ii) whether certain pre-hearing activities should now be eliminated or modified, and (iii) likely many other items that have not yet come clearly into view.

Dated: March 26, 2025

Gary W. Leydig, Arbitrator

# Appendix A

American Arbitration Association | International Centre for Dispute Resolution®

Central Case Management Center
Rod Toben
Vice President
13727 Noel Road
Suite 1025
Dallas, TX 75240
Telephone: (972)702-8222

January 12, 2024

Robert M. Einhorn, Esq.
Zarco Einhorn Salkowski, P.A.
One Biscayne Tower
2 South Biscayne Boulevard, 34th Floor
Miami, FL 33131
Via Email to: reinhorn@zarcolaw.com

Michael K. Hurst, Esq.
Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue
Suite 2700
Dallas, TX 75201
Via Email to: MHurst@lynnllp.com

Case Number: 01-23-0004-5053

G Six Consulting LLC, Demetrius Gibson, and Maria Gibson
-vs-
Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, Virtual Brands, Inc.

Dear Parties:

This will confirm the preliminary hearing has been scheduled for **January 16, 2024** at **1:30 pm, CT**.

At that time, click the link below, input your name and phone number, and click "Call Me Now." LoopUp will call you directly on the phone number provided. As a reminder, this is not a video conference and, by clicking the link, you will still only be connected by phone. You do not need a LoopUp account, and there is no software to download.

**https://meet.loopup.com/CLqpLE2**

If you are not on a computer, you can dial in to the call from your phone:

Telephone number: (855) 633-2040
Dial-in code: 2503531#

Enclosed, please find a scheduling order template, which covers items to be discussed at the preliminary hearing and will be completed by the arbitrator. The parties are encouraged to confer in advance of the preliminary hearing to discuss and reach agreement on as much of the schedule as possible. Any dates that are agreed upon should be sent to my attention for transmittal to the arbitrator.

Please contact me with any questions.

Sincerely,

*/s/ Carissa Langston on behalf of Sammi Powers*

Sammi Powers
Manager of ADR Services
Direct Dial: (972)774-6915

Email: SammiPowers@adr.org

cc: Bryan Lara-Soto w/encl. Via Email Only
Jamie R. Drillette w/encl. Via Email Only
Mary G. Nix, Esq. w/encl. Via Email Only
Victoria Diaz w/encl. Via Email Only
Seth M. Shapiro, Esq. w/encl. Via Email Only
Himanshu Patel, Esq. w/encl. Via Email Only
Gary W. Leydig, Esq. w/encl. Via Email Only

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**American Arbitration Association**

**Preliminary Hearing and Scheduling Order#_____**

Case Number: 01-23-0004-5053

G Six Consulting LLC, Demetrius Gibson, and Maria Gibson
-vs-
Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, Virtual Brands, Inc.

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 1, 2022, a preliminary hearing was held on ____________________ before Arbitrator(s) __________________________________.

**Preliminary Hearing Attendees**:

For Claimant: ____________________________________________

For Respondent: ___________________________________________

For the Association: ________________________________________

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect**:

**1. Applicable Law**: The __________ (State or Federal) arbitration statute/act will apply in the Arbitration and _______ (State) law will be applied substantively to the arbitration.

**2. Parties:** All the necessary or appropriate parties are included in the arbitration.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims and/or counterclaims by ____________________. Reponses, if any, are due by____________________.

**4. Additional Preliminary Matters:** Any other preliminary matters not otherwise provided for herein shall be raised by the parties by____________________.

**5. Dispositive Motions: (Optional Paragraph)** One of the Parties has indicated its desire to file a dispositive motion. In the event that either Party desires to file a dispositive motion, it may file and serve an opening letter on or before____________________, not to exceed ____ pages in length stating the reasons it believes that a dispositive motion should be allowed by the Arbitrator(s). The opposing Party may file and serve its letter in opposition, not to exceed ____ pages in length, on or before ____________________. The Arbitrator will rule on the Parties' letter submissions on or before____________________. If allowed, dispositive motions will be due ____ days after the Arbitrator's ruling allowing them, with responses due ____ days after the filing of the dispositive motion.

**6. Motions: (Optional Paragraph)** Pursuant to the Commercial Rules**,** motions may not be filed without the permission of the Arbitrator. Application to file motions shall be filed with the AAA and the Arbitrator(s), by letter or email not to exceed ____ pages; describing 1) the motion the Party wishes to file, 2) the factual and legal basis for the motion, and 3) the reasons why the motion needs to be filed and how it will expedite resolution of the case or otherwise benefit the Parties.

The submission shall contain a certification that the requesting Party has in good faith conferred with the opposing Party about the proposed motion prior to any Party requesting that a Motion be filed. The certification shall state whether the relief sought by the motion has been agreed to by the Parties or will be opposed. If no conference has occurred, the reason why must be stated. An opposing party may submit a responsive letter, not to exceed ____ pages; within ____ days of its receipt of a letter requesting a motion. Parties are advised that it is unlikely that dispositive motions which require resolution of disputed facts, without a hearing, will be granted. All other applications or requests for advice or direction from the Arbitrator(s) may be made informally by email or joint telephone conference. Formal motion procedure is not required, although it is allowed if the parties wish. Any request for permission to file a dispositive motion shall be made no later than ____________________.

