**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

DICKEY'S BARBECUE RESTAURANTS, INC., ROLAND DICKEY, JR., JEFFREY GRUBER, and DEBORAH LONGWORTH,

*Plaintiffs,*

v.

AMERICAN ARBITRATION ASSOCIATION, INC., GARY LEYDIG, and G SIX CONSULTING, LLC,

*Defendants.*

Case No. 3:25-CV-00789-B

---

**DEFENDANT G SIX CONSULTING LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY INJUNCTION AND PERMANENT INJUNTION**

---

**TO THE HONORABLE COURT:**

Defendant, G SIX CONSULTING, LLC ("G SIX"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby submits its Motion to Dismiss Plaintiffs, Dickey's Barbecue Restaurants, Inc., Roland Dickey, Jr., Jeffrey Gruber and Deborah Longworth's (collectively, "Plaintiffs") Amended Petition, Verified Application for Temporary Restraining Order, and Application for Temporary Injunction and Permanent Injunction,[1] and in support thereof, states as follows:

## I. <u>INTRODUCTION</u>

This action represents Plaintiffs' improper attempt to circumvent a pending arbitration between Plaintiff Dickey's Barbecue Restaurants, Inc. and Defendant G SIX CONSULTING, LLC

---

[1] In the event that the Court concludes that it has subject matter jurisdiction, G SIX respectfully requests that the Court set a briefing scheduling on Plaintiffs' Motion for Preliminary Injunction.

by seeking court intervention prior to the issuance of an arbitral award in direct contravention of the Federal Arbitration Act ("FAA"). To be clear, Plaintiffs' claims in this litigation stem entirely from an ongoing arbitration proceeding between Dickey's Barbeque Restaurants Inc. ("DBRI") and G SIX styled: *G Six Consulting, LLC vs. Dickey's Barbecue Restaurants, Inc.*, AAA Case No. 23-0004-5053, pending before the American Arbitration Association ("Arbitration Proceeding").

In the Arbitration Proceeding, which is governed by the FAA, Arbitrator Gary Leydig has issued rulings that have been unfavorable to DBRI with respect to pre-hearing depositions. Yet, DBRI's own counsel had agreed to such depositions at the outset of the Arbitration Proceeding. Rather than following well-established arbitration procedures for addressing such disputes, DBRI has improperly sought refuge in this Court asking it to intervene in matters that are exclusively within the Arbitrator's authority.[2] As articulated herein, this Court lacks subject matter jurisdiction over DBRI's claims in this litigation. And even if this Court had subject matter jurisdiction (which G SIX submits that it does not), DBRI has failed to state legally cognizable claims for abuse of process and breach of contract against G SIX.

For these reasons, G SIX's Motion to Dismiss should be granted with prejudice.

## II. <u>LEGAL ARGUMENT</u>

### A. This Court Lacks Subject Matter Jurisdiction Over this Action.

When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, "courts ***must*** consider the jurisdictional challenge first." *McCasland v. City of Castroville*, 478 F. App'x 860, 860 (5th Cir. 2012) (emphasis added). Federal courts "have an independent obligation to

---

[2] G SIX requests that the Court take judicial notice of the factual and legal inaccuracies plaguing Plaintiffs' Amended Petition. Its misrepresentations to this Court are consistent with the egregious manner in which DBRI has proceeded in the Arbitration Proceeding. Paragraphs 28–29 misrepresent the communications between the Arbitrator and the parties dated September 26, 2024. Specifically, Exhibit F of the Amended Petition contradicts Plaintiffs' factual assertion, as it clearly states ". . . . As with all matters, I am open to persuasion to the contrary but that is my understanding."

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Authority*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

The Federal Arbitration Act ("FAA"), which indisputably governs the underlying Arbitration Proceeding, does not provide for intervention or removal of arbitrators in an arbitration proceeding before the final award is issued. *Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co.*, 304 F.3d 476, 487 (5th Cir. 2002). ("The FAA does not provide for ***any*** court intervention ***prior*** to issuance of an arbitral award beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims that fall within the scope of the agreement even after the court determines some default has occurred."). "[T]he FAA appears not to endorse court power to remove an arbitrator for ***any*** reason prior to issuance of an arbitral award." *Id.* at 489–90 (emphasis added). Moreover, the FAA does not "authorize compensation by a court to parties in the form of damages prior to issuance of an arbitral award." *Id.*

Here, a review of Plaintiffs' prayer for relief reflects that Plaintiffs seek the following relief via this action: (a) actual and consequential damages; (b) exemplary damages; (c) pre-judgment and post-judgment interest; (d) costs of the suit, including court costs and attorneys' fees; and (e) temporary and permanent injunctive relief: (i) enjoining Defendants from seeking, imposing or purporting to compel pre-hearing depositions; (ii) enjoining Defendants from seeking, imposing

or other enforcing sanctions on Dickey's related to pre-hearing depositions; (iii) ordering the American Arbitration Association to remove Gary Leydig as Arbitrator in the underlying arbitration proceedings; and (iv) staying the arbitration pending resolution of this litigation. *See* Am. Pet. at 39. The relief requested by Plaintiffs[3], however, requires this Court to intervene in the underlying Arbitration Proceeding before the issuance of an award by the Arbitrator. Indeed, Plaintiffs' request demonstrates the exact "endless applications [to the courts] and indefinite delay" the FAA intended to prohibit. *Id.* at 492.

Indeed, "a court may not entertain disputes over the qualifications of an arbitrator to serve merely because a party claims that enforcement of the contract by its terms is at issue, unless such claim raises concerns rising to the level that the very validity of the agreement be at issue." *Id.* at 491. No doubt, Plaintiffs have asserted a breach of contract claim against G SIX in an attempt to manipulate the Court into entertaining their grievance in light of the Arbitrator's unfavorable rulings. Because the Amended Petition is rooted in "issues of compliance with grievance and arbitration procedure," this Court lacks subject matter jurisdiction over this litigation. As such, Plaintiffs' Amended Petition must be dismissed with prejudice and their Motion for Preliminary Injunction should be denied as moot. *Id.* at 487 (quoting *Livingston v. John Wiley & Sons, Inc.,* 313 F.2d 52, 62 (2d Cir.1963)).

### B. Plaintiffs Have Failed to State a Claim Against G SIX For Which Relief Can Be Granted.

G SIX moves for dismissal of Counts II and III under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)],

---

[3] Plaintiffs' Verified Application for Temporary Restraining Order and Application for Temporary Injunction and Permanent Injunction seeks to enjoin Defendants from "seeking, imposing, or purporting to compel pre-hearing depositions of the Non-Parties to this dispute." Am. Pet., 39. However, and as fully detailed above, the window for depositions in the Arbitration Proceeding closed on February 21, 2025. With the Final Hearing set for Monday, April 28, 2025, Plaintiffs' requested relief is moot.

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion but may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). To the extent that "an exhibit to a complaint contradicts an allegation in the complaint, the exhibit controls." *Stevenson v. Tocé*, 113 F.4th 494, 502–03 (5th Cir. 2024).

**i. Plaintiffs Cannot Maintain a Claim for Abuse of Process**.

In support of its claim for abuse of process, Plaintiffs generally allege that G SIX (along with the other Defendants) have made "illegal, improper or perverted use of such process" in the underlying Arbitration Proceeding. *See* Am. Pet., ¶ 84. Plaintiffs' claim fails as a matter of law.

"A claim for abuse of process requires: (1) an illegal, improper, or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act. *See Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex.App.-Dallas 2008, no. pet.). "The 'critical aspect' of an abuse of process claim is the improper use of process after it has been issued." *Martinez v. English*, 267 S.W.3d 521, 528 (Tex.App.-Austin 2008, pet. denied) (original emphasis) (quoting Preston Gate, LP, 248 S.W.3d at 897); *see also Blackstock v. Tatum*, 396 S.W.2d 463, 468 (Tex.Civ.App.-Houston 1965, no writ) (quoting Prosser on Torts, 3rd Ed., Sec. 115) ("Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its

authorized conclusion, even though with bad intentions.")" *Duffie v. Wichita Cnty.*, 990 F. Supp. 2d 695, 719–20 (N.D. Tex. 2013). Critically, "abuse of process consists not in the filing and maintenance of a civil action, but rather in the perversion of some process issued in the suit ***after its issuance***." Detenbeck, 886 S.W.2d at 481 (emphasis in original). "The focus is on the use of the process once it is properly obtained, not on the motive for originally obtaining the process." *Davis v. West*, 433 S.W.3d 101, 110 (Tex. App. Houston [1st Dist.] 2014, pet. denied).

Here, in support of its claim for abuse of process, Plaintiffs' allege that G SIX:

> made illegal, improper, or perverted use of such process by ***attempting*** to (1) coerce the Non-Parties into submitting to the jurisdiction of the AAA; (2) coerce DBRI into producing witnesses for depositions which it has no obligation to produce; and (3) improperly handicap DBRI's defense in the Arbitration Proceeding by pursuing and imposing or otherwise allowing death-penalty sanctions based on the unlawful deposition subpoenas.

Am. Pet., ¶ 84.

G SIX's alleged abuse of process acts merely involve its efforts to take the depositions of key witnesses, i.e., DBRI's current officers, directors or managing agents, in accordance with Scheduling Order No. 4—which was agreed upon by the parties at the outset of the Arbitration Proceeding. *See* Am. Pet., Ex. D, ¶¶ 9, 12. These acts were permissibly taken in maintenance of the Arbitration Proceeding.[4] As such, Plaintiffs' abuse of process claim fails as a matter of law because they have failed to allege, nor can they allege, facts capable of establishing that G SIX has "improperly used the process obtained in the [Arbitration Proceeding] to obtain a collateral

[4] In Paragraph 68 of the Amended Petition, Plaintiffs' misrepresent the legal authority cite to suggest corporations are only subject to 30(b)(6) depositions. However, what Dickey's conveniently omits from the *Karakis* Court's analysis is that the Court then went on to explain that "alternatively, the party seeking a corporate deposition may identify a specific officer, director, or managing agent to be deposed and notice that individual under Federal Rule of Civil Procedure 30(b)(1). A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV-COHN, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009)).

advantage not properly involved in the proceeding itself." *Amcrest Glob. Holdings Ltd. v. Bona Fide Masks Corp.*, No. CV H-22-3786, 2023 WL 3292896, at *21 (S.D. Tex. May 5, 2023). On top of this, Plaintiffs also fail to allege actual damages against G SIX other than those necessarily incident to participating in the Arbitration Proceeding—i.e. drafting responses to G SIX's motions and participating in status conferences. As such, Plaintiffs' abuse of process claim fails as a matter of law and should be dismissed with prejudice.

#### ii. Plaintiffs' Breach of Contract Claim Fails as a Matter of Law.

In support of its breach of contract claim, DBRI contends that G SIX breached the Franchise Agreement by seeking depositions that are disallowed under the FAA.[5] *See* Am. Pet.¶ 89. Because DBRI fails to, nor can it, cite to a single provision in the Franchise Agreement that G SIX purportedly breached, DBRI's claim fails as a matter of law.

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).[4] "A breach occurs when a party fails or refuses to do something ***he has promised to do***." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Here, DBRI alleges that G SIX breached the Franchise Agreement by "seeking depositions that are categorically disallowed under the FAA, and by harassing DBRI and its employees (the

[5] There is no authority for the proposition that depositions are "categorically disallowed" under the FAA. Am. Pet. ¶ 89. To the contrary, depositions routinely take place in arbitration cases. *See generally In re Poly-Am., L.P.*, 262 S.W.3d 337, 358 (Tex. 2008) (discussing the enforceability of limiting depositions in arbitration agreements governed by the FAA).

Non-Parties) in its improper pursuit of these depositions." Am. Pet., ¶ 89. DBRI, however, fails to cite a single provision in the Franchise Agreement that G SIX allegedly breached by seeking depositions in the Arbitration Proceeding. G SIX submits that such provision does not exist in the Franchise Agreement, which is precisely why DBRI cannot cite a single provision whatsoever in support of its claim. As such, because there is no contractual provision that supports DBRI's breach of contract claim, Count III must be dismissed with prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant, G SIX CONSULTING, LLC, respectfully requests that this Honorable Court enter an Order: (i) granting G SIX's Motion to Dismiss Amended Petition, Verified Application for Temporary Restraining Order, and Application for Temporary Injunction and Permanent Injunction with prejudice; and (ii) grant such other and further relief which the Court deems just and proper.

*[Remainder of Page Left Blank Intentionally]*

Respectfully submitted,

LEAL LAW FIRM
Abel A. Leal, Esq. (SBN 24026989)
*Local Counsel for Defendant*
9238 Moss Haven Drive
Dallas Texas 75231
Telephone: (214) 395-5325

and

ZARCO EINHORN SALKOWSKI, P.A.
*Counsel for Defendants*
*(Admitted Pro Hac Vice)*
One Biscayne Tower
2 South Biscayne Boulevard, 34th Floor
Miami, FL 33131
Telephone: (305) 374-5418

By: /s/ Himanshu M. Patel
ROBERT M. EINHORN
Florida Bar No. 858188
E-mail: reinhorn@zarcolaw.com
HIMANSHU M. PATEL
Florida Bar. No. 0267223
E-Mail: hpatel@zarcolaw.com
Secondary E-mail: acoro@zarcolaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 21, 2025, a true and correct copy of the foregoing was served on counsel of record according to the Federal Rules of Civil Procedure

By: *s/ Himanshu M. Patel*
Himanshu M. Patel