UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DICKEY'S BARBECUE RESTAURANTS, INC., ROLAND DICKEY, JR., JEFFREY GRUBER, and DEBORAH LONGWORTH,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-0789-B** |
| **AMERICAN ARBITRATION ASSOCIATION, INC., GARY LEYDIG, and G SIX CONSULTING LLC,** | § | |
| **Defendants.** | § | |

# ORDER

On April 1, 2025, Defendant G Six Consulting, LLC ("G Six") removed this action based on diversity and federal question jurisdiction. Doc. 1, Notice Removal, 3–4.

Once a case is removed from state court, the Federal Rules of Civil Procedure govern the action. FED. R. CIV. P. 81(c)(1). Under these Rules, "[a] request for a court order must be made by motion." FED. R. CIV. P. 7(b)(1). Here, Plaintiffs Dickey's Barbecue Restaurants, Inc.; Roland Dickey, Jr.; Jeffrey Gruber; and Deborah Longworth ("Plaintiffs") have not moved for remand or for a Temporary Restraining Order ("TRO").

First, Plaintiffs have not filed a motion to remand. The Court ordered G Six to explain why this case falls within the Court's subject-matter jurisdiction. While G Six alleged the amount in controversy exceeded $75,000 in its Notice of Removal, Doc. 1, Notice Removal, 4, it failed to allege complete diversity because it did not allege the citizenship of each of its members. The Court also found G Six failed to allege the Court had federal question jurisdiction. *See* Doc. 4, Order, 2–3. The

Court ordered G Six to address the deficiencies in establishing the Court's subject-matter jurisdiction. *See* Doc. 4, Order. G Six did so by alleging the citizenship of each of its members, which demonstrated complete diversity. Doc. 5, Def.'s Resp., 2. Plaintiffs filed a letter asserting G Six's Response to the Court's Show Cause Order "omitt[ed] any discussion of the amount in controversy." Doc. 6, Letter. But G Six alleged the amount in controversy in its Notice of Removal. Doc. 1, Notice Removal, 4. Regardless, the Court will not construe Plaintiffs' letter as a Motion to Remand.

Second, Plaintiffs' Petition seeks a temporary restraining order ("TRO"), but they did not file a motion requesting this relief. Doc. 1-2, 38[1]; FED. R. CIV. P. 7(b)(1). Therefore, the Court cannot grant a TRO because this request is not before the Court.

And even if Plaintiffs had moved for a TRO, the Court would lack jurisdiction to intervene. The Federal Arbitration Act ("FAA") provides district courts with limited authority to intervene in an arbitration before a final arbitration award is issued. *See Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 487 (5th Cir. 2002). Courts may intervene to determine "whether an agreement to arbitrate exists" and to compel "arbitration of claims that fall within the scope of the agreement." *Id.* Furthermore, a court may "intervene 'to select an arbitrator upon application of a party,' in three instances." *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 491 (5th Cir. 2012) (quoting 9 U.S.C. § 5).

Here, none of these circumstances apply. Plaintiffs bring breach of contract and abuse of process claims based on the Parties' underlying arbitration. Doc. 1-2, Pet., ¶¶ 75–90. Their Petition seeks to enjoin Defendants from enforcing sanctions and conducting depositions ordered in the arbitration. *Id.* ¶ 92. These claims do not fall within the narrow bounds in which a court may

---

[1] The numbers refer to the ECF pagination.

intervene. *See Gulf Guar. Life Ins. Co.*, 304 F.3d at 488. In *Gulf Guaranty*, the Fifth Circuit held the district court properly declined to reach the merits of the plaintiff's breach of contract, conspiracy, and malice claims. *Id.* Because these claims alleged a failure of the arbitration process before an award issued, they did not "fall within the ambit of a court's authority to enforce a valid arbitration agreement under the FAA." *Id.* (emphasis omitted); *see also Salas v. GE Oil & Gas*, 857 F.3d 278, 281 (5th Cir. 2017) ("Based on a court's limited authority under the FAA to intervene in the arbitral process prior to issuance of an award, . . . the district court lacked jurisdiction to withdraw its order compelling arbitration and reopen the case due to a default in the arbitral process." (quotations and alterations omitted)). Here, Plaintiffs likewise allege a failure of the arbitration process before the arbitrator has issued a final award. Doc. 1-2, Pet., ¶¶ 71–92. Accordingly, the Court lacks jurisdiction to intervene. *See Gulf Guar. Life Ins. Co.*, 304 F.3d at 488.

And to the extent the FAA's narrow grounds for intervention do not deprive this Court of jurisdiction, the Court would still not grant a TRO because Plaintiffs could not establish "a substantial likelihood of success on the merits." *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997) (noting a party seeking a TRO must establish "a substantial likelihood of success on the merits"). The Court finds Plaintiffs could not establish a substantial likelihood of winning their breach of contract and abuse of process claims because the claims "advance[] a challenge that essentially goes to the procedure of arbitration." *Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 452 (5th Cir. 2013). Because "[t]he law presumes that procedural questions are for an arbitrator to decide," Plaintiffs' procedural claims are unlikely to succeed. *See id.* (internal quotations omitted).

**SO ORDERED.**

**SIGNED: April 22, 2025.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**