**7. Hearing:** A Final Hearing in this matter will commence before the Arbitrator(s) at __________________________ on ____________________ at ______ am/pm. The parties estimate that this case will require _____ day(s) of hearing time, inclusive of arguments. Approximate number of attendees at the hearing: _____. This is a firm setting, and will not be changed or continued absent exceptional circumstances, upon a

showing of good cause.

**8. Additional Pre-hearing/Status Conference**: An additional pre-hearing or status conference call is scheduled for ____________________ at ______ am/pm before the Arbitrator(s). The parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than_____________________. If no agenda is provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the parties.

**9. Exchange of Information/Discovery**:

a. Written Discovery:

i. Requests shall be exchanged by_____________________. Each Party may serve no more than ____ requests for production of documents and no more than ____ interrogatories.

ii. Answers to discovery requests are due within ____ days of receipt of the requests.

b. Depositions to be completed by_____________________.

i. ____ hours of total deposition time or ____ number of depositions.

ii. No deposition shall exceed ____ hours in length.

iii. With respect to all depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

c. Discovery cutoff is_____________________.

i. Please be advised that late-filed motions to compel discovery or discovery disputes are insufficient to cause a postponement of the Final Hearing.

d. Electronic Discovery:

i. Clawback agreements shall be in place for all parties to allow for the retrieval of inadvertently disclosed attorney-client privileged documents.

ii. If the cost of collection of any of the electronically stored data presents an unreasonable cost for the producing party because the data is not readily accessible and the parties cannot reach an agreement on the handling of the cost, the arbitrator will decide if cost sharing or cost shifting is appropriate.

iii. If any party has documents that are confidential, the arbitrator will issue a protective order

upon the receipt of a stipulation from the parties for such an order. If the parties cannot agree on the terms, the attached sample Stipulation for Protective Order may be used.

iv. The parties' agreement regarding electronic discovery will then be memorialized in an ESI case management order to be submitted in draft to the Arbitrator(s) on or before ____________. If the parties cannot come to agreement regarding all salient issues concerning electronic discovery not covered by this order, they may raise the remaining issues to the Arbitrator(s) by motion, to be filed within ____ days of the meet and confer in accordance with the deadlines below.

**10. Confidentiality:** A party may make a request to the Arbitrator(s) for any measures required to protect confidential information.

**11. Cybersecurity/Privacy:** Having reviewed the AAA-ICDR Best Practices Guide for Maintaining Cybersecurity and Privacy and discussing what specific precautions might be required with regard to cybersecurity, privacy, and data protection in order to ensure an appropriate level of security for this case, the following measures shall be implemented:

describe cybersecurity/privacy measures

**12. Subpoenas:**

a. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator(s). The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. If any Party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator(s) no more than ____ business days after issuance is requested, unless a shorter time is ordered by the Arbitrator(s). Subpoenas related to discovery shall be submitted to the Arbitrator(s) on or before ______________________. Subpoenas for the attendance of witnesses at the hearing shall be submitted no later than ______________________.

b. Pursuant to agreement of the parties, for cases involving an arbitration panel, the chair of the panel, and in his/her absence, any other panel member may issue subpoena(s) and rule on discovery.

**13. Witness Disclosures:**

a. Claimant shall file a disclosure of all witnesses reasonably expected to be called by Claimant(s)

by____________________.

b. Respondent shall file a disclosure of all witnesses reasonable expected to be called by Respondent(s) by ____________________.

c. On or before ____________________, the parties shall file and serve their initial expert witness reports. Expert reports shall set forth each expert's opinions and the reasons for them. The substance of each expert's direct testimony must fairly and reasonably be addressed in the expert's report. There shall be no additional discovery of experts, except on good cause shown to the Arbitrator(s).

**14. Exhibits:** The parties shall exchange copies of all exhibits to be offered and all schedules, summaries, diagrams, and charts to be used at hearing not later than ____________________.

a. The Association does not require a copy of the exhibits for our file.

b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the witness.

c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| **Party** | **Exhibit #** | **To Exhibit #** |
|---|---|---|
| Claimant | C1 | C___ |
| Respondent | R1 | R___ |

d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.

i. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

OPTION The parties and arbitrator(s) agree to utilize the WebFile Hearing Exhibits space for transmission of hearing exhibits in lieu of exchanging hard or electronic copies of the exhibits.

**15. Arbitration Hold:** Counsel for the Parties are directed to inform their clients that the Arbitrator(s) has ordered an arbitration hold which applies to describe scope of hold, and that the clients should take steps to prevent the destruction of all documents, both paper and electronic. If any party has an automatic document deletion/destruction program in place that system should be overridden until the case is completed.

**16. Stipulation of Uncontested Facts:** The parties shall file a stipulation of uncontested facts by

____________________.

**17. Pre-Hearing Briefs:** On or before ____________________, each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

a. Briefs may be in summary form, including the use of bullet points rather than extensive text.

b. The Arbitrator(s) requests that briefs not exceed ____double-spaced pages, excluding copies of any authorities that the parties may submit at the same time. The parties are invited to highlight any authorities as they deem appropriate.

**18. Stenographic Record**: If both parties desire a stenographic record of the hearing, the parties will arrange between themselves of the presence of a court reporter. The cost of the court report will be divided evenly between the Parties. Pursuant to Rules, if the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record.

**19. Award:**

a. Form of Award:

i. Standard/Reasoned or as required by the parties' arbitration clause

ii. Pursuant to the Rules, the award shall be made by the Arbitrator(s) no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statement and proofs to the Arbitrator(s).

iii. Confirm if the arbitration agreement provides for the awarding of attorney's fees.

**20. Mediation/Judicial Settlement Conference Services**:

a. Mediation and Judicial Settlement Conference Services are available from the AAA. There is no additional filing fee to initiate either service.

b. The parties shall mediate their dispute by ____________________ pursuant to AAA's Commercial Arbitration Rules, or as otherwise agreed upon by the parties, in accordance with the Rules.

**21. Communication**:

OPTION 1: (AAA WebFile® ECF Guidelines)

This acknowledges and affirms the adoption of the AAA WebFile® Electronic Case Filing Guidelines.

All parties shall use AAA WebFile® for submitting documents to the AAA and the Arbitrator(s) in accordance with those ECF Guidelines.

The parties still may email requests for action to the Arbitrator(s), provided that the AAA and all involved parties are copied on the email. For convenience of the parties, the following are the email addresses to be used:

i. (Email Addresses)

There shall be no direct oral or written communication between the parties and the Arbitrator(s) except as contemplated by this Order. Any communication to the Arbitrator(s) shall be copied to the AAA.

OPTION 2: (One or more parties opt-out of automated email notification)

This acknowledges and affirms that PARTY has opted-out of receiving automated email notifications of e-filed documents pursuant to the AAA WebFile® Electronic Case Filing Guidelines. If all representatives for PARTY opt out of receiving email notifications, then the party filing documents via AAA WebFile® must serve the e-filed documents on PARTY by another method, i.e. email, regular mail or express/overnight delivery and confirm the same to AAA.

**22. Orders:** Upon agreement of the Arbitrator(s), orders of the Panel of Arbitrator(s) may be signed by the Panel Chair, ____________________, alone on behalf of the entire panel and shall be effective as if signed by all three panel members.

**23. Disclosures of the Arbitrator(s):** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator(s) the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator(s) shall be raised promptly with the AAA.

**24. File Destruction:** The Arbitrator(s) will destroy their files related to this matter ____ days after the filing of the Award unless otherwise notified by the parties.

**25. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect

unless and until amended by subsequent order of the Arbitrator(s).

Dated: ______________________________

Arbitrator Signature: _______________________________________________

Arbitrator Signature: ________________________________________________

Chair Signature on behalf of the Panel: __________________________________

**Table of Deadlines**

| # | Action | Deadline |
|---|---|---|
| 1 | Parties' disclosures | |
| 2 | Claimant's initial request for documents (if needed) | |
| 3 | Respondent's initial request for documents (if needed) | |
| 4 | Claimant's initial disclosure of potential witnesses | |
| 5 | Respondent's initial disclosure of potential witnesses | |
| 6 | For Panel disclosure purposes, identification of any related parties, or witnesses | |
| 7 | Claimant's expert(s) designations and reports | |
| 8 | Respondent's expert(s) designations and reports | |
| 9 | Parties' rebuttal expert(s) designations and reports | |
| 10 | Motions regarding any unresolved discovery disputes | |
| 11 | Claimant's list of witnesses reasonably intended to be called | |
| 12 | Respondent's list of witnesses reasonably intended to be called | |
| 13 | Completion of all discovery | |
| 14 | If permitted by the Panel, deadline for the filing of dispositive motions | |
| 15 | Parties' exchange of proposed exhibits | |
| 16 | Requests for the issuance of third-party subpoenas | |
| 17 | Requests for witness subpoenas for hearing | |
| 18 | Parties' completion of combined single set of exhibit books | |
| 19 | Parties exchange of demonstrative exhibits | |
| 20 | Filing of pre-hearing statements, any stipulations and core exhibits for prehearing Panel review | |
| 21 | Dates for pre-hearing status conference(s) (telephonic) | |
| 22 | Hearing dates / delivery of exhibits | |
| 23 | Filing of post-hearing briefs (if any) | |
| 24 | Estimated deadline for issuance of final award | |

# Appendix B

**Gary Leydig**

**From:** Himanshu Patel <HPatel@zarcolaw.com>
**Sent:** Thursday, May 9, 2024 6:19 PM
**To:** AAA Carissa Langston
**Cc:** RDickeyjr@dickeys.com; Jgruber@dickeys.com; Lquinn@dickeys.com; dlongworth@dickeys.com; SMullett@dickeys.com; Cameron Kinvig; Gary Leydig; bcongdon@lynnllp.com; tashworth@lynnllp.com; gflores@lynnllp.com; mnix@lynnllp.com; jdrillette@lynnllp.com; tslusher@lynnllp.com; MHurst@lynnllp.com; Bryan Lara-Soto; Victoria Diaz; Robert Einhorn
**Subject:** RE: G Six Consulting LLC, Demetrius Gibson, and Maria v. Dickey's Barbecue Restaurants, Inc., Roland - Case 01-23-0004-5053
**Attachments:** 2024.05.09 AAA Preliminary Hearing Scheduling Order form (Joint).rtf

Dear Ms. Langston:

Attached is a proposed Scheduling Order for discussion tomorrow with Arbitrator Leydig. There are a set of dates in a yellow box while there is another set of some dates in a blue box. The yellow box corresponds to Dickey's position while the blue box corresponds to Claimants' position. Instead of further complicating this by adding more competing dates, Claimants propose that the parties address the timing of the hearing during tomorrow's call and then submit a final proposed Order for Arbitrator's signature by the close of business on Tuesday, May 14, 2024. Specifically, Claimants propose that the final hearing take place during the initial 2 weeks in March 2025 while Dickey's proposes that the final hearing take place in August 2025. Once Arbitrator Leydig decides when the final hearing should take place, the parties can then submit a clean proposed Scheduling Order with 1 set of dates that will be based on the date(s) for the final hearing. We hope this approach is acceptable.

HIMANSHU M. PATEL, ESQ,
Partner

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: hpatel@zarcolaw.com
Website: www.zarcolaw.com

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

**American Arbitration Association**

**Preliminary Hearing and Scheduling Order#__1___**

Case Number: 01-23-0004-5053

G Six Consulting LLC, Demetrius Gibson, and Maria Gibson
-vs-
Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeff Gruber, Lee Quinn, Deborah Longworth, Stephen Mullett, Virtual Brands, Inc.

*The commentary for the various sections of the Preliminary Hearing form is provided as guidance and does not supersede legal norms, provisions of the rules, codes of ethics, parties' arbitration agreements or arbitrator's authority. To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used. Circumstances may prompt arbitrator to make decisions or take actions different from those illustrated.*

Pursuant to the Commercial Arbitration Rules of the American Arbitration Association (AAA) effective September 1, 2022, a preliminary hearing was held on _____**May 1, 2024**_____ before Arbitrator(s) _______**Gary W. Leydig, Esq.**________.

**Preliminary Hearing Attendees**:

For Claimant: __**Robert M. Einhorn, Esq. and Himanshu M. Patel, Esq.__**

For Respondent: __**Jamie R. Drillette and Mary Goodrich Nix**

For the Association: __**Sammi Powers**_________________________

**By agreement of the Parties and Order of the Arbitrator(s), the following is now in effect**:

**1. Applicable Law**: The __**Federal__** arbitration statute/act will apply in the Arbitration and _**Texas contract law and Texas, Illinois, and Federal statutory law_** will be applied substantively to the arbitration. As to the substantive law that will apply to tort claims, Claimants submit that Illinois law governs while Respondent submits that Texas law governs. The parties dispute whether Texas or Illinois tort law shall apply. The parties shall submit briefing on this issue no later than [_______/ **March 24, 2025]**, not to exceed **8 pages**, if the parties

are unable to reach an agreement prior to such time. Responses shall be due no later than [_______/**March 31, 2025].** The arbitrator will rule on the applicable law by [_______/**April 7, 2025]**.

**2. Parties:** All necessary parties are included in the arbitration, and the parties reserve the right to add parties.

**3. Claim/Counterclaim:** Pursuant to the direction of the Arbitrator(s), Claimants shall amend and clarify their pleadings by **May 31, 2024.** Responses, if any, are due by **June 14, 2024**. All other amended claims and/or counterclaims shall be filed parties shall be filed by __**June 21, 2024**__. Reponses, if any, are due by **July 5, 2024**__.

**4. Additional Preliminary Matters:** Any other preliminary matters not otherwise provided for herein shall be raised by the parties by August 5, 2024.

**5. Dispositive Motions:** One of the Parties has indicated its desire to file a dispositive motion. In the event that either Party desires to file a dispositive motion, it may file and serve an opening letter on or before [_______/**April 14, 2025]**, not to exceed 5 pages in length stating the reasons it believes that a dispositive motion should be allowed by the Arbitrator(s). The opposing Party may file and serve its letter in opposition, not to exceed 5 pages in length, on or before [_______/**April 21, 2025]**. The Arbitrator will rule on the Parties' letter submissions on or before [_______/**April 28, 2025]**. If allowed, dispositive motions will be due **no later than** [_______/**May 26, 2025]**, with responses due **14** days after the filing of the dispositive motion.

**6. Motions: (Optional Paragraph)** All other applications or requests for advice or direction from the Arbitrator(s) may be made informally by email or joint telephone conference. Formal motion procedure is not required, although it is allowed if the parties wish.

**7. Hearing:** A Final Hearing in this matter will commence before the Arbitrator(s) at __**Dallas, Texas**__ on _[**March 3 – 14, 2025**/_**August 11–22, 2025]**__ at ___**9:00 a.m. CT**___. The parties estimate that this case will require __**10**__ day(s) of hearing time, inclusive of arguments. Approximate number of attendees at the hearing: **TBD**. This is a firm setting and will not be changed or continued absent exceptional circumstances, upon a showing of good cause, or agreement by parties.

**8. Additional Pre-hearing/Status Conference**: An additional pre-hearing or status conference call is scheduled for __[**December 13, 2024**/**July 28, 2025]**__ at ___**10:00 a.m. CT**___ before the Arbitrator(s). The parties shall confer regarding a proposed agenda and shall submit a proposed agenda for the call no later than__**[December 6,**

**2024/July 21, 2025]**__. If no agenda is provided, the call will be cancelled. This call may also be cancelled upon the mutual agreement of the parties.

**9. Exchange of Information/Discovery**:

a. Written Discovery:

i. Requests shall be exchanged by **July 12, 2024**__. Each party may serve no more than _**30**__ requests for production of documents and no more than __**10**__ interrogatories.

ii. Answers to discovery requests are due within __**30**__ days of receipt of the requests.

b. Depositions to be completed by__**[November 22, 2024/April 28, 2025]**__.

i. ____ hours of total deposition time or _[10 / 7]__ number of depositions.

ii. No deposition shall exceed __7__ hours in length.

iii. With respect to all depositions, there shall be no speaking objections, or interference with the ability of counsel to elicit testimony from a witness, subject to privilege objections and instructions.

c. Discovery cutoff is_**[November 22, 2024/April 28, 2025]**__.

i. Please be advised that late-filed motions to compel discovery or discovery disputes are insufficient to cause a postponement of the Final Hearing.

d. Electronic Discovery:

i. Clawback agreements shall be in place for all parties to allow for the retrieval of inadvertently disclosed attorney-client privileged documents.

ii. If the cost of collection of any of the electronically stored data presents an unreasonable cost for the producing party because the data is not readily accessible and the parties cannot reach an agreement on the handling of the cost, the arbitrator will decide if cost sharing or cost shifting is appropriate.

iii. If any party has documents that are confidential, the arbitrator will issue a protective order upon the receipt of a stipulation from the parties for such an order. If the parties cannot agree on the terms, the attached sample Stipulation for Protective Order form can be provided.

iv. The parties' agreement regarding electronic discovery will then be memorialized in an ESI

case management order to be submitted in draft to the Arbitrator(s) on or before _[**May 31, 2024**/**June 28, 2024]**__. If the parties cannot come to agreement regarding all salient issues concerning electronic discovery not covered by this order, they may raise the remaining issues to the Arbitrator(s) by motion, to be filed within __**10**_ days of the meet and confer in accordance with the deadlines below.

**10. Confidentiality:** A party may make a request to the Arbitrator(s) for any measures required to protect confidential information.

**11. Cybersecurity/Privacy:** Having reviewed the AAA-ICDR Best Practices Guide for Maintaining Cybersecurity and Privacy and discussing what specific precautions might be required with regard to cybersecurity, privacy, and data protection in order to ensure an appropriate level of security for this case, the following measures shall be implemented: **Not applicable**

**12. Subpoenas:**

a. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator(s). The Party requesting the subpoena shall disclose the subpoena to and shall confer with all other Parties prior to requesting its issuance and shall indicate if any Party opposes the issuance. If any Party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator(s) no more than __**5**__ business days after issuance is requested, unless a shorter time is ordered by the Arbitrator(s). Subpoenas related to discovery shall be submitted to the Arbitrator(s) on or before ____[ __________/**February 28, 2025**__. Subpoenas for the attendance of witnesses at the hearing shall be submitted no later than __[ **December 13, 2024**/**June 30, 2025]**__.

b. Pursuant to agreement of the parties, for cases involving an arbitration panel, the chair of the panel, and in his/her absence, any other panel member may issue subpoena(s) and rule on discovery.

**13. Witness Disclosures:**

a. Claimant shall file a disclosure of all witnesses reasonably expected to be called by Claimant(s) by_[ **November 22, 2024**/**April 28, 2025]**__.

b. Respondent shall file a disclosure of all witnesses reasonable expected to be called by Respondent(s)

by __[**November 22, 2024/April 28, 2025]**__.

c. On or before [**December 13, 2024/February 3, 2025]**, the Parties shall file and serve their initial expert witness reports. On or before [**January 3, 2024 /March 3, 2025**, the Parties shall file and serve any rebuttal expert witness reports. Expert reports shall set forth each expert's opinions and the reasons for them. The substance of each expert's direct testimony must fairly and reasonably be addressed in the expert's report. Experts witnesses may be deposed, not to exceed **4 hours**. Such depositions shall not be included in the limitations described in Paragraph 9(b) above.

**14. Exhibits:** The parties shall exchange copies of all exhibits to be offered at hearing not later than _[**January 17, 2025/June 30, 2025]**__. The parties shall exchange copies of all demonstrative exhibits, including schedules, summaries, diagrams, and charts to be used at hearing not later than [**__________/July 7, 2025]**.

a. The Association does not require a copy of the exhibits for our file.

b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the witness.

c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| **Party** | **Exhibit #** | **To Exhibit #** |
|---|---|---|
| Claimant | C1 | C___ |
| Respondent | R1 | R___ |

d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits.

i. Joint Exhibits shall be numbered sequentially with the prefix J (J-1, J-2, J-3, etc.).

**15. Arbitration Hold:** Counsel for the Parties are directed to inform their clients that the Arbitrator(s) has ordered an arbitration hold according to applicable law and that the clients should take steps to prevent the destruction of all documents, both paper and electronic. If any party has an automatic document deletion/destruction program in place that system should be overridden until the case is completed.

**16. Stipulation of Uncontested Facts:** The parties shall file a stipulation of uncontested facts by _[**December 20, 2024/July 14, 2025]**__.

**17. Pre-Hearing Briefs:** On or before __[**January 24, 2025/July 14, 2025]**__, each party may serve and file a pre-hearing brief on all significant disputed issues, setting forth briefly the party's position and the supporting arguments and authorities.

a. Briefs may be in summary form, including the use of bullet points rather than extensive text.

b. The Arbitrator(s) requests that briefs not exceed __**15**__double-spaced pages, excluding copies of any authorities that the parties may submit at the same time. The parties are invited to highlight any authorities as they deem appropriate.

**18. Stenographic Record**: If both parties desire a stenographic record of the hearing, the parties will arrange between themselves of the presence of a court reporter. The cost of the court report will be divided evenly between the Parties. Pursuant to Rules, if the parties are not in agreement, the requesting party or parties shall pay the cost of the court reporter and record.

**19. Award:**

a. Form of Award:

i. Standard/**Reasoned** or as required by the parties' arbitration clause

ii. Pursuant to the Rules, the award shall be made by the Arbitrator(s) no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statement and proofs to the Arbitrator(s).

iii. Confirm if the arbitration agreement provides for the awarding of attorney's fees.

**20. Mediation/Judicial Settlement Conference Services**:

a. Mediation and Judicial Settlement Conference Services are available from the AAA. There is no additional filing fee to initiate either service.

b. The parties shall mediate their dispute by ___**N/A**_________________ pursuant to AAA's Commercial Arbitration Rules, or as otherwise agreed upon by the parties, in accordance with the Rules.

**21. Communication**:

Direct Exchange

The parties agree to participate in Direct Exchange. Provided there is no *ex parte* communication with the Arbitrator(s), the parties may communicate directly with the Arbitrator(s) by submitting documents to the

Arbitrator(s) and also sending copies to the other party(s) and originals to the AAA (except for hearing exhibits and discovery documents). Email submission of documents and email requests for action by the Arbitrator(s) are allowed, provided that the AAA and all parties also receive copies of all of these. For convenience of the parties, the following are the email addresses to be used:

**For Claimants**: reinhorn@zarcolaw.com; hpatel@zarcolaw.com; bryan@zarcolaw.com

**For Respondents**: jdrillette@lynnllp.com; mnix@lynnllp.com; mhurst@lynnllp.com

**For AAA**: SammiPowers@adr.org; gleydig@leydiglaw.com

There shall be no direct oral or written communication between the parties and the Arbitrator(s) except as contemplated by this Order. Any communication to the Arbitrator(s) shall be copied to the AAA.

**22. Orders:** Upon agreement of the Arbitrator(s), orders of the Panel of Arbitrator(s) may be signed by the Panel Chair, _**N/A**___________, alone on behalf of the entire panel and shall be effective as if signed by all three panel members.

**23. Disclosures of the Arbitrator(s):** Each counsel and Party has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator(s) the information necessary to allow him/her to comply with his/her ongoing duties of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association. Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration. Any issues concerning disqualification of the Arbitrator(s) shall be raised promptly with the AAA.

**24. File Destruction:** The Arbitrator(s) will destroy their files related to this matter __**60**__ days after the filing of the Award unless otherwise notified by the parties.

**25. Deadline Enforcement:** All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expedient and fair resolution of this matter. This order shall continue in effect unless and until amended by subsequent order of the Arbitrator(s).

Dated: ______________________________

Arbitrator Signature: ____________________________________________

**Table of Deadlines**

| # | Action | Deadline |
|---|---|---|
| 1 | Parties' disclosures | July 5, 2024 |
| 2 | Claimants' initial request for documents (if needed) | July 12, 2024 |
| 3 | Respondents' initial request for documents (if needed) | July 12, 2024 |
| 4 | Claimants' initial disclosure of potential witnesses | July 12, 2024 |
| 5 | Respondents' initial disclosure of potential witnesses | July 12, 2024 |
| 6 | For Panel disclosure purposes, identification of any related parties, or witnesses | July 12, 2024 |
| 8 | Parties' expert(s) designations and reports | Feb. 3, 2025 |
| 9 | Parties' rebuttal expert(s) designations and reports | Mar. 3, 2025 |
| 10 | Motions regarding any unresolved discovery disputes | May 5, 2024 |
| 11 | Claimants' list of witnesses reasonably intended to be called | April 28, 2025 |
| 12 | Respondents' list of witnesses reasonably intended to be called | April 28, 2025 |
| 13 | Completion of all discovery | April 28, 2025 |
| 14 | If permitted by the Panel, deadline for the filing of dispositive motions | May 26, 2025 |
| 15 | Parties' exchange of proposed exhibits | June 30, 2025 |
| 16 | Requests for the issuance of third-party subpoenas for discovery | Feb. 28, 2025 |
| 17 | Requests for witness subpoenas for hearing | June 30, 2024 |
| 18 | Parties' completion of combined single set of exhibit books | July 7, 2025 |
| 19 | Parties' exchange of demonstrative exhibits | July 7, 2025 |
| 20 | Filing of pre-hearing statements, any stipulations and core exhibits for prehearing Panel review | July 14, 2025 |
| 21 | Dates for pre-hearing status conference(s) (telephonic) | July 28, 2025 |
| 22 | Hearing dates / delivery of exhibits | Aug. 11–22, 2025 |
| 23 | Filing of post-hearing briefs (if any) | 14 days after closing date of hearing |
| 24 | Estimated deadline for issuance of final award | 30 days after closing date of hearing |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Drillette on behalf of Jamie Drillette
Bar No. 24105820
jdrillette@lynnllp.com
Envelope ID: 98988066
Filing Code Description: Original Petition
Filing Description: PLAINTIFFS' ORIGINAL PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER
Status as of 3/28/2025 10:20 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Julie Archuleta | | jarchuleta@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Victoria Kropp | | vkropp@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Michael K.Hurst | | mhurst@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Gina Flores | | gflores@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Jamie R.Drillette | | jdrillette@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Tonia Ashworth | | tashworth@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |
| Amanda Alexander | | aalexander@lynnllp.com | 3/27/2025 4:40:20 PM | NOT SENT |

# LEAL LAW FIRM

April 1, 2025

Honorable Kim Bailey Phipps
162nd Judicial District Court, Dallas County, Texas
George L. Allen, Sr. Courts Building
7th Floor New Tower
600 Commerce Street, Dallas, TX 75202

Re: *Dickey's Barbeque Restaurants, Inc. et al. v. American Arbitration Association, Inc.*, et al.; Cause No DC-25-04677; 162nd Judicial District Court, Dallas County, Texas

Honorable Phipps,

I am writing to inform the Court that I have been retained as local counsel on behalf of Defendant G Six Consulting, LLC, in the matter styled Dickey's Barbecue Restaurants, Inc., et al. v. American Arbitration Association, pending in the 162nd Judicial District Court of Dallas County. G Six Consulting, LLC is removing this case to federal court based on diversity jurisdiction and federal question jurisdiction.

Plaintiffs have recently emailed counsel for G Six Consulting, LLC regarding their request for emergency temporary and injunctive relief against several defendants, including the American Arbitration Association. However, there is no need for emergency relief because the arbitration hearing is not scheduled until the end of April 2025. I have included email correspondence between counsel, wherein counsel for G Six Consulting, LLC explains why an emergency hearing is unnecessary. In addition, the Plaintiffs' counsel has not provided a proposed order in connection with this requested relief, as required under Dallas County Local Rule 2.02(b).

Considering the above, G Six Consulting, LLC respectfully objects to any hearing on an emergency basis, as it is deemed unnecessary. Additionally, G Six Consulting, LLC objects to any hearing moving forward unless and until the Plaintiffs' counsel complies with Local Rule 2.02(b). If the Court requires any additional information or briefing on this matter, we are prepared to provide it.

Thank you for Your Honor's time and consideration.

Sincerely,

Abel A. Leal

**Abel A. Leal**
abel@leal.law
(214) 395-5325

**Leal Law Firm, LLC**
14180 N. Dallas Parkway, Suite 300
Dallas, Texas 75231

**Tim Rutledge**
tim@leal.law
(614) 354-2682

**Abel Leal**

---

**From:** Robert Einhorn <REinhorn@zarcolaw.com>
**Sent:** Tuesday, April 1, 2025 10:51 AM
**To:** Mary Nix; CarissaLangston@adr.org; tuchmanne@adr.org; Gary Leydig; Himanshu Patel
**Cc:** Michael K. Hurst; Jamie Drillette; Beverly Congdon; Tonia Ashworth; Amanda Alexander; Robert Zarco; Mary Nikezic; Robert Salkowski; Abel Leal
**Subject:** RE: Dickey's, et al. v. AAA, et al.

Ms. Nix,

Please immediately advise us if you have made any efforts to seek emergency relief from the Court and immediately send us any proposed orders that may have been submitted to the Court per the requirements of the local rules.

RME

ROBERT M. EINHORN

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: reinhorn@zarcolaw.com
Website: www.zarcolaw.com

---

**From:** Robert Einhorn
**Sent:** Tuesday, April 1, 2025 10:06 AM
**To:** Mary Nix <mnix@lynnllp.com>; CarissaLangston@adr.org; tuchmanne@adr.org; Gary Leydig <gleydig@leydiglaw.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Robert Zarco <RZarco@zarcolaw.com>; Mary Nikezic <MNikezic@zarcolaw.com>; Robert Salkowski <RSalkowski@zarcolaw.com>
**Subject:** RE: Dickey's, et al. v. AAA, et al.

Counsel,

In case my last email was not clear, G Six Consulting, LLC objects to any ex parte communications with any Court. There is no emergency here, no need for a TRO and there is also no basis for a Texas State Court to have jurisdiction over this dispute in the first instance. Should you have any questions, please do not hesitate to call.

Robert

ROBERT M. EINHORN

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower

2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: reinhorn@zarcolaw.com
Website: www.zarcolaw.com

---

**From:** Robert Einhorn
**Sent:** Monday, March 31, 2025 6:48 PM
**To:** Mary Nix <mnix@lynnllp.com>; CarissaLangston@adr.org; tuchmanne@adr.org; Gary Leydig <gleydig@leydiglaw.com>; Himanshu Patel <HPatel@zarcolaw.com>
**Cc:** Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>; Robert Zarco <RZarco@zarcolaw.com>; Mary Nikezic <MNikezic@zarcolaw.com>; Robert Salkowski <RSalkowski@zarcolaw.com>
**Subject:** RE: Dickey's, et al. v. AAA, et al.

Ms. Nix,

Please be advised that G Six Consulting, LLC desires to appear at all hearings scheduled in this matter. Given that the arbitration hearing in the underlying case is not taking place until the end of April there is no basis for an emergency TRO to be entered. Should you insist on pressing forward with your TRO application tomorrow, please make the emergency Judge aware of this email and of our representation of G Six and desire to be heard. We are in the process of retaining local counsel. Thank you.

Robert

ROBERT M. EINHORN

ZARCO EINHORN SALKOWSKI, P.A.
One Biscayne Tower
2 S Biscayne Blvd 34th Floor
Miami, FL 33131
Office: 305.374.5418
Fax: 305.374.5428
Email: reinhorn@zarcolaw.com
Website: www.zarcolaw.com

---

**From:** Mary Nix <mnix@lynnllp.com>
**Sent:** Monday, March 31, 2025 6:29 PM
**To:** CarissaLangston@adr.org; tuchmanne@adr.org; Gary Leydig <gleydig@leydiglaw.com>; Himanshu Patel <HPatel@zarcolaw.com>; Robert Einhorn <REinhorn@zarcolaw.com>
**Cc:** Michael K. Hurst <MHurst@lynnllp.com>; Jamie Drillette <jdrillette@lynnllp.com>; Beverly Congdon <BCongdon@lynnllp.com>; Tonia Ashworth <TAshworth@lynnllp.com>; Mary Nix <mnix@lynnllp.com>; Amanda Alexander <AAlexander@lynnllp.com>
**Subject:** Dickey's, et al. v. AAA, et al.

All:

Attached is a courtesy copy of a lawsuit filed on Thursday which includes an application for injunctive relief, including a request for a Temporary Restraining Order. We intend to present the application for TRO to the court tomorrow. When we have more details, we let you know promptly.

We are preparing to file an amended application which will simply add the verification, and we will forward you a copy of the amended application and proposed TRO later today.

Thank you.

Regards,
Mary

**MARY GOODRICH NIX** | Partner
**LynnPinkerHurstSchwegmann**
Direct 214-981-3821
Cell 214-725-9342

***"Super Lawyer" - Texas Monthly***
***"Best Lawyers" Dallas – D Magazine***
***"Best Lawyers in America for Litigation – Labor and Employment"– Best Lawyers©***
***"500 Leading Corporate Employment Lawyers" in U.S.A. – Lawdragon***
***"500 Leading Civil Rights & Plaintiff Employment Lawyers" in U.S.A. - Lawdragon***
***"500 Leading Commercial Litigators" in U.S.A. - Lawdragon